

Marshall H. Fishman
+1 212 813 8851
MFishman@goodwinlaw.com

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York NY 10018

goodwinlaw.com
+1 212 813 8800

**COPY FOR YOUR INFORMATION**

November 11, 2019

**VIA E-MAIL**

David R. Lurie, Esq.
Law Office of David R. Lurie, PLLC
194 President Street
Brooklyn, NY 11231

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/15/19
```

Re:   *Ramchandani v. Citigroup, Inc., et al.*, **19-cv-09124 (VM)**

Dear Mr. Lurie:

We write on behalf of Defendants Citigroup, Inc., Citicorp LLC and Citibank, N.A. (collectively, "Citi") to identify deficiencies in the Complaint for malicious prosecution filed on behalf of Rohan Ramchandani ("Ramchandani") in the above-referenced action. In accordance with Judge Marrero's Individual Practice II.B, this letter sets forth the reasons that mandate dismissal of the Complaint. We request that you voluntarily dismiss the action, with prejudice, to avoid unnecessary motion practice.

### BACKGROUND

The Complaint is devoid of any factual and legal basis to maintain a malicious prosecution claim. As you know, the United States Department of Justice ("DOJ") investigated Ramchandani's role in the alleged conspiracy in the FX market with traders at several other banks. The DOJ then presented its case to a Southern District grand jury that indicted Ramchandani and the other traders. Thereafter, Ramchandani moved to dismiss the indictment and Judge Berman denied Ramchandani's motion. From the face of the Complaint, and the publicly filed documents, the DOJ — and not Citi — made the independent decision to prosecute your client. Accordingly, as a matter of law, the Complaint's allegations do not give rise to a viable claim that Citi "maliciously prosecuted" your client.

The Complaint fails to plead a single fact to establish that Citi overtook the "volition" of the DOJ as required to maintain a malicious prosecution claim against a civilian defendant. And any notion that Citi overtook the will of the DOJ is implausible and fails under the most basic Rule 8 pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring pleadings to state a claim that is "plausible on its face").[1]  As discussed herein, the Complaint's failure to plead the requisite elements of a malicious prosecution claim mandates dismissal.

---

[1] Each prosecutor in Ramchandani's criminal case was bound by the DOJ's Principles of Federal Prosecution, U.S. Dep't of Justice, *Justice Manual* § 9-27.000 (2018), which required them to conclude "that there is probable cause to believe that a person has committed a federal offense" (*id.* § 9-27.200), "that the admissible evidence will probably be sufficient to obtain and sustain a conviction" (*id.* § 9-27.220), and to make "a ***separate evaluation*** ... with respect to potentially liable individuals" (*id.* § 9-28.210 (emphasis added)).



David R. Lurie, Esq.
November 11, 2019
Page 2

## AUTHORITIES WARRANTING DISMISSAL

Malicious prosecution is a disfavored claim that is designed to combat "the perversion of proper legal procedures." *Rothstein v. Carriere*, 373 F.3d 275, 292 (2d Cir. 2004). To plead such a claim, the complaint must allege that: (i) the defendant initiated a prosecution against the plaintiff; (ii) the prosecution was terminated in the plaintiff's favor; (iii) the defendant lacked probable cause; and (iv) the defendant acted with malice. *Id.* at 282.

***The Complaint Fails to Allege that Citi Initiated a Prosecution.*** To allege that a civilian defendant initiated a prosecution, the complaint must plead facts establishing that the defendant affirmatively induced the prosecution and overtook the prosecutor's own volition. *Dantas v. Citigroup, Inc.*, No. 18-cv-2043, 2019 WL 2910682, at *5 (2d Cir. July 8, 2019). Recently, in *Dantas,* the Second Circuit rejected the allegations similar to those advanced here, and affirmed the dismissal of the complaint for malicious prosecution. The Court accepted the allegations of the complaint as true and stated:

> The facts alleged certainly do not establish that Citibank ***induced any law enforcement officer to act to the point where the officer [was] not acting of his own volition***. The mere fact that Citibank provided false information to the government is insufficient to conclude that Citibank initiated the prosecution, given that various other players, concerns, and sources of evidence contributed to the government's decision to prosecute Dantas. ***Because Citibank did not initiate a criminal proceeding against Dantas, Dantas fails to state a claim for malicious prosecution.***

*Id.* (emphases added) (alteration in original) (internal citations and quotation marks omitted).

Here, the Complaint fails to plead a single fact sufficient to make the implausible claim that Citi overtook the DOJ's independent volition. Based on the face of the Complaint, and public filings, the prosecution was commenced after nearly four years of independent investigation by the DOJ supported by cooperating witnesses from other financial institutions. Ramchandani's prosecution was commenced by a grand jury indictment signed by ten DOJ attorneys including senior members of the DOJ's Antitrust Division and then-US Attorney for the Southern District of New York, Preet Bharara. None of the Complaint's allegations that Citi leaked information to media outlets (*id.* ¶¶ 105-114), decoded chat communications for the DOJ (*id.* ¶¶ 6, 8, 23, 88, 168-170, 187-88), or assisted the DOJ in identifying relevant chatrooms (*id.* ¶¶ 164-165), rise to the level of Citi commandeering the federal government such that it was not acting of its own volition. *See Dantas*, 2019 WL 2910682, at *5-6 (to state a malicious prosecution claim, it must be alleged that a civilian defendant did more than merely report a crime to the police and cooperate in its prosecution).

***The Complaint Fails to Allege that the DOJ Lacked Probable Cause.*** As Judge Marrero held (sitting by designation on the Second Circuit), "[t]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York, and indictment by a grand jury creates a presumption of probable cause." *Delamota v. City of N.Y.*, 683 F. App'x 65, 66 (2d Cir. 2017) (affirming dismissal of a malicious prosecution claim on the pleadings). As Judge Marrero further observed, the presumption can be overcome "***only*** by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Id.* (emphasis added).



David R. Lurie, Esq.
November 11, 2019
Page 3

The Complaint pleads no facts sufficient to state a claim that Ramchandani's indictment was procured by fraud, perjury, suppression of evidence, or bad faith.[2] In fact, the Complaint's allegations that Citi "fabricated" a case for the DOJ (Compl. ¶ 5), or that it is "highly likely" Citi communicated with the DOJ regarding Ramchandani (id. ¶ 118), are virtually identical to allegations the Second Circuit has rejected as conclusory and insufficient to overcome the presumption of probable cause created by a grand jury's indictment. See Lewis v. City of N.Y., 591 F. App'x 21, 22 (2d Cir. 2015) (affirming dismissal of malicious prosecution claim and rejecting allegations that "the defendant officers *must* have fabricated evidence" as "insufficient to counter the presumption of probable cause, and to allow a court to draw the reasonable inference that the grand jury's indictment was a result of fraud or other misconduct." (emphasis in original)).[3]

***The Complaint Fails to Allege Malice.*** Malice must be "specifically allege[d]" to overcome the effect of the indictment. *Phillips v. City of Syracuse*, 84 A.D.2d 957, 957 (4th Dep't 1981), *aff'd*, 57 N.Y.2d 996 (1982) (affirming dismissal of malicious prosecution claim). To plead malice, plaintiffs must allege that defendants "commenced the prior criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served." *McGee v. Dunn*, 940 F. Supp. 2d 93, 102 (S.D.N.Y. Apr. 16, 2013) (denying reconsideration of dismissal of malicious prosecution claim and denying leave to amend). The Complaint is bereft of any specific misstatement, or of falsified evidence, that Citi provided to the DOJ that would have "affect[ed]" the DOJ's independent decision to prosecute Ramchandani. *See Lupski v. Cnty. of Nassau*, 32 A.D.3d 997, 998 (2d Dep't 2006) (affirming dismissal of malicious prosecution claim on the pleadings and rejecting allegations of lack of probable cause and actual malice).

In light of the foregoing, Ramchandani has no basis to advance a malicious prosecution claim. We ask that you dismiss the action with prejudice consistent with Judge Marrero's Individual Practices.

Very truly yours,

*Marshall Fishman*

Marshall H. Fishman

cc:  BY FACSIMILE (212-805-6382)
The Honorable Victor Marrero
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street, Suite 1040
New York, New York 10007

> The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by *defendant*.
>
> SO ORDERED.
>
> 11-15-19
> DATE
>
> VICTOR MARRERO, U.S.D.J.

---

[2] Moreover, because the presumption can be rebutted only by factual allegations of fraud, perjury, suppression of evidence or other bad faith conduct, the heightened pleading standards of Rule 9(b) should be applied. *See* Fed. R. Civ. P. 9(b).

[3] Probable cause is further established because Judge Berman denied Ramchandani's motion to dismiss the indictment. *U.S. v. Usher*, No. 17-cv-19 (RMB), 2018 WL 2424555, at *9 (S.D.N.Y. May 4, 2018) (denying Ramchandani's motion to dismiss the indictment). The denial of such a motion constitutes a separate judicial acknowledgement of "probable cause" further barring a malicious prosecution claim. *Brown v. City of N.Y.*, 306 F. Supp. 2d 473, 480 (S.D.N.Y. 2004) (Marrero, J.) (dismissing malicious prosecution claim where "indictment was reviewed by a State Supreme Court judge and found to be grounded on sufficient evidence to support the charges").