**GOODWIN**

Marshall H. Fishman
+1 212 813 8851
MFishman@goodwinlaw.com

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018

goodwinlaw.com
+1 212 813 8800



November 27, 2019

**VIA HAND**

The Honorable Victor Marrero
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street, Suite 1040
New York, New York 10007

**Re:   *Ramchandani v. Citigroup, Inc., et al.,* 19-cv-09124 (VM)**

Dear Judge Marrero:

We write on behalf of Defendants Citigroup, Inc., Citicorp LLC and Citibank, N.A. (collectively, "Citi"), pursuant to Your Honor's Individual Practice Rule II.B, to advise the Court that the parties have exchanged correspondence concerning Citi's anticipated motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and that Plaintiff Rohan Ramchandani ("Ramchandani") has declined to amend or withdraw his Complaint.  Copies of the parties' correspondence are included herewith.

Citi respectfully submits that, under controlling New York law, the Complaint fails to state a claim upon which relief can be granted, and as set forth herein, a motion to dismiss the Complaint is warranted.

## BACKGROUND

The Complaint's sole claim for relief, for malicious prosecution, arises out of Ramchandani's activities as an employee of Citi who traded in the foreign exchange ("FX") market.  Based on Ramchandani's conduct, in 2015, Citicorp pleaded guilty to a violation of the Sherman Act and paid more than $2.4 billion to resolve the Department of Justice's ("DOJ") prosecution as well as charges by other regulators.

The DOJ independently investigated Ramchandani and traders at three other banks for violation of the Sherman Act.  The DOJ presented its case to a grand jury in the Southern District which indicted Ramchandani and two traders at the other banks in January 2017.  In the ensuing criminal trial, Judge Berman of this District denied Ramchandani's motion to dismiss the indictment.  Thereafter, Ramchandani and the two other traders were tried and acquitted by a jury in October 2018.

Ramchandani now brings this case against Citi for malicious prosecution on the novel and implausible theory that Citi's cooperation with the DOJ in connection with Citicorp's guilty plea amounted to Citi's prosecution of Ramchandani.  The Complaint improperly confuses DOJ cooperation with actively overtaking and initiating the DOJ's prosecution, which would be required to state a malicious prosecution claim.  As counsel was advised through pre-motion correspondence, the Complaint is devoid of any legal or factual basis to maintain a malicious prosecution claim against Citi.

 **GOODWIN**

The Honorable Victor Marrero
November 27, 2019
Page 2

## <u>DISMISSAL IS WARRANTED</u>

Malicious prosecution is a disfavored claim that is designed to combat "the perversion of proper legal procedures." *Rothstein v. Carriere*, 373 F.3d 275, 292 (2d Cir. 2004). To plead such a claim, the complaint must allege that: (i) the defendant initiated a prosecution against the plaintiff; (ii) the prosecution was terminated in the plaintiff's favor; (iii) the defendant lacked probable cause; and (iv) the defendant acted with malice. *Id.* at 282.

**The Complaint Fails to Allege that Citi Initiated a Prosecution.** To allege that a civilian defendant initiated a prosecution, the complaint must plead facts that the defendant affirmatively induced the prosecution to the point of overtaking the prosecutor's volition. *Dantas v. Citigroup, Inc.*, No. 18-cv-2043, 2019 WL 2910682, at *5 (2d Cir. July 8, 2019). In *Dantas,* the Second Circuit rejected allegations similar to those advanced here, and affirmed the dismissal of a malicious prosecution claim. Accepting the allegations of the complaint as true, the Second Circuit held:

> The facts alleged certainly do not establish that Citibank ***induced any law enforcement officer to act to the point where the officer [was] not acting of his own volition***. The mere fact that Citibank provided false information to the government is insufficient to conclude that Citibank initiated the prosecution, given that various other players, concerns, and sources of evidence contributed to the government's decision to prosecute Dantas. ***Because Citibank did not initiate a criminal proceeding against Dantas, Dantas fails to state a claim for malicious prosecution***.

*Id.* (emphases added) (alteration in original) (internal citations and quotation marks omitted).

In his pre-motion correspondence, Ramchandani conceded that *Dantas* states the governing malicious prosecution standard under New York law but argued it lacks perfect factual congruence with the allegations advanced here. In fact, *Dantas* involved allegations that Citi engaged in a negative media campaign (*id.* at *1) and manipulated a congressional report that led to a prosecution (*id.* at *1, 5). The court held those allegations were insufficient because law enforcement remained "free to exercise their own independent judgment." *Id.*

The same is true here. The prosecution was undertaken by senior DOJ attorneys.[1] The government's case was supported by cooperating witnesses from other financial institutions, and a grand jury indicted Ramchandani. As a matter of law, none of the Complaint's allegations that Citi leaked information to media outlets (*id.* ¶¶ 105-114), decoded chatroom communications (*id.* ¶¶ 6, 8, 23, 88, 166, 168-170, 187-88) or assisted the DOJ in identifying relevant chatrooms (*id.* ¶¶ 164-165) rise to the level of Citi overtaking the DOJ's volition. *See Dantas*, 2019 WL 2910682, at *5-6 (to state a malicious prosecution claim, it must be alleged that a civilian defendant did more than merely report a crime to the police and cooperate in its prosecution).

---

[1]     The DOJ's indictment of Ramchandani bore the names of ten DOJ attorneys including senior members of the Antitrust Division and then-US Attorney for the Southern District, Preet Bharara. Each prosecutor was bound by the DOJ's Principles of Federal Prosecution (*Justice Manual* § 9-27.000 (2018)) to conclude "that there is probable cause to believe that a person has committed a federal offense" (*id.* § 9-27.200) "that the admissible evidence will probably be sufficient to obtain and sustain a conviction" (*id.* § 9-27.220), and to make "a separate evaluation . . . with respect to potentially liable individuals" (*id.* § 9-28.210).

 **GOODWIN**

The Honorable Victor Marrero
November 27, 2019
Page 3

Accordingly, the Complaint fails to satisfy the requisite "initiation of the prosecution" prong of a malicious prosecution claim.

***The Complaint Fails to Allege that the DOJ Lacked Probable Cause.*** As Your Honor held (sitting by designation on the Second Circuit), "[t]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York, and indictment by a grand jury creates a presumption of probable cause." *Delamota v. City of N.Y.*, 683 F. App'x 65, 66 (2d Cir. 2017) (affirming dismissal of a malicious prosecution claim on the pleadings). As Your Honor further observed, that presumption can be overcome "***only*** by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Id.* (emphasis added).

Ramchandani's pre-motion letter ignores both the grand jury's indictment and the denial of the motion to dismiss the indictment during his criminal trial. Moreover, the Complaint fails to allege facts to support a claim that Ramchandani's indictment was procured by fraud, perjury, suppression of evidence, or bad faith.[2] Allegations that Citi "fabricated" a case for the DOJ (Compl. ¶ 5), or that it is "highly likely" Citi communicated with the DOJ regarding Ramchandani (*id.* ¶ 118), are virtually identical to allegations the Second Circuit has rejected as insufficiently conclusory to overcome the presumption of probable cause created by a grand jury's indictment. *Lewis v. City of N.Y.*, 591 F. App'x 21, 22 (2d Cir. 2015) (rejecting allegations that "the defendant officers *must have* fabricated evidence" as "insufficient to counter the presumption of probable cause, and to allow a court to draw the reasonable inference that the grand jury's indictment was a result of fraud or other misconduct." (emphasis in original)).

Accordingly, the Complaint fails to satisfy the requisite "lack of probable cause" prong of a malicious prosecution claim.

***The Complaint Fails to Allege Malice.*** Malice must be "specifically allege[d]" to overcome the effect of the indictment. *Phillips v. City of Syracuse,* 84 A.D.2d 957, 957 (4th Dep't 1981), *aff'd,* 57 N.Y.2d 996 (1982) (affirming dismissal of malicious prosecution claim). To plead malice, the complaint must allege that defendants "commenced the prior criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served." *McGee v. Dunn*, 940 F. Supp. 2d 93, 102 (S.D.N.Y. Apr. 16, 2013) (denying reconsideration of dismissal of malicious prosecution claim and denying leave to amend).

In pre-motion correspondence, Ramchandani argued that Citi acted with malice through its cooperation with the DOJ. But Citi's cooperation was part of its own acceptance of a guilty plea for the very same conduct for which Ramchandani was indicted. And, in any event, the Complaint is bereft of any specific misstatement, or of falsified evidence that Citi allegedly provided to the DOJ that would have "affect[ed]" the DOJ's independent decision to prosecute Ramchandani. *See Lupski v. Cnty. of Nassau*, 32 A.D.3d 997, 998-99 (2d Dep't 2006) (affirming dismissal of malicious prosecution claim on the pleadings and rejecting allegations of lack of probable cause and actual malice).

Accordingly, the Complaint fails to satisfy the requisite "actual malice" prong of a malicious prosecution claim.

---

2       Because the presumption can be rebutted only by factual allegations of fraud, perjury, suppression of evidence or other bad faith conduct, the heightened pleading standards of Rule 9(b) should apply. *See* Fed. R. Civ. P. 9(b).

 **GOODWIN**

The Honorable Victor Marrero
November 27, 2019
Page 4

*          *          *

Citi respectfully submits that the Complaint fails to state a malicious prosecution claim. Pursuant to Your Honor's Individual Practices, a briefing schedule for a motion to dismiss should be set, and in the event that Citi's motion is granted, attorneys' fees should be awarded to Citi.

Respectfully submitted,

*Marshall H. Fishman*

Marshall H. Fishman

cc:    All counsel of record (*via* e-mail)

Enclosures

The Clerk of Court is directed to enter into the public record
of this action the letter above submitted to the Court by
defendant. Plaintiff is directed to
respond by 12-6-19 by letter not to
SO ORDERED. exceed three (3) pages

12-2-19

DATE          VICTOR MARRERO, U.S.D.J.