# LAW OFFICE OF DAVID R. LURIE, PLLC

*194 President Street*
*Brooklyn, New York 11231*

Phone: 347-651-0194
E-mail:david@davidlurielaw.com

December 6, 2019

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/23/19
```

The Honorable Victor Marrero
United States District Court
 for the Southern District of New York
500 Pearl Street, Suite 1040
New York, New York  10007

        Re:  Rohan Ramchandani v. Citgroup Inc., et al.,
             Civil Action No. 1:19-cv-9124-VM

Dear Judge Marrero:

      We write, on behalf of our client, Plaintiff Rohan Ramchandani, in response to Citi's November 27, 2019 letter to the Court. Plaintiff's allegations, many of which are drawn directly from statements by DOJ and Citi itself, amply state a claim for malicious prosecution under New York law.

      This Action arises out of knowing and materially false statements Citi made to the Government regarding Ramchandani's work as a foreign exchange ("FX") Spot market trader for Citi and his participation in a related "chatroom." The DOJ avowedly relied on Citi's false accounts in charging Ramchandani with felony violations of the United States antitrust laws.

      As Citi acknowledges (11/27/19 Letter, at 1), it pled guilty to a case grounded solely on putative misconduct by Ramchandani. Citi did so despite knowing Ramchandani was not culpable, as squarely stated by both a lawyer for the bank and Ramchandani's manager.

      Citi also told the sentencing court and regulators that Ramchandani was the sole supposed wrongdoer in the entire institution. Yet a former Citi trader who pled guilty to felonies recently testified before this Court that Citi knew he (unlike Ramchandani) engaged in serious Forex-related misconduct. Furthermore, during recent testimony before a court in the United Kingdom, a former Citi officer acknowledged that Citi did not pay $2.4 billion to the DOJ and other regulatory authorities solely on account of Ramchandani's alleged misconduct, as Citi suggests here.

      By formulating a case for the Government grounded solely on false allegations against Ramchandani (and eliding the actual wrongdoing of others), Citi avoided criminal liability for all of its other actual Forex Spot market misconduct; shielded itself from potentially catastrophic regulatory consequences; limited its civil liability; and served to insulate its senior management.

      Citi's counsel said Ramchandani was "collateral damage" from Citi's self-interested strategy, given that it rendered Ramchandani's indictment for the same putative criminal conduct all but inevitable. But after bringing a case against Ramchandani based on Citi's mendacious

assertions, DOJ was utterly unable to prove the charges at trial; Ramchandani was found not guilty after about four hours of deliberation.

Ramchandani pleas each element of a malicious prosecution claim, including: (i) commencement of a proceeding; (ii) the absence of probable cause; (iii) malice; and (iv) termination in plaintiff's favor.

Citi commenced the criminal proceeding. A defendant who "played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act" will bear malicious prosecution liability. *Lupski v. County of Nassau*, 32 A.D.3d 997 (2nd Dep't 2006) (relied upon by *Dantas v. Citgroup*, 779 Fed. Appx 16 (2nd Cir. 2019)).[1] Thus, liability lies if a defendant provides knowingly false information that the government relies upon in bringing a charge. *Id.* That is just what Ramchandani alleges.

According to Citi, it simply benignly "cooperated" with the Government. But Ramchandani alleges Citi directly induced DOJ to ground a case on a false account that Citi manufactured. As DOJ stated in its sentencing submission, it was "especially" reliant on Citi. Thus, DOJ relied on Citi to identify "only the most appropriate chatrooms and currencies." And, out of a plethora of chatrooms and traders, Citi identified Ramchandani and his chatroom.

DOJ also stated to the Court that, because the chat transcripts were jargon filled and referenced highly technical trading strategies, DOJ relied on Citi to "defin[e]" and "decod[e]" Ramchandani's chats, sometimes on a "line-by-line" basis. In sum, according to DOJ, it relied on Citi both to single out Ramchandani and to "decode" the putative meaning of the very statements forming the basis for DOJ's criminal charges, charges that could not be proven. Complaint ¶¶ 161-71.

Citi suggests this Court should ignore these more than sufficient allegations, which are grounded in documentary evidence. Instead, Citi asks the Court to accept its contention that, contrary to DOJ's *own account*, the Government did not actually rely on Citi's representations in formulating its failed case against Ramchandani. That, of course, is not appropriate on a motion to dismiss, upon which Plaintiff's allegations (and the government documents and Citi employee admissions he cites) are presumed to be true.

Ramchandani was prosecuted without probable cause. Citi's assertion Ramchandani has failed to plead the absence of probable cause is equally make weight. In *Delamota v. City of New York*, 683 Fed. Appx. 65 (2nd Cir. 2017), the Second Circuit stated that a malicious prosecution case will lie following the issuance of a grand jury indictment when the plaintiff proffers allegations of bad faith or knowing falsity. Ramchandani does just that. He alleges the "evidence" Citi provided to DOJ, which the government used to formulate its defective case, was knowingly fabricated, and was therefore the product of bad faith.

---

[1] We have previously demonstrated the facts and holdings of *Dantas* and *Delamota, infra,* the two Second Circuit precedents on which Citi places primary reliance, are wholly inapposite (11/20/19 Letter, at 2-3).

The Complaint quotes Ramchandani's manager and a Citi in-house lawyer, each of whom were responsible for reviewing Ramchandani's conduct on behalf of the bank; each volunteered that Ramchandani did not engage in intentional wrongdoing, let alone misconduct that could give rise to criminal antitrust liability. The Citi lawyer was so confident in Ramchandani's lack of culpability that he recommended him for a job in the FX industry. Complaint ¶¶ 129-35. Citi asserts the Complaint lacks allegations of knowing falsity. Yet, as alleged therein, the manager stated to Ramchandani: "Citi facilitated the criminal charges by testifying in writing to the government that you were the single and sole violator of Citi's rules and that you committed a criminal act which they pled guilty to. This wasn't true at the time and certainly isn't with further evidence that has come through since the time of the plea." Complaint ¶ 195.[2]

According to Citi, Ramchandani fails to allege Citi "communicated with the DOJ." This is at odds with DOJ's avowed reliance on Citi in building its (failed) case. Citi also claims there are no allegations of bad faith; but Citi's own employees have denied Citi found that Ramchandani engaged in the wrongful conduct that Citi purported to "decode" for the government; that is the *sine qua non* of bad faith.

Citi also contends there was probable cause because the trial court denied a motion to dismiss the charges against Ramchandani; yet, in its decision, the trial court expressly assumed that the allegations recited in the indictment were true.[3] Those allegations were grounded on Citi's false "decodings," and a jury thereafter readily rejected those allegations at trial. A ruling grounded on false, and later rejected, allegations does nothing to establish probable cause.

Citi acted with malice. Plaintiff amply alleges that Citi acted with malice, i.e., for the purpose of self-interest, not the furtherance of justice. By pleading to a charge based solely on supposed misconduct attributed to Ramchandani, Citi (i) avoided any further criminal charges, (ii) drastically limited its civil litigation damages exposure; (iii) maintained its lucrative regulatory licenses; and (iv) provided Citi's senior management with substantial protection from potential liability.

Citi's calculated targeting of Ramchandani further evinces its malicious purpose. Upon firing Ramchandani, Citi implemented a scheme to "dirty" him up as a putative wrongdoer. Citi's PR department systemically leaked a statement identifying Ramchandani as being at the "center" of a potentially criminal scheme. Citi likewise called law enforcement authorities to plant suggestions that Ramchandani had been fired for wrongdoing. Citi went on to provide DOJ with "cooperation" constituting the framing of Ramchandani, leading up to Citi's own plea to a case grounded solely upon Ramchandani's putative misconduct, followed by the inevitable indictment of Ramchandani, whom Citi's lawyer described as "collateral damage."

---

[2] Citi asserts, absent support, that Fed. R. Civ. P. 9(b) applies here; in any event, Ramchandani has pled Citi's bad faith misconduct with particularity.

[3] *United States v. Usher*, 17 Cr. 19 (RMB), 2018 U.S. Dist. LEXIS 88602, at *7 (May 4, 2018).

Sincerely,

*David R. Lurie*

David R. Lurie

cc: Marshall H. Fishman, Esq. (via email)

> The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Plaintiff.
>
> SO ORDERED.
>
> 12-20-19
> DATE     VICTOR MARRERO, U.S.D.J.