May 26, 2021

**VIA ECF**

The Honorable Victor Marrero
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street, Suite 1040
New York, New York 10007

Re:     _Ramchandani v. Citigroup, Inc., et al._, 19-cv-09124 (VM)

Dear Judge Marrero:

The parties write jointly on behalf of Plaintiff Rohan Ramchandani ("Ramchandani" or "Plaintiff") and Defendants Citigroup Inc., Citicorp LLC and Citibank, N.A. (collectively, "Citi" or "Defendants"), pursuant to Your Honor's Order dated April 26, 2021 (the "April 26 Order"). The parties met and conferred between May 20-26, 2021 pursuant to Federal Rule of Civil Procedure 26(f). The details of the plan of discovery that the parties have agreed upon are below with the Case Management Plan annexed as Exhibit A.

I.    **Brief Description of the Case, Including the Factual and Legal Bases for the Claim(s) and Defense(s)**

a.    _Plaintiff's brief description of the case and the factual and legal basis for his claim_

Ramchandani brings this action against Defendant Citibank, N.A., his former employer, and the other Defendants. The Complaint alleges one count of malicious prosecution stemming, among other things, from Citi's disclosure of information about Ramchandani to, and other communications with, the United States Department of Justice ("DOJ") in connection with an investigation into a purported criminal antitrust conspiracy arising out of Ramchandani's role as trader in foreign currency exchange spot markets (the "FX Spot markets"), and specifically the Euro/Dollar ("EUR/USD") FX Spot market, on behalf of Citi.

As detailed in the Complaint herein, Ramchandani alleges, among other things, that (i) Citi made materially misleading statements regarding Ramchandani, and provided materially misleading accounts of Ramchandani's conduct, to the DOJ, which played an actionable role in the commencement of the DOJ's putative criminal case against Ramchandani; (ii) Citi knew that the statements and accounts it provided were materially misleading and that Ramchandani had not engaged in criminal antitrust violations; and (iii) Citi acted with malice, within the meaning of governing law. Including by falsely identifying Ramchandani (whom Citi knew was not culpable for a criminal antitrust violation) as the single purported wrongdoer within Citi, thereby, among other things, diverting attention from other actually culpable conduct within Citi. Ramchandani alleges that the foregoing renders Citi liable for malicious prosecution, and (among other things) attendant actual and exemplary damages, under governing law.[1]

---

[1] The Court's April 26 Order did not call for the parties to submit extensive legal arguments and factual assertions (or responses thereto). Accordingly, Ramchandani will not be responding to the various arguments and assertions set forth in Citi's "Statement of Defenses" below, unless so directed by the Court.

The Honorable Victor Marrero
May 26, 2021
Page 2

### b. Defendants' brief description of the case and the factual and legal basis for its defenses

The Complaint's sole claim is for malicious prosecution. To maintain this claim against a civilian defendant, Ramchandani bears the burden to prove that: Citi overtook the volition of the DOJ such that Citi "in effect" initiated the prosecution against Ramchandani, the prosecution was without probable cause, and Citi acted with malice. The Complaint's allegations (accepted as true at the pleading stage), were based on speculation and innuendo. The indisputable material facts, however, will foreclose each element of Ramchandani's claim, and at the close of discovery, will compel the grant of summary judgment in Citi's favor dismissing the Complaint.

*          *          *

<u>Citi did not initiate a prosecution.</u> As a matter of public record, Citi, along with JPMorgan Chase & Co., Barclays PLC and the Royal Bank of Scotland, were investigated by the DOJ regarding the trading of currencies in the FX market. The DOJ's scrutiny of alleged FX market manipulation began in September 2013 when another bank — UBS AG ("UBS") — approached the DOJ and sought leniency under DOJ guidelines by self-disclosing "evidence of potential collusion" involving numerous other banks. Public court filings by the DOJ indicate that UBS' leniency application provided scores of significant in-person or telephonic meetings, and synthesized factual information for the DOJ which "led to" the prosecutions of Citi and the other banks.

Early in its investigation, the DOJ focused on "chat rooms" that were sometimes referred to by its participants — Ramchandani and the three traders at other banks — as the "Cartel," the "Mafia," and the "Dream Team" (the "Chatrooms"). The DOJ relied heavily upon one of the traders employed first by Barclays and then by UBS — Matthew Gardiner ("Gardiner") — who cooperated with the DOJ in its investigation, and who then testified extensively at the trial of Ramchandani and two other traders as to the meaning of the communications in the Chatrooms. Gardiner testified, among other things, that he, Ramchandani and the other traders had an agreement to "coordinate [their] trading." (Trial Tr. 406:8-19, 633:9-15.)

The trial record will demonstrate that Citi was not a supporting witness for the DOJ with regard to Ramchandani's chatroom communications at Ramchandani's trial. The DOJ's prosecution of Ramchandani and the other traders was supported almost entirely by Gardiner, the DOJ's own independent analysis of trading records, and the traders' chatroom communications. Gardiner interpreted the traders' communications for the jury. The DOJ did not rely upon Citi witnesses to "decode" any of Ramchandani's communications at trial as the Complaint alleges (*see, e.g.*, ¶ 187). Nor did the DOJ reference any evidence from Citi during its opening statement or summation.

Thus, Citi was not a complaining witness regarding the DOJ's FX investigation or a complainant against Ramchandani or any of the traders. Citi was itself prosecuted by the DOJ (and other regulators) and ultimately entered a guilty plea based on the charge of conspiracy to violate the Sherman Act largely due to Ramchandani's conduct, which resulted in Citi's payment of more than $2.4 billion in fines to various regulators. The undisputed public submissions by the DOJ will confirm that Citi initiated no action against Ramchandani and instead, years after Citi's guilty plea, the DOJ independently prosecuted Ramchandani and two other traders for the alleged conspiracy among them.

The evidence will also show that Citi did not fabricate evidence or knowingly make a false statement to the DOJ as the Complaint alleges. To the contrary, the evidence will show that Citi

The Honorable Victor Marrero
May 26, 2021
Page 3

cooperated with the DOJ through its lawyers at Cleary Gottlieb Steen & Hamilton LLP, including Lev Dassin, a former Acting United States Attorney for the Southern District of New York and Jonathan Kolodner, a former Acting Chief of the Criminal Division and Chief of the Complex Frauds Unit of that Office.  Citi truthfully provided factual information to the DOJ, including Ramchandani's own proffer of exculpatory evidence through his counsel.[2]

As for the Complaint's allegations that — notwithstanding Gardiner's admissions — Ramchandani's chatroom communications were benign, those allegations have now been categorically rejected by a United Kingdom Employment Tribunal where Ramchandani brought claims against Citi for unfair dismissal.  That Tribunal determined that Ramchandani's chats were improper, constituted "culpable acts of misconduct in breach of his contract of employment," and that Ramchandani "was not dismissed as a scapegoat" but because of his chats which violated Citi policies.  Ramchandani is collaterally estopped from challenging these findings.

In short, the indisputable evidence will demonstrate that Citi did not initiate a prosecution against Ramchandani by overtaking the volition of the DOJ, and that Citi did not in any way make a knowing, false statement to the DOJ.  Ramchandani will fail to sustain his burden to prove otherwise.

<u>Ramchandani Cannot Overcome the Presumption of Probable Cause</u>.  As part of Ramchandani's theme, the Complaint alleges that Citi "fabricated an antitrust case" for the DOJ.  (Complaint, ¶ 5.)  The Complaint identified no such allegedly fabricated evidence and Ramchandani will be unable to prove this naked assertion.  The law is inviolate: In the absence of any showing of fraud, perjury, or bad faith, the grand jury's indictment of Ramchandani (and the two other traders) creates a presumption of probable cause that is a complete defense to Ramchandani's malicious prosecution claim.

The prosecution resulted solely from the DOJ's independent determination of wrongdoing concerning those traders, and after a federal grand jury independently determined probable cause to indict them.  Citi did not (and could not) have influenced that determination.  Ramchandani will be unable to make the requisite factual showing to rebut the presumption of probable cause.

<u>Citi did not act with malice</u>.  As noted above, Citi did not seek out the DOJ or initiate an action against Ramchandani.  It cooperated fully and truthfully with the DOJ.  Based largely upon Ramchandani's conduct in the Chatrooms — which violated Citi policies as already determined — Citi accepted a guilty plea and paid over $2.4 billion in fines to various regulators.  Ramchandani will not be able to prove that any action taken by Citi was out of malice.

*         *         *

At the close of discovery, the undisputed record evidence will show that Citi did not overtake the volition of the DOJ and initiate a prosecution against Ramchandani, did not provide false, perjured or bad faith evidence to the DOJ necessary to rebut the presumption of probable cause afforded by the grand jury indictment, and did not act out of malice towards Ramchandani.  The malicious prosecution claim is devoid of any factual or legal basis.

---

[2]     Ramchandani, through his counsel, declined to be interviewed by the DOJ, and Citi's lawyers instead presented his position on factual issues to the DOJ.

The Honorable Victor Marrero
May 26, 2021
Page 4

## II.   Contemplated Motions

### *Plaintiff's Contemplated Motions*

At this time, Ramchandani anticipates that he may bring a motion for summary judgment following the close of discovery, in accordance with the case management order annexed hereto at Exhibit A (the "Proposed Order").

### *Defendants' Contemplated Motions*

Citi anticipates making a motion for summary judgment at the conclusion of discovery in accordance with the Proposed Order.[3]

## III.   Prospect for Settlement

As of the date of this letter, there have been no settlement discussions between the parties.

## IV.   Agreement to Proceed Before Magistrate Judge

The parties do not consent to proceed for all purposes before Magistrate Judge Aaron.

---

[3]   The parties do not wish to proceed to trial on the merits of the dispute in accordance with the expedited trial procedure provided for in Part VI.A of Your Honor's Individual Practices.

The Honorable Victor Marrero
May 26, 2021
Page 5

Respectfully submitted,

| **LAW OFFICE OF DAVID R. LURIE, PLLC** | **GOODWIN PROCTER LLP** |
|---|---|

By: /s/ David R. Lurie                                 By: /s/ Marshall H. Fishman
David R. Lurie                                                        Marshall H. Fishman
194 President Street                                             Samuel J. Rubin
Brooklyn, New York 11231                                  William J. Harrington
Telephone:  (347) 651-0194                              Lindsay E. Hoyle
david@davidlurielaw.com                          The New York Times Building
                                                                          620 Eighth Avenue
                                                                          New York, NY 10018
                                                                          Telephone:   (212) 813-8800
                                                                          Facsimile:    (212) 355-3333
                                                                          mfishman@goodwinlaw.com
                                                                          srubin@goodwinlaw.com
                                                                          wharrington@goodwinlaw.com
*Counsel for Plaintiff*                                        lhoyle@goodwinlaw.com

                                                                          *Counsel for Defendants*

cc:      All counsel of record (*via* e-mail)

Enclosure

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                 :
                                 :
                Plaintiff(s),  :
                                 :               19     Civ. 09124     (VM)
        - against -         :
                                 :      **CIVIL CASE MANAGEMENT PLAN**
                               :        **AND SCHEDULING ORDER**
               Defendant(s).  :
-----------------------------------------------------------------------X

This Scheduling Order and Case Management Plan is adopted in accordance with Fed. R. Civ. P. 16-26(f).

1.     This case (is)(is not) to be tried to a jury: [circle one]

2.     Joinder of additional parties to be accomplished by June 25, 2021 .

3.     Amended pleadings may be filed without leave of the Court until June 25, 2021 .

4.     Initial disclosure pursuant to Fed. R. Civ. P. 26(a)(1) to be completed within fourteen (14) days of the date of the parties' conference pursuant to Rule 26(f), specifically by not later than June 9, 2021 .

5.     All fact discovery is to be completed either:

     a.     Within one hundred twenty (120) days of the date of this Order, specifically by not later than October 1, 2021 ; or

     b.     Within a period exceeding 120 days, with the Court's approval, if the case presents unique complexities or other exceptional circumstances, specifically by not later than .

6.     The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided the parties are certain that they can still meet the discovery completion date ordered by the Court.

     a.     Initial requests for production of documents to be served by June 9, 2021 .

     b.     Interrogatories to be served by all party by June 9, 2021 .

     c.     Depositions to be completed by October 1, 2021 .

          i.     Unless the parties agree or the Court so orders, depositions are not to be held until all parties have responded to initial requests for document production.

          ii.     Depositions of all parties shall proceed during the same time.

          iii.     Unless the parties agree or the Court so orders, non-party depositions shall follow party depositions when possible.

    d.    Any additional contemplated discovery activities and the anticipated completion date:

_____

_____

    e.    Requests to Admit to be served no later than <u>October 25, 2021</u>       .

7.    All <u>expert</u> discovery (ordinarily conducted following the completion of fact discovery) including parties' expert reports and depositions, witness lists and identification of documents pursuant to Fed. R. Civ. P. 26(a)(2), (3) and 35(b), is to be completed by:[1]

    a.    Plaintiff _____.

    b.    Defendant _____.

8.    Contemplated motions:

    a. Plaintiff: <u>Summary Judgment</u>_____

    b. Defendant: <u>Summary Judgment</u>_____

9.    Following all discovery, all counsel must meet for at least one hour to discuss settlement, such conference to be held by not later than <u>December 1, 2021</u>_____.

10.    Do all parties consent to trial by a Magistrate Judge under 28 U.S.C. § 636(c)?

            Yes _____ ☐ _____        No _____ ☑ _____

---------------------------------------------------------------------------------------------------

**TO BE COMPLETED BY THE COURT:**

11.    The next Case Management Conference is scheduled for _____.

       In the event the case is to proceed to trial, a firm trial date and the deadline for submission of the Joint Pretrial Order and related documents shall be scheduled at the pretrial conference following either the completion of all discovery or the Court's ruling on any dispositive motion.

       The Joint Pretrial Order should be prepared in accordance with Judge Marrero's Individual Practices. If this action is to be tried before a jury, proposed voir dire and jury instructions shall be filed with the Joint Pretrial Order. No motion for summary judgment shall be served after the deadline fixed for the Joint Pretrial Order.

**SO ORDERED:**

DATED:    New York, New York

       _____

                             _____

                             VICTOR MARRERO
                             U.S.D.J.

---

1.    The parties continue to meet and confer regarding the dates for exchanging expert reports and will advise the Court regarding a proposed date for exchange once the parties have determined the scope and nature of anticipated expert submissions.