

Marshall H. Fishman
+1 212 813 8851
MFishman@goodwinlaw.com

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018

goodwinlaw.com
+1 212 813 8800

September 21, 2021

<u>**VIA ECF**</u>

Hon. Victor Marrero
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:  *<u>Ramchandani v. Citigroup Inc.</u>*, **19 Civ. 9124 (VM)**

Dear Judge Marrero:

     We represent Defendants Citigroup Inc., Citicorp LLC, and Citibank, N.A. (collectively, "Citi") in the above-captioned action.  In accordance with Your Honor's Individual Practices, we respectfully seek an order under Federal Rule of Criminal Procedure 6(e) permitting the United States Department of Justice ("DOJ") to provide certain discovery concerning the grand jury proceedings that resulted in the indictment of Plaintiff Rohan Ramchandani ("Ramchandani") in *United States v. Usher et al.*, 17 Cr. 019 (RMB) (the "Indictment").

**I.     Background**

     An essential element of Ramchandani's claim for malicious prosecution is that Citi's alleged false statements tainted the grand jury's determination of probable cause to indict him for violation of the criminal antitrust laws.  *See Rothstein v. Carriere*, 373 F.3d 275, 283 (2d Cir. 2004) ("in order for a plaintiff to succeed in a malicious prosecution claim after having been indicted, he must establish that the indictment was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." (citations omitted)).  Absent fraud or other misconduct, the grand jury's determination of probable cause is a "complete defense" to a malicious prosecution claim.  *Nunez v. Diedrick*, No. 14-CV-4182 (RJS), 2017 WL 2257350, at *7 (S.D.N.Y. May 19, 2017) ("the existence of probable cause is a complete defense to a claim of malicious prosecution in New York."), *aff'd*, 735 F. App'x 756 (2d Cir. 2018).

     Ramchandani alleges that the DOJ presented evidence to the grand jury that was fabricated by Citi and that he can overcome the legal presumption that the grand jury properly found probable cause because Citi's false statements procured the Indictment.  (Compl. ¶ 179.)  The indictment of Ramchandani and two traders at other banks focused on "chatrooms" the traders created and the chats they engaged in by which they allegedly coordinated their trading in violation of the antitrust laws.

     Based on materials submitted at Ramchandani's criminal trial, it was a former trader from another bank who participated in Ramchandani's chatroom, Matthew Gardiner ("Gardiner"), who testified against Ramchandani before the grand jury and provided the essential facts that formed the basis of the



Hon. Victor Marrero
September 21, 2021
Page 2

Indictment.[1]  Citi also expects that the evidence would also show that Citi did not testify before the grand jury, let alone "decode" chats for the grand jury.

Given the centrality of the grand jury proceedings, Citi followed the applicable *Touhy* procedures to request narrowly tailored discovery from the DOJ.  *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).  Copies of Citi's July 7, 2021 and September 8, 2021 *Touhy* requests are annexed hereto as Ex. A.  Citi's *Touhy* requests seek, among other things, either transcripts of applicable testimony or confirmation by a DOJ witness that no testimony exists that fits the following categories:

- Grand jury testimony by Matthew Gardiner;[2]

- Grand jury testimony (or the lack thereof) by a Citi representative or employee;

- Grand jury testimony (or the lack thereof) concerning Citi's guilty plea in *United States v. Citicorp*, 15 Cr. 78 (SRU) (D. Conn.);[3] and

- Grand jury testimony (or the lack thereof) about Citi's statements to the United States Securities and Exchange Commission ("SEC") concerning Ramchandani.[4]

The DOJ has informed Citi that it would need a Rule 6(e) order from the Court authorizing the disclosures pertaining to information presented or not presented to the grand jury.  Accordingly, Citi makes the instant application.

**II.    Discussion**

Grand jury proceedings generally enjoy a presumption of secrecy, but this rule admits of exceptions that have "developed historically alongside the secrecy tradition."  *See Craig v. United States*, 131 F.3d 99, 102 (2d Cir. 1997).  "[D]istrict courts, as part of their supervisory authority over the grand juries they have empaneled, are explicitly given the discretion to determine whether, if one or more of the listed exceptions to grand jury secrecy apply, disclosure of records is appropriate.  *Id.*  These exceptions to grand jury secrecy are "codified in Rule 6(e)(3)."  *Id.*

---

[1]     Gardiner also "decoded" the chats at Ramchandani's criminal trial and testified, among other things, that he and Ramchandani had an agreement to coordinate their trading to profit from the FX fixings and that he initiated the investigation into Ramchandani's chatroom in order to gain leniency.  *See United States v. Usher et al.,* 17 Cr. 019 (RMB) (S.D.N.Y.), ECF No. 217 at Tr. 406, 413-415, 546.

[2]     Filings in the Ramchandani criminal case make it clear that Gardiner testified before the grand jury.  *See, e.g.*, *United States v. Usher et al.*, 17 Cr. 019 (RMB) (S.D.N.Y.), ECF No. 223, at Tr. 846:19-25 (Gardiner testifying regarding his grand jury testimony); *id*. ECF No. 225 at Tr. 1049:3-11 (same); *id*. ECF No. 127-1 (redacted grand jury testimony by a "Witness A" on May 5, 2016); *id.* ECF No. 127 at ¶¶ 2, 8 (affidavit stating that Witness A was the Government's anticipated cooperating witness at trial); *id.* ECF No. 127-4, at 1 (Bloomberg chat transcript identifying Witness A as a UBS trader).

[3]     *See* Compl. ¶¶ 11-16 (alleging that Citi tried to limit the plea to only Ramchandani's conduct).

[4]     *See* Compl. ¶ 12 (alleging what Citi stated to the SEC).



Hon. Victor Marrero
September 21, 2021
Page 3

Rule 6(e)(3)(E)(i) provides that a district court may authorize disclosure "preliminarily to or in connection with a judicial proceeding." Disclosure is warranted where the grand jury material sought "is needed to avoid a possible injustice in another judicial proceeding, … the need for disclosure is greater than the need for continued secrecy, and … [the] request is structured to cover only material so needed." *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979); see also *In re Grand Jury Subpoena*, 103 F.3d 234, 239 (2d Cir. 1996).

    A.    <u>The Requested Disclosures Are Necessary To Avoid A Possible Injustice</u>.

Citi's application plainly meets the necessity prong set forth in *Douglas Oil* because the requested disclosures are "highly germane to [the] claims" as alleged here. *Palmer v. Est. of Stuart*, 02 Civ. 4076 (LTS), 2004 WL 2429806, at *4 (S.D.N.Y. Nov. 1, 2004) (granting plaintiff access to grand jury transcripts in section 1983 suit for false arrest and imprisonment). The grand jury testimony sought here involving Gardiner, and the requested evidence about the expected lack of any Citi testimony, are the best evidence to show that Citi did not procure the Indictment, let alone that it did so by fraud or misconduct.

Fundamental fairness also warrants disclosure of the requested grand jury information. Ramchandani's criminal counsel received copies of grand jury testimony early in the criminal proceeding.[5] Having received that testimony, Ramchandani's criminal defense attorney identified *Gardiner* as the person "who the government has *truly relied on* in terms of bringing this case."[6] Ramchandani's admission then is directly at odds with his false contention in this lawsuit that it was Citi who "fabricated" the DOJ's case against him through alleged and unspecified misstatements.[7]

    B.    <u>The Need For Disclosure Is Greater Than The Need For Continued Secrecy</u>.

None of the reasons usually invoked to justify continued grand jury secrecy warrant denying Citi's request. Typical reasons for grand jury secrecy include preventing the escape of fugitives and protecting grand jurors or witnesses from undue influence. *See Douglas Oil*, 441 U.S. at 219 n.10. Here, the investigation is long over and the weight of these concerns has faded. *See Colon v. City of New York*, No. 12-CV-9205 (JMF), 2014 WL 5026140, at *2 (S.D.N.Y. Sept. 30, 2014) ("the interest in secrecy is weakened where, as here, 'the underlying trial is long over.'"). Further, much of what Citi requests, including Gardiner's testimony, was already disclosed to Ramchandani in the criminal case.[8]

---

[5]    In a September 6, 2017 conference, the DOJ stated that it had produced "the grand jury transcript for the co-conspirator" as part of its *Brady* productions in Ramchandani's criminal case. *See United States v. Ramchandani*, 17 Cr. 019 (RMB) (S.D.N.Y.), ECF No. 57, Tr. at 14:24-11.

[6]    *See id.*, ECF No. 93 at Tr. 15:5-17 (emphasis added) (transcript of proceedings on March 26, 2018).

[7]    S*ee, e.g.*, Compl. ¶¶ 1, 5, 179, 183, 196.

[8]    *See United States v. Usher et al.*, 17 Cr. 019 (RMB) (S.D.N.Y.), ECF No. 127, ¶ 2 (stating that the Government produced Witness A's grand jury testimony in the criminal case).



Hon. Victor Marrero
September 21, 2021
Page 4

       C.      <u>The Request Is Narrowly Tailored</u>.

      Citi has narrowly tailored its request.  It does not request the complete grand jury record.  Instead, Citi requests evidence as to whether any Citi representative testified in the grand jury or whether any witness told the grand jury about Citi's guilty plea or its statements to the SEC that the Complaint highlights. Citi also seeks the transcript of Gardiner, as he was the key cooperating witness whose testimony actually led to Ramchandani's Indictment.  Because Citi's request is "structured to cover only the material [needed]," the Court should grant Citi's application.  *See Colon*, 2014 WL 5026140, at *2.

\* \* \*

      Defendants respectfully request that the Court issue an order pursuant to Federal Rule of Criminal Procedure 6(e) permitting the DOJ to provide the grand jury information requested herein.  We have copied the attorneys at the DOJ and the United States Attorney's Office for the Southern District of New York with whom we have been discussing the need for a Federal Rule of Criminal Procedure 6(e) order.

Respectfully submitted,

/s/ <u>Marshall H. Fishman</u>

Marshall H. Fishman

cc:    David Lurie, Esq. (via ECF)
        Sarah Oldfield, Esq. (via e-mail)
        Jeffrey Oestericher, Esq. (via e-mail)