# EXHIBIT A



| | |
|---|---|
| Marshall H. Fishman | Goodwin Procter LLP |
| +1 212 813 8851 | The New York Times Building |
| MFishman@goodwinlaw.com | 620 Eighth Avenue |
| | New York, NY  10018 |
| | |
| | goodwinlaw.com |
| | +1 212 813 8800 |

July 7, 2021

**VIA E-MAIL**

Sarah Oldfield, Esq.
U.S. Department of Justice
Antitrust Division
950 Pennsylvania Avenue, N.W.
Room 3311
Washington, DC 20530

Re:     ***Touhy* Request**
        ***Ramchandani v. Citigroup, Inc. et al.*, No. 19 Civ 9124 (VM)**

Dear Ms. Oldfield:

We represent Defendants Citigroup, Inc., Citicorp and Citibank, N.A. in the above-captioned action.  Pursuant to 28 C.F.R. § 16.21-.29, this letter serves as a formal demand for the pretrial deposition testimony of the Department of Justice, Antitrust Division, by a person or persons with sufficient knowledge of the areas of inquiry set forth in the attached declaration.

For your convenience, we also attach the operative complaint and answer in this action.

We would request that the deposition take place on an agreed upon date in August 2021 at the office of Goodwin Procter, 620 8th Avenue, New York, NY.



Sarah Oldfield, Esq.
July 7, 2021
Page 2


        Please do not hesitate to contact me if you have any questions or concerns.  We look forward to your response.

 Sincerely,

*Marshall H. Fishman*

Marshall H. Fishman


Attachments

cc:     William J. Harrington
        Samuel J. Rubin

Case 1:19-cv-09124-VM   Document 33-1   Filed 09/21/21   Page 4 of 5



Marshall H. Fishman
+1 212 813 8851
MFishman@goodwinlaw.com

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018

goodwinlaw.com
+1 212 813 8800

September 8, 2021

**<u>VIA E-MAIL</u>**

Sarah Oldfield, Esq.
U.S. Department of Justice
Antitrust Division
950 Pennsylvania Avenue, N.W.
Room 3311
Washington, DC 20530

**Re:**     ***Touhy* Request**
        ***Ramchandani v. Citigroup, Inc. et al.*, No. 19 Civ 9124 (VM)**

Dear Ms. Oldfield:

We represent Defendants Citigroup, Inc., Citicorp and Citibank, N.A. ("Citi") in the above-captioned action and write to supplement Citi's July 7, 2021 Touhy request.  Pursuant to 28 C.F.R. § 16.21-.29, this letter serves as a supplemental demand for materials for use in the Civil Action to include the DOJ's meeting memoranda or notes concerning seven meetings between Citi and the DOJ.

On July 26, 2021, in response to Citi's original *Touhy* request, Plaintiff in the above-referenced action sought the production of certain notes of meetings between the DOJ and Citi during the course of the DOJ's FX investigation of meetings dated June 11, 2014, February 19, 2015 and three sets of notes from a March 9, 2015 meeting ("Plaintiff's Request").  Citi respectfully requests the production of any additional DOJ meeting notes or memoranda concerning seven additional meetings between the DOJ and Citi dated as follows:

- August 15, 2014
- October 22, 2014
- November 10, 2014
- November 12, 2014
- December 16, 2014
- January 16, 2015
- March 24, 2015[1]

---

[1]     Plaintiff's July 26 *Touhy* request identified the requested meeting notes both by date and Bates production identifiers because, Citi understands, Plaintiff had access to the meeting notes which were produced previously in the action brought by the DOJ against Plaintiff.  Citi has identified requested meeting notes based on the dates of meetings reflected in its own records and is available to confer with the DOJ to assist in identifying the dates of requested meetings.



Sarah Oldfield, Esq.
September 8, 2021
Page 2

Citi also requests production of the grand jury minutes of the testimony given by Matthew Gardiner ("Gardiner").  As you know, the claim for malicious prosecution hinges on allegations that the grand jury was misled by Citi and that it lacked probable cause to indict Ramchandani.  Gardiner's testimony before the grand jury provided a factual basis for the Indictment and is thus highly relevant.  Filings in the criminal case make it clear that Gardiner testified before the grand jury, those minutes were produced to Ramchandani and portions of those minutes were utilized to question Gardiner at the criminal trial.

Thank you for your consideration and we look forward to your response.

Sincerely,

*Marshall H. Fishman*

Marshall H. Fishman


cc:     William J. Harrington