

|  |  |
|---|---|
| Marshall H. Fishman<br>+1 212 813 8851<br>MFishman@goodwinlaw.com | Goodwin Procter LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018<br><br>goodwinlaw.com<br>+1 212 813 8800 |

September 22, 2021

**VIA ECF**

Hon. Victor Marrero
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:   *Ramchandani v. Citigroup Inc.*, **19 Civ. 9124 (VM)**

Dear Judge Marrero:

      We represent Defendants Citigroup Inc., Citicorp LLC, and Citibank, N.A. (collectively, "Citi") in the above-captioned action and write to request a 90-day extension of the current October 1, 2021 discovery deadline set forth under the Civil Case Management Plan and Scheduling Order, filed on May 27, 2021 at ECF No. 31. Citi seeks this extension to, among other things, facilitate the process to obtain discovery from the Department of Justice ("DOJ") in compliance with applicable *Touhy v. Ragen*, 340 U.S. 462 (1951) regulations (*see* 28 C.F.R. § 16.21-.29). Citi has conferred with counsel for Plaintiff Rohan Ramchandani ("Plaintiff" or "Ramchandani"), who agreed to the parties jointly seeking an extension of the discovery deadline. Although Plaintiff's counsel agreed to prepare a joint request, he has not done so and Citi did not want further time to pass before seeking this extension.

      On July 7, 2021, Citi submitted a *Touhy* request to the DOJ seeking deposition testimony regarding the DOJ's investigation concerning the foreign exchange ("FX") spot market and prosecution of Plaintiff, Rohan Ramchandani ("Plaintiff") in *United States v. Usher et al.*, No. 17-cr-00019-RMB (the "Criminal Action"). On July 26, 2021, Plaintiff submitted a *Touhy* request to the DOJ seeking the production of certain notes taken by DOJ personnel concerning five meetings that occurred in 2014 and 2015 between the representatives of the DOJ and Citi. On September 8, 2021, Citi submitted an additional *Touhy* request for the production of additional DOJ meeting notes or memoranda concerning seven meetings between the DOJ and Citi as well as the production of the grand jury minutes of the testimony given by the DOJ's cooperating witness who testified before the grand jury and extensively at Ramchandani's trial.

      Based on public documents filed in the Criminal Action, the cooperating witness who testified before the grand jury was not a Citi representative: it was Matthew Gardiner ("Gardiner"), a former UBS AG ("UBS") FX trader. Gardiner was a member of Ramchandani's chatrooms referred to as the "Cartel," "Mafia," "Bandits Club" and "Dream Team" (the "Chatrooms") that were the focus of his criminal prosecution. At trial in the Criminal Action, Gardiner was the DOJ's principal witness, and he testified extensively against Ramchandani and the Chatroom's other members. During that testimony, Gardiner confirmed that he also had testified before the grand jury that indicted Ramchandani.[1]

---

[1]     Based on public filings in the Criminal Action, Gardiner testified before the grand jury that indicted Ramchandani (*see, e.g.*, Criminal Action, ECF No. 223 at Tr. 846:19-25; ECF No. 225 at Tr. 1049:3-11; ECF No. 127 ¶¶ 2, 8 and Exhibits A and D), and his grand jury testimony was produced as part of discovery in Ramchandani's Criminal Action (*id.* ECF No. 57 at Tr. 14:24-11; ECF No. 127 ¶ 2).



Hon. Victor Marrero
September 22, 2021
Page 2

The DOJ continues to evaluate the *Touhy* requests and has expressed willingness to provide the requested notes of meetings with the DOJ and non-grand jury related documents and testimony the parties have sought. The DOJ has indicated, however, that in order to produce the requested grand jury materials, an order permitting such disclosure pursuant to Federal Rule of Criminal Procedure 6(e) is required. Accordingly, on September 21, 2021, Citi made an application to this Court requesting such an order. *See* ECF No. 33.

Development of the DOJ and grand jury record is central to the allegations in the Complaint. In seeking to rebut the grand jury's determination of probable cause, the Complaint alleges that the DOJ relied upon alleged misstatements from Citi in obtaining the grand jury's indictment of Ramchandani and his co-conspirators. *See, e.g.*, Compl. ¶¶ 1, 5, 10, 22, 179, 183. Citi anticipates development of the DOJ and grand jury record will prove that Citi had no role in the grand jury proceedings. In fact, Ramchandani's defense counsel in the Criminal Action (who received the grand jury materials in those proceedings) described not Citi but the UBS trader (Gardiner) as the DOJ's "star witness" and the person "who the government has truly relied upon in terms of bringing [Ramchandani's criminal] case." *See* Criminal Action, ECF No. 93 at Tr. 15:5-17 (emphasis added).[2]

Further, Citi submits, the development of the factual record with regard to the DOJ and grand jury process will make the remainder of discovery more efficient. In addition to the issues regarding the DOJ communications and grand jury testimony, the parties have exchanged objections to discovery requests that are unrelated to the *Touhy* process and have been engaged in a meet-and-confer process concerning the scope of discovery that is relevant to Ramchandani's malicious prosecution claim. The parties have discussed using proposed search terms to streamline discovery which Citi submits may narrow the scope of any potential disputes. Accordingly, it is respectfully requested that the Court grant the parties an extension of the discovery deadline until December 30, 2021 (as set forth in the Proposed Amended Case Management Order annexed hereto as Exhibit A) to allow for completion of the *Touhy* process and for the parties to continue to confer on the scope of relevant discovery in this action.

The parties have conferred regarding an extension. Plaintiff's counsel suggested seeking a discovery extension on September 8, 2021 and represented on September 9 that he would draft a proposed joint submission for circulation by September 13. Plaintiff's counsel represented on September 14 that he would circulate the proposed draft on September 17. On September 20, Plaintiff's counsel represented he would circulate the proposed draft submission "soon" but did not do so; nor did he respond to further inquiries regarding its preparation on September 20 or 21 as set forth in Exhibit B hereto.

---

[2] Moreover, as set forth in Citi's Federal Rule of Criminal Procedure 6(e) application, development of the record of what occurred at the grand jury is relevant to an essential element of Plaintiff's malicious prosecution claim. *Rothstein v. Carriere*, 373 F.3d 275, 284 (2d Cir. 2004) ("The burden of rebutting the presumption of probable cause requires the plaintiff to establish what occurred in the grand jury, and to further establish that those circumstances warrant a finding of misconduct sufficient to erode the premise that the Grand Jury acts judicially."" (quotations and citations omitted; emphasis added))); *see also Nunez v. Diedrick*, No. 14-CV-4182 (RJS), 2017 WL 2257350, at *7 (S.D.N.Y. May 19, 2017) (same and citing *Rothstein*), *aff'd*, 735 F. App'x. 756 (2d Cir. 2018).



Hon. Victor Marrero
September 22, 2021
Page 3

      Accordingly, not having heard back from Plaintiff's counsel, Citi respectfully requests the extension the parties agreed upon, and submits that the extension is warranted as described herein.

Respectfully submitted,

/s/ Marshall H. Fishman

Marshall H. Fishman

Enclosures

Cc:    David R. Lurie, Esq. (via ECF)
        Gary H. Greenberg (via ECF)