# LAW OFFICE OF GARY GREENBERG, ESQ.

*666 Third Avenue, 10th Floor*
*New York, New York 10017*

*Phone: 212-765-5770*
*E-mail:gg@ggreenberglaw.com*

September 22, 2021

**BY ECF**
Hon. Victor Marrero
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

RE: *Ramchandani v. Citigroup Inc.*, et. al. 19 CIV 9124 (VM)

Dear Judge Marrero:

    I am co-counsel to Plaintiff in the above-captioned matter and write in response to the letter from Defendants' counsel dated September 22, 2021. Although we agree that an extension of the discovery schedule will be warranted and necessary, we oppose the request because it inaccurately stated Plaintiff's position and circumvented this Court's Rules.

    A primary reason an extension is required is that, after extensively meeting and conferring, the parties continue to have a major dispute that has effectively prevented document discovery from proceeding. Section III of Your Honor's Individual Practices requires such a discovery dispute to be submitted by way of a joint letter so that both parties' views can be fairly presented. Plaintiff's counsel was in the process of drafting such a proposed draft letter. If Defendants were not satisfied with the length of time it was taking to draft a full statement of the issues in a far-from-simple discovery dispute, their remedy was to prepare a joint letter for our review, not to unilaterally write the Court, especially in a letter that fails to adequately convey each side's position.[1]

    Among other things, Defendants have refused to produce any documents relating to government investigations of their activities in the FX Spot markets that do not, in Defendants' judgment, "concern" Plaintiff. As stated in this Court's motion to dismiss decision, Plaintiff alleges that Defendants made him a scapegoat for the misconduct of others at Citi; and

---

[1] A unilateral submission is not permitted under Section I(f) of this Court's Individual Practices, which applies to "…a request for an extension of time within which to make a submission to the Court or for an adjournment of a conference or to excuse an appearance with the Court," none of which applies here.

Law Office of Gary Greenberg, Esq.

Hon. Victor Marrero
September 22, 2021
Page 2

Defendants' attempt to exclude from discovery materials related to the conduct of others renders it impossible for Plaintiff to obtain much of the potential evidence relevant to that allegation that may be in Citi's possession.  Furthermore, Citi has also refused to produce documents concerning Plaintiff respecting investigations by government agencies other than the DOJ.  Yet, as this Court has already recognized, such materials are potentially highly probative to this action.  For example, the Court cited and relied upon communications between Citi and both a UK regulator and the SEC in its motion to dismiss decision.

      Given the breadth of Citi's, we believe meritless, discovery objections, Plaintiff submits that the parties' discovery dispute should be resolved by this Court before a revised discovery completion deadline can reliably be set.

      Accordingly, we respectfully request that any request for an extension of the discovery schedule be deferred until the discovery dispute can be presented to the Court for consideration.  A resolution of that dispute will also determine the timing of production and a realistic new discovery schedule.  We agree to submit such a proposed joint letter to Defendants' counsel by this Friday, September 24, 2021.

      Thank you for your consideration.

                                            Respectfully Submitted,

                                            Gary Greenberg

cc:    Marshall H. Fishman, Esq. (By ECF)
         David R. Lurie, Esq. (By ECF)