# LAW OFFICE OF DAVID R. LURIE, PLLC

*194 President Street*
*Brooklyn, New York 11231*

*Phone: 347-651-0194*
*E-mail:david@davidlurielaw.com*

October 5, 2021

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/6/2021

The Honorable Stewart D. Aaron
United States District Court
 for the Southern District of New York
500 Pearl Street, Room 1970
New York, New York  10007

Re: <u>Rohan Ramchandani v. Citigroup, Inc., et al.,</u>
<u>Civil Action No. 1:19-cv-9124(VM) (SDA)</u>

Dear Judge Aaron:

In accordance with your Order dated September 28, 2021 (the "Order"), the Parties submit this joint letter setting forth their respective positions on outstanding discovery disputes.

## I.     PLAINTIFF'S POSITION

As provided in the Order, Plaintiff incorporates by reference the substance of his September 7, 2021 letter, with the exhibits annexed thereto.

## II.     DEFENDANTS' POSITION

We write on behalf of Defendants Citigroup Inc., Citicorp LLC and Citibank, N.A. (collectively, "Citi") pursuant to the Court's September 28, 2021 Order (ECF No. 40) directing the parties to jointly set forth their respective positions in response to Rohan Ramchandani's ("Plaintiff" or "Ramchandani") September 27, 2021 letter (ECF No. 39 (the "September 27 Letter")).  As set forth herein, Plaintiff's September 27 Letter is an attempt to manufacture a discovery dispute (four days prior to the originally-scheduled close of discovery) where there should be none.

The Complaint "alleges one count of malicious prosecution stemming from Citi's disclosure of information about Ramchandani to the United States Department of Justice ("DOJ") in connection with an investigation into a price-fixing conspiracy at Citi."  *See Ramchandani v. Citigroup Inc.*, No. 19-cv-9124 (VM), 2021 WL 930627, at *1 (S.D.N.Y. Mar. 11, 2021) (emphasis added).  Judge Marrero's March 11, 2021 decision focused on "whether Citi's statements about Ramchandani to the DOJ were knowingly false" and whether they led to the DOJ's indictment of Ramchandani.  *Id.* at 20-27.[1]  Construing the Complaint "liberally," the Court

---

[1]     Citi did not have the opportunity to file a motion to dismiss.  Judge Marrero's decision was based on the pre-motion letters filed in accordance with the Court's Individual Practices.

held Plaintiff had plausibly alleged that Ramchandani's "indictment was 'procured' based on Citi's false statements" because the "DOJ could not decode chats without Citi's assistance." *Id.*

As the Second Circuit has observed, "in order for a plaintiff to succeed in a malicious prosecution claim after having been indicted, he must establish that the indictment was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Rothstein v. Carriere*, 373 F.3d 275, 283 (2d Cir. 2004) (citations omitted; emphasis added)). In the absence of such fraud or other misconduct, "the existence of probable cause" that is presumed by a grand jury's indictment, "is a complete defense to a claim of malicious prosecution in New York." *Nunez v. Diedrick*, No. 14-CV-4182 (RJS), 2017 WL 2257350, at *7 (S.D.N.Y. May 19, 2017), *aff'd*, 735 F. App'x 756 (2d. Cir. 2018). Furthermore, in addition to demonstrating that the grand jury's indictment was procured by fraud, in order to hold a civilian defendant (such as Citi) liable, the plaintiff also must demonstrate that it "affirmatively induced the officer to act, such as taking an active part in the arrest and procuring it to be made or showing active, officious and undue zeal, to the point where the officer is not acting of his own volition." *See, e.g.*, *Dantas v. Citigroup Inc.*, 779 F. App'x 16 (2d Cir. 2019).

Against that backdrop, discovery has been focused on the DOJ's investigation, indictment, and prosecution of Ramchandani and Citi's communications regarding the same. Plaintiff's suggestion that Citi has been "stonewalling" Plaintiff's requests on relevant topics is baseless. Citi has undertaken to produce non-privileged documents concerning Plaintiff's broad requests concerning: (i) the topics identified in Citi's Initial Disclosures; (ii) the "subject matter of Plaintiff's claims herein"; (iii) Plaintiff's suspension, termination, disciplinary actions resulting in his termination; (iv) Citi's communications with the DOJ regarding its investigation of foreign exchange ("FX") trading; (v) Citi's communications concerning Plaintiff's criminal case with the DOJ; (vi) Citi's communications with representatives of the press and media outlets; and (vii) several other broad categories of documents requested by Plaintiff. *See* ECF No. 39-5 at 2.[2]

What Citi has objected to producing are documents that have no nexus to the DOJ's indictment or prosecution of Ramchandani. For example, Plaintiff has sought "all documents concerning investigations of FX Spot markets conducted by government authorities or self-regulatory organizations other than the DOJ . . . ." *See* September 27 Letter, Ex. A, ¶ 16. Blanket requests such as these—with no nexus to the DOJ's prosecution of Ramchandani—are objectionable on their face. *See, e.g.*, *Alaska Elec. Pension Fund v. Bank of Am. Corp.*, No. 14-CV-7126, 2016 WL 6779901, at *3 (S.D.N.Y. Nov. 16, 2016) (denying a motion to compel disclosure where plaintiffs sought documents produced to regulatory agencies because the requests

---

[2] The parties' efforts to obtain discovery from the DOJ through its *Touhy v. Ragen*, 340 U.S. 462 (1951) regulations (*see* 28 C.F.R. § 16.21-.29) is more fully described in Citi's September 21, 2021 letter seeking relief under Federal Rule of Criminal Procedure 6(e) (ECF No. 33) and Citi's September 22, 2021 letter seeking an extension of the discovery deadline to allow that process to proceed (ECF No. 34).

were not targeted to the claim at issue nor could plaintiffs identify specific information relevant to their claims that would be found solely in the unproduced documents).[3]

The unreasonable nature of Plaintiff's requests is further underscored by Plaintiff's unwillingness to engage in good faith efforts to narrow discovery disputes. For instance, Plaintiff agreed to supply search term proposals during the parties' discussions to determine if discovery disputes could be narrowed (including on August 19, September 2, and September 9, 2021) but failed to ever do so. *Id.* Plaintiff now argues that it is "premature" to engage in such discussions at all because Plaintiff has "promulgated interrogatories, which Citi has yet to respond to" (September 27 Letter at 3 n. 9). But that representation is disingenuous because Plaintiff's interrogatories were only propounded on Saturday September 18, 2021 (making responses due October 18, 2021) when, under the then-operative scheduling order, interrogatories were to have been served by June 9, 2021 making responses due after the discovery cut-off.[4]

Finally, the timing and context in which Plaintiff has now raised this dispute with the Court is important. As set forth in Citi's application pursuant to Federal Rule of Criminal Procedure 6(e), Citi anticipates the relevant record in this case (*i.e.*, communications with the DOJ and evidence presented to the grand jury) will be directly at odds with the case Ramchandani has pleaded. Citi anticipates development of the grand jury record will show that Ramchandani's indictment was procured largely (if not entirely) based on the testimony of the DOJ's cooperating witness at Ramchandani's trial: Matthew Gardiner ("Gardiner"), a former UBS AG ("UBS") FX trader who was a member of Ramchandani's chatrooms. It was not procured by Citi or based on any testimony to the grand jury by Citi. In fact, contrary to the fundamental allegation of the Complaint, Ramchandani's own criminal defense counsel (who possessed Gardiner's grand jury testimony) described Gardiner (not Citi) as the DOJ's "star witness" and the person "who the government has truly relied upon in terms of bringing [Ramchandani's criminal] case." *See United States v. Usher et al.*, No. 17-cr-00019-RMB, ECF No. 93 at Tr. 15:5-17.[5]

---

[3] *See also Vaigasi v. Solow Management Corp.*, No. 11-Civ-5088 (RMB)(HBP), 2016 WL 616386, at *15 (S.D.N.Y. Feb. 16, 2016) ("blanket requests" that seek "any and all documents" regarding a particular subject are "plainly overbroad and impermissible"); *see also cf. Nikonov v. Flirt NY, Inc.*, 338 F.R.D. 444, 446 n.3 (S.D.N.Y. 2021) (Aaron, M.J.) (denying leave to issue subpoenas as untimely and observing that requests for "all records" of plaintiff's employment with former employers constituted a "fishing expedition" that was not proportional to the needs of the case).

[4] Further, both parties agreed upon the need for a stipulated confidentiality agreement and protective order to govern the exchange of documents. Citi prepared such a proposed draft for Plaintiff's comment on August 20, 2021 to which Plaintiff failed to respond until September 30, 2021 in connection with this discovery dispute.

[5] As further set forth in Citi's Federal Rule of Criminal Procedure 6(e) application (ECF No. 33), Gardiner testified extensively at Ramchandani's trial (over the course of six hearing days) and confirmed that he also testified before the grand jury that indicted Ramchandani (*see, e.g.*, *United States v. Usher et al*, ECF No. 223 at Tr. 846:19-25; ECF No. 225 at Tr. 1049:3-11; ECF No. 127

\*     \*     \*

The sole claim for relief in this action concerns the DOJ's allegedly malicious prosecution of Ramchandani. The focus of discovery has been (and should remain) on the DOJ's investigation, indictment, and prosecution of Ramchandani. There is no basis to unnecessarily expand the scope of discovery to any and all FX-related investigations (even those that were not conducted by the DOJ or that did not relate to Ramchandani). Citi has been cooperative with Plaintiff and remains willing to cooperate in good faith by evaluating limited search term or custodial proposals that could resolve or narrow perceived discovery disputes to which Plaintiff has been non-responsive. Citi respectfully submits the Court should limit the scope of discovery to the issues relevant to this case which are the grand jury's indictment and the DOJ's prosecution of Ramchandani.

**DEPARTMENT OF JUSTICE'S POSITION ON CITI'S FED. R. CRIM. P. 6(e) APPLICATION**

The DOJ has advised as follows:

"DOJ has no objection to accepting Citi's application as a petition under Federal Rule of Criminal Procedure 6(e)(3)(E)(i) for disclosure of a grand jury matter 'preliminarily to or in connection with a judicial proceeding.' DOJ has informed Matthew Gardiner of Citi's petition for disclosure of his grand jury testimony. Should the Court determine that Citi has shown that the requisite "particularized need" under *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211 (1979), outweighs continued grand jury secrecy, the Government has no objection to the Court ordering disclosure of the requested grand jury information, provided that the information can be designated Attorneys' Eyes Only by order of the Court, and the parties are restricted from placing such information on the public record in pretrial proceedings. DOJ respectfully proposes to deliver the grand jury testimony directly to Your Honor ex parte for the Court to evaluate in connection with Citi's motion, and requests that the Court So Order this letter for that purpose."

### III. PLAINTIFF'S REPLY

#### A. Response to Citi's Position

Rather than addressing the substance of Plaintiff's discovery requests, Citi is attempting to reargue the motion to dismiss it lost. In his opinion upholding Ramchandani's malicious prosecution claim, Judge Marrero rejected Citi's contention that the existence of a grand jury indictment precludes Ramchandani's malicious prosecution claims arising from the meritless criminal case against him. As the Court explained, under governing New York law, the Court ruled, the presumption of probable cause is overcome where a defendant makes knowingly false statements to induce the Government to initiate a meritless criminal proceeding, and does so with a malicious purpose.

---

¶¶ 2, 8 and Exhibits A and D). Gardiner's grand jury testimony also was produced as part of discovery in Ramchandani's criminal prosecution (*id.* ECF No. 57 at Tr. 14:24-11; ECF No. 127 ¶ 2).

Judge Marrero further held that Ramchandani properly stated a malicious prosecution claim by alleging that Citi made knowingly false statements to the DOJ about Ramchandani's conduct, and did so maliciously, as part of a scheme to make Plaintiff a scapegoat for the actual misconduct of other Citi personal in the FX Spot markets before the DOJ, as well as other investigating agencies. Plaintiff's discovery requests are directed at obtaining documents relevant to those core allegations.

Citi is attempting to drastically constrain such manifestly relevant discovery, including by withholding Citi's communications concerning Ramchandani, not only with the DOJ, but also other investigating agencies, as well as Citi's communications with the DOJ and other investigators about other potential wrongdoers in the FX spot markets.

### B.     A Proposed Resolution

Because of Citi's intransigence, Plaintiff has not had to opportunity to negotiate an appropriate discovery regime with Defendants, and the Court is being called upon to order one. We respectfully submit that the Court's order should include the following items:

1.     Citi should be directed to produce those documents in its possession, custody and control concerning FX Spot market investigations, whether by the DOJ or by other governmental or self-regulatory agencies, that concern Ramchandani or his actual or alleged conduct. These materials should include **all** non-privileged materials related to the DOJ's FX Spot market investigation of Citi and the resolution thereof.

2.     In an effort to make the discovery process more efficient, Plaintiff has promulgated a set of interrogatories requesting that Citi, among other things, identify each governmental or self-regulatory agency that conducted a FX Spot market-related investigation of Citi, as well as each of the meetings that Citi held with such agencies.[6] We submit that Citi should be required to fully answer these interrogatories and to produce the documents identified in such answers.

3.     We submit that Citi should then be directed to produce documents in its possession, custody and control concerning or reflecting communications between Citi and its representatives, on the one hand, and the investigating agencies on the other, including information requests and document productions, as well as notes and other records or such communications.

4.     Citi should also be directed to produce documents in its possession, custody of control concerning the resolution of the investigations identified in its answers to Plaintiff's

---

[6]    Plaintiff's First Set of Interrogatories, dated September 18, 2021, are annexed as Exhibit 1 hereto.

interrogatories, including but not limited to drafts and final versions of plea and settlement agreements, orders, consent decrees, immunity letters/agreements, and the like.

The vast majority of the foregoing materials should be readily available to Citi and thus may be produced without substantial burden; indeed, many of the documents at issue have almost certainly been previously produced by Citi to one or more other parties.

After reviewing the foregoing categories of documents, Plaintiff will then be in a position to determine additional discovery is required, and if so, the specific categories thereof.

### C. Response to Defendants' FRCP 6(e) Application

Plaintiff has no objection to Defendants' FRCP 6(e) application. We are, however, concerned that the DOJ's request for "attorneys' eyes only" treatment of the grand jury materials to be produced will be unfairly prejudicial. In prosecuting our case, it will be important to be able to share such documents with Mr. Ramchandani. Furthermore, we submit that the DOJ's legitimate interest in confidentiality can be satisfied by subjecting the parties, like their counsel, to the terms of an appropriately drafted protective order.

Plaintiff has also made a *Touhy* request to the DOJ for notes of certain meetings between representatives of the DOJ and Citi; and we have advised the DOJ that Plaintiff reserves the right to seek additional documents from the DOJ, including additional such notes and possibly additional grand jury materials, once Citi produces the requested documents and responds to the outstanding interrogatories referenced above.

Respectfully submitted,

| LAW OFFICE OF DAVID R. LURIE, PLLC | GOODWIN PROCTER LLP |
|---|---|
| By: _____/s/_____<br>David R. Lurie<br>194 President Street<br>Brooklyn, New York 11231<br>Telephone: (347) 651-0194<br>david@davidlurielaw.com<br><br>LAW OFFICE OF GARY GREENBERG, ESQ.<br>Gary Greenberg<br>666 Third Avenue, 10th Floor<br>New York, New York 10017<br>Telephone: (212)-765-5770<br>gg@ggreenberglaw.com<br><br>*Counsel for Plaintiff* | By: _____/s/_____<br>Marshall H. Fishman<br>Samuel J. Rubin<br>William J. Harrington<br>Allison M. Funk Hoyle<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018<br>Telephone: (212) 813-8800<br>Facsimile: (212) 355-3333<br>mfishman@goodwinlaw.com<br>srubin@goodwinlaw.com<br>wharrington@goodwinlaw.com<br>AFunk@goodwinlaw.com<br><br>*Counsel for Defendants* |

ENDORSEMENT: DOJ's proposal is ADOPTED. No later than Wednesday, October 13, 2021, DOJ shall deliver the subject grand jury testimony to the Court for its in-camera review, either by hand delivery to Chambers or by email to Aaron_NYSDChambers@nysd.uscourts.gov.

Defendants are directed to serve a copy of this Order on DOJ no later than Thursday, October 7, 2021.

SO ORDERED.
Dated: October 6, 2021