UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- X
ROHAN RAMCHANDANI,

            Plaintiff,

  - *against* -

CITIGROUP, INC., et al.,

           Defendants.
------------------------------------------------- X

19 Civ. 9124 (VM)(SDA)

~~[PROPOSED]~~
**PROTECTIVE ORDER**

**The Honorable Stewart D. Aaron, United States Magistrate Judge:**

    WHEREAS all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) (the "Protective Order") to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

    WHEREAS, the Parties, through counsel, agree to the following terms;

    WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

    WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

    WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

    IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) shall not disclose such Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as "Confidential" material that consists of:

(a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) confidential, proprietary, financial, customer, client or commercial information or data, trade secrets or nonpublic research or business development;

(c) previously nondisclosed material relating to ownership or control of any non-public company;

(d) previously nondisclosed business plans, product development information, or marketing plans;

(e) any information of a personal or intimate nature regarding any individual; or

(f) any information kept confidential or the use or disclosure of which is restricted pursuant to any domestic or foreign law, regulation, or court order, including but not limited to any applicable data privacy laws;

(g) any information that constitutes confidential information under Federal Rule of Civil Procedure 26(c); or

(h) any other category of information hereinafter given confidential status by the Court.

3. The person producing any given Discovery Material may further designate as "Highly Confidential" material that consists of:

(a) trade secrets or other information that the producing person reasonably believes the unauthorized disclosure of which would result in competitive, commercial or financial harm to the producing party or its personnel, clients, or customers;

(b) any other material the producing person believes in good faith would not otherwise be adequately protected under the procedures set forth herein if designated Confidential;

(c) information to which applicable law—foreign or domestic—requires the equivalent of Highly Confidential treatment, including but not limited to any applicable data privacy laws; or

(d) any other category of information given Highly Confidential status by the Court.

4. The person producing any given Discovery Material may further designate as "Attorneys'

Eyes Only" material that consists of:

(a) Documents or information produced or supplied pursuant to the Court's October 8, 2021 Order (ECF No. 44), and any other information produced or supplied pursuant to Federal Rule of Criminal Procedure 6(e).

(b) Documents or information produced or supplied by governmental agencies, regulators or departments that such governmental agencies, regulators or departments regard as sensitive and authorize for production only on an "attorneys' eyes only" basis.

5. With respect to the Confidential, Highly Confidential or Attorneys' Eyes Only portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as Confidential, Highly Confidential or Attorneys' Eyes Only by: (a) stamping or otherwise clearly marking as Confidential, Highly Confidential, or Attorneys' Eyes Only the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the Confidential, Highly Confidential or Attorneys' Eyes Only information redacted.

6. With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as Confidential, Highly Confidential or Attorneys' Eyes Only either by (a) indicating on the record during the deposition that a question calls for Confidential, Highly Confidential, or Attorneys' Eyes Only information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; "Highly Confidential Information Governed by Protective Order"; or "Attorneys' Eyes Only Information Governed by Protective Order" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, Highly Confidential or Attorneys' Eyes Only in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel  by the reporter.  During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Highly Confidential.

7. Any court reporter or videographer who transcribes or videotapes testimony at a deposition in this action containing Confidential, Highly Confidential or Attorneys' Eyes Only Discovery Material shall: (a) certify that he or she has read this Protective Order and manifests his or her assent to be bound thereby by signing Exhibit A, (b) treat copies of any transcript, reporter's notes, videotapes, or any other transcription records as Confidential, Highly Confidential or Attorneys' Eyes Only Discovery Material, and (c) deliver any transcript containing Confidential, Highly Confidential, or Attorneys Eyes Only Discovery Material only to counsel, the witness, or the Court (filed under seal).  A party who notices a deposition shall be responsible for notifying any court reporter or videographer of the existence of this Protective Order and obtaining such consent to be bound.

8. During a deposition, only persons to whom, respectively, disclosure of Confidential, Highly Confidential or Attorneys' Eyes Only Discovery Material is permitted under Paragraphs 10, 12, or 14 of this Protective Order shall remain present while Confidential, Highly Confidential or

Attorneys' Eyes Only Discovery Material is being used or discussed. If, during the course of a deposition, the response to a question would require the witness to disclose Confidential, Highly Confidential or Attorneys' Eyes Only Discovery Material, the witness may assert the confidentiality of the material as a basis for refusing to answer only if a person not authorized under, respectively, Paragraphs 10, 12, or 14 of this Protective Order is present.

9. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as Confidential, Highly Confidential or Attorneys' Eyes Only, she, he or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as Confidential, Highly Confidential or Attorneys' Eyes Only under the terms of this Protective Order.

10. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) in the case of any Party to the litigation who is a natural person, to that natural person himself; or in the case of any party to the litigation that is not a natural person, those specific designated representatives of the Party who are the primary decision makers with authority and control over the prosecution or defense of the litigation;

(b) outside counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) in-house counsel to whom it is reasonably necessary to disclose the information in connection with this action;

(d) current officers, directors, or employees of the Parties to the extent that such disclosure is reasonably necessary for the action;

(e) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints;

(f) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(g) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action;

(h) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(i) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action;

(j) stenographers engaged to transcribe depositions conducted in this action,

(k) this Court, including any appellate court, and the court reporters and support personnel for the same; and

(l) any other person whom the producing person agrees in writing may have access to such discovery material.

11. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 10(h), 10(i), or 10(j) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

12. No person subject to this Protective Order other than the producing person shall disclose, summarize, describe, characterize, or otherwise communicate or make available any of the Discovery Material designated by the producing person as Highly Confidential to any other person whomsoever, except such Highly Confidential Discovery Material may be disclosed to:

(a) in the case of any Party to the litigation who is a natural person, to that natural person himself; or in the case of any Party to the litigation that is not a natural person, those specific designated representatives of the Party who are the primary decision makers with authority and control over the prosecution or defense of the litigation;

(b) outside counsel retained specifically for this action, including any paralegal, clerical, or other assistant employed by such counsel and assigned to this matter;

(c) in-house counsel to whom it is reasonably necessary to disclose the information in connection with this action;

(d) mediators or other third parties who are appointed by the Court or retained by the Parties for settlement purposes and their support personnel;

(e) as to any document, its author, its addressee, and any other person indicated on the document as having received a copy or that can otherwise be established to have received a copy;

(f) in connection with their depositions or trial testimony, witnesses and their counsel to whom disclosure is reasonably necessary;

(g) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice or services to counsel in connection with this action;

(h) independent photocopying, graphic production services, or litigation support services employed by the Parties or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

(i) stenographers engaged to transcribe depositions conducted in this action;

(j) the Court and its support personnel; and

(k) any other person whom the producing person agrees in writing may have access to such discovery material.

13. Prior to any disclosure of any Highly Confidential Discovery Material to any person referred to in subparagraphs 12(g), 12(h), or 12(i) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

14. No person subject to this Protective Order other than the producing person shall disclose, summarize, describe, characterize, or otherwise communicate or make available any of the Discovery Material designated by the producing person as Attorneys' Eyes Only to any other person whomsoever, except such Attorneys' Eyes Only Discovery Material may be disclosed to:

(a) outside counsel retained specifically for this action, including any paralegal, clerical, or other assistant employed by such counsel and assigned to this matter;

(b) stenographers engaged to transcribe depositions conducted in this action;

(c) the Court and its support personnel; and

(d) any other person whom the producing person agrees in writing may have access to such discovery material.

15. Prior to any disclosure of any Attorneys' Eyes Only Discovery Material to any person referred to in subparagraphs 14(b) and 14(d) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

16. Prior to any disclosure of any Confidential, Highly Confidential or Attorneys' Eyes Only Discovery Material to any person referred to in Paragraphs 10, 12 or 14 above, such person shall be advised of the Confidential, Highly Confidential or Attorneys' Eyes Only nature of the Discovery Material pursuant to the contents of this Protective Order.

17. Nothing in this Protective Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to this action or from relying upon or generally referring to Confidential, Highly Confidential or Attorneys Eyes Only Discovery Material in rendering such advice; provided, however, that, in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content of

the Discovery Material if such disclosure is not otherwise permitted under this Protective Order.

18. Nothing in this Protective Order shall limit a producing person from redacting any information subject to United States or foreign data privacy laws, or any other applicable United States or foreign statute, law, regulation, privilege, court order, restriction, or immunity from disclosure. Nothing in this Protective Order shall limit any party receiving Discovery Material from challenging a producing person's redactions. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with the Court's Individual Practices in Civil Cases.

19. A non-party from whom the Parties seek discovery may designate Discovery Material as "Confidential," "Highly Confidential" or "Attorneys' Eyes Only" consistent with the terms of this Protective Order. In such circumstances, Discovery Material designated Confidential, Highly Confidential or Attorneys Eyes Only by a non-party shall be assigned the same protection as Discovery Material so designated by a party, and all duties applicable to a party under this Protective Order shall apply to a non-party designating Discovery Material as Confidential, Highly Confidential or Attorneys Eyes Only. All obligations applicable under this Protective Order to parties receiving Discovery Material shall apply to any party receiving Discovery Material from such non-party. Any party who serves a subpoena on a non-party shall provide such non-party with a copy of this Protective Order.

20. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within five (5) business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within twenty-one (21) days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

21. Recipients of Confidential, Highly Confidential or Attorneys' Eyes Only Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential, Highly Confidential or Attorneys Eyes Only Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure or Federal Rules of Criminal Procedure.

22. The undersigned agree to meet and confer concerning the use of any Confidential, Highly Confidential or Attorneys' Eyes Only Discovery Material at hearings or at the trial of this action not fewer than three (3) business days prior to any such hearing or trial. Where a hearing or trial is scheduled on less than three (3) business days' notice, the Parties agree to meet and confer as soon as practicable after receiving notice. With respect to Attorneys' Eyes Only Discovery Material that has been produced by the federal government, including by the United States Attorney's Office for the Southern District of New York, the undersigned agree to meet and confer with counsel for the

federal government concerning the use of any such material at hearings or at the trial of this action not fewer than ten (10) business days prior to any such hearing or trial.  Where a hearing or trial is scheduled on less than ten (10) business days' notice, the Parties agree to meet and confer with counsel for the federal government as soon as practicable after receiving notice.  The use of Confidential or Highly Confidential Discovery Material at hearings or at trial shall not cause such Confidential or Highly Confidential Discovery Material to lose its status as Confidential or Highly Confidential Discovery Material.   The use of a portion of Attorneys' Eyes Only Discovery Material at hearings or at trial shall not cause the undisclosed portion of such Attorneys' Eyes Only Discovery Material to lose its status as Attorneys' Eyes Only Discovery Material.

23.	Nothing in this Protective Order will prevent any person subject to it from producing any Confidential, Highly Confidential or Attorneys Eyes Only Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least ten (10) business days before any disclosure.  Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

24.	All persons seeking to file redacted documents or documents under seal with the Court shall follow the Court's Individual Practices in Civil Cases.

25.	Each person who has access to Discovery Material that has been designated as Confidential, Highly Confidential or Attorneys Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

26.	If, in connection with this litigation, a Party believes it has disclosed information that is subject to any protection or privilege, including a claim of protection under the attorney-client privilege, attorney work product doctrine, United States or foreign bank disclosure or foreign bank secrecy laws or regulations (including but not limited to Confidential Supervisory Information or Suspicious Activity Report privileges), United States or foreign data privacy laws, or any other applicable United States or foreign statute, law, regulation, privilege, court order, restriction, or immunity from disclosure ("Disclosed Information"), in accordance with Federal Rule of Evidence 502(d) such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege, work product, or other protections with respect to the Disclosed Information and its subject matter, for the purposes of this proceeding or any other proceeding in any other court.

27.	If a disclosing party asserts that it has disclosed information described in paragraph 26 above, the receiving party shall, within ten (10) business days, return or destroy all copies of the Disclosed Information, and provide a written certification of counsel that all such information has been returned or destroyed.  Within ten (10) business days of the notification that such Disclosed Information has been returned, sequestered or destroyed, the disclosing party shall produce a privilege log with respect to the Disclosed Information.  The Parties may agree to extend the time periods set forth in this paragraph 27.

28.	The receiving party may move the Court for an order compelling production of the Disclosed Information.  During the pendency of such a motion, the receiving party must either

sequester or destroy the Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an order the fact or circumstances of the production. However, a party is not precluded from arguing that a privilege or protection does not exist and/or has been waived for reasons other than the production of a document or information subsequently clawed back in accordance with the terms of this order. The disclosing party retains the burden of establishing the privileged or protected nature of any Disclosed Information. Nothing in this Protective Order shall limit the right of any party to request an in camera review of the Disclosed Information.

29. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

30. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as Confidential, Highly Confidential or Attorneys' Eyes Only and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

31. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

32. This Stipulation and Protective Order may be executed in counterparts.

Dated: Brooklyn, New York
October 20 2021

**LAW OFFICE OF DAVID R. LURIE, PLLC**

By: _David Lurie_
David R. Lurie
194 President Street
Brooklyn, New York 11231
Telephone: (347) 651-0194
david@davidlurielaw.com

Gary Greenberg, Esq.
666 Third Avenue, 10th Floor
New York, NY 10017
Telephone: (212) 765-5770
gg@greenberglaw.com

*Counsel for Plaintiff*


Dated: New York, New York
October 20, 2021

Dated: New York, New York
October 20, 2021

**GOODWIN PROCTER LLP**

By _[signature]_
Marshall H. Fishman
Samuel J. Rubin
William J. Harrington
Allison M. Funk
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 813-8800
Facsimile: (212) 355-3333
mfishman@goodwinlaw.com
srubin@goodwinlaw.com
wharrington@goodwinlaw.com
afunk@goodwinlaw.com
*Counsel for Defendants*


**SO ORDERED:** _[signature]_

Hon. Stewart D. Aaron
United States Magistrate Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------ X
                                                 :
Rohan Ramchandani,                               :
                                                 :
               Plaintiff,                   :
                                                 :     19 Civ. 9124 (VM)(SDA)
    - *against* -                              :
                                                 :     **Non-Disclosure Agreement**
CITIGROUP, INC., et al.,                         :
                                                 :
               Defendants.                  :
                                                 :
------------------------------------------------ X

      I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential, Highly Confidential or Attorneys' Eyes Only. I agree that I will not disclose such Confidential, Highly Confidential or Attorneys' Eyes Only Discovery Material to anyone other than for purposes of this litigation, will disclose such Confidential, Highly Confidential, or Attorneys' Eyes Only Discovery Material only as expressly permitted by the Protective Order, and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____                              _____