# LAW OFFICE OF DAVID R. LURIE, PLLC

*194 President Street*
*Brooklyn, New York 11231*

Phone: 347-651-0194
E-mail: david@davidlurielaw.com

November 16, 2021

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  11/23/2021
```

The Honorable Stewart D. Aaron
United States District Court
 for the Southern District of New York
500 Pearl Street, Room 1970
New York, New York  10007

Re: <u>Rohan Ramchandani v. Citigroup, Inc., et al.,</u>
<u>Civil Action No. 1:19-cv-9124(VM) (SDA)</u>

Dear Judge Aaron:

We are counsel to Plaintiff Rohan Ramchandani, and write to request a discovery conference with the Court to address the parties' inability to reach agreement on the scheduling of deposition testimony by a witness from the United States Department of Justice, pursuant to a subpoena, respecting topics going to the heart of the parties' dispute.

Citi insists on going forward with the DOJ testimony on December 8, 2021, despite the fact that document discovery will not be remotely complete prior to that date, and that, therefore, Plaintiff's counsel will not be prepared to conduct its examination of the witness effectively and comprehensively on that date.  Furthermore, the DOJ has stated that it will object to continuing the deposition to permit Plaintiff's counsel to conduct our examination at a later date, after the relevant document discovery has been completed.

Accordingly, Plaintiff proposed that the date for the testimony be adjourned until a reasonable time following the completion of relevant document discovery, a result that will not cause any prejudice to Citi.  Citi, however, has refused to agree to an adjournment.

### Certification

In accordance with this Court's individual practices, the undersigned certifies as follows: On November 5, 2021, following an exchange of correspondence, the parties met and conferred telephonically regarding the subject matter of their dispute for approximately 15 minutes.  The following individuals participated in the call: (i) for Plaintiff, David Lurie and Gary Greenberg; and (ii) for Defendants, Marshall Fishman, Samuel Rubin and Allison Funk.  On November 15, 2021, after the parties had reached an impasse in their discussions, the undersigned wrote to Citi's counsel to state Plaintiff's intention to request a conference with the Court.

---

ENDORSEMENT: The Court has considered the parties' correspondence regarding the scheduling of the DOJ deposition (ECF Nos. 52, 53 & 54) and finds that the DOJ deposition should not be held until Plaintiff has a reasonable opportunity to review relevant documents produced in discovery. Thus, the DOJ deposition should be scheduled to occur after document production is substantially complete. In the joint letter that the parties shall be filing tomorrow (per ECF No. 44), in addition to setting forth a proposed schedule for the completion of discovery, the letter shall set forth a proposed deadline for the substantial completion of document production. If the parties are unable to agree on the proposed schedule, their respective positions shall be separately set forth. SO ORDERED.

Dated: 11/23/2021           *[signature: Stewart D. Aaron]*

Background

Discovery is ongoing. Discovery remains substantially incomplete in this case; and it is virtually certain that Plaintiff will not receive, let alone have a meaningful opportunity to review, all potentially relevant materials prior to December 8, 2021.

First, since the parties last appeared before this Court, at an October 7, 2021 conference, Citi has made a rolling production of documents, which we understand to comprise all, or substantially all, of the documents that Citi produced to the DOJ and certain related emails. Due to the volume of these materials, we anticipate it will take a number of weeks for Plaintiff to review and analyze that initial production, and identify which documents are potentially relevant to the DOJ testimony.

Second, in accordance with the Court's direction, the next step will be for the parties to meet and confer regarding the scope of additional party discovery, including (i) identifying, and seeking to reach agreement on, the relevant custodians, and conducting word searches of their files; and (ii) identifying, and seeking to reach agreement upon, which other governmental investigations should be the subject of discovery. None of those steps have yet been taken; accordingly, it is virtually certain that a substantial portion of party document discovery will not be close to completion by the close, let alone the beginning, of December.

Citi notices the DOJ testimony for November. On October 19, 2021, Citi served notice of its intent to take the testimony of one or more DOJ witnesses on November 23, 2021. As set forth in a July 7, 2021 declaration from Citi's counsel (Exhibit A), the topics of the testimony are to include, among other things:

- "The facts concerning the initiation of the prosecution against Mr. Ramchandani, including whether it was Citi that initiated the prosecution";
- "The facts concerning whether Citi or its representatives made any false statement to the DOJ about facts concerning Mr. Ramchandani that then led to Mr. Ramchandani's prosecution";
- "The facts concerning the initiation of the prosecution of Mr. Ramchandani, including whether it was Citi that initiated the prosecution"; and
- The DOJ's "understanding" of numerous allegations set forth in the Complaint, including various of Plaintiff's allegations regarding the truthfulness of Citi's statements and assertions concerning Ramchandani to the DOJ.

The DOJ objects to a piecemeal deposition. After receiving Citi's deposition notice, the undersigned contacted Jeffrey Oestericher, Esq., of the U.S. Attorney's Office, to ask whether – if Citi insisted on going forward with the DOJ testimony on November 23 -- the DOJ would agree to a continuation of the deposition so as to permit Plaintiff's counsel to conduct their examination of the DOJ witness after the completion of relevant document discovery.

   Mr. Oestericher responded that the DOJ objected to a continuation, stating (as also recited in a subsequent email dated October 20, 2021): "DOJ takes no position on when the deposition should occur but we do not want to have to present the witness more than once."

   <u>Citi insists on going forward with the deposition in the midst of document discovery</u>. During a subsequent exchange of emails (Exhibit B), and, thereafter, during the parties' November 5, 2021 telephonic meet and confer session, Plaintiff's counsel explained that it would be prejudicial for Mr. Ramchandani to be required to conduct an examination of the DOJ witness regarding critical issues in the case before the completion of all relevant document discovery. Accordingly, Plaintiff's counsel proposed adjourning the testimony, and rescheduling it once the date for completion of relevant document discovery is known.

   Citi responded by asserting that Plaintiff should somehow be able to conduct a thorough and informed examination of the DOJ witness regarding core issues in dispute absent complete discovery, but failed to support the contention. Citi also asserted that the DOJ testimony must go forward soon because the Court imposed a December 31, 2021 discovery cut-off; yet, during the recent conference, this Court stated that it intends to extend that date. Finally, Citi failed to offer an explanation of how it could be prejudiced by an adjournment, particularly given that the DOJ has stated that it would not object to one.

   Citi then demanded that Plaintiff provide an alternative date certain for the deposition. Plaintiff's counsel declined to do so, given that the parties do not, at this point, have a basis to estimate when the relevant document discovery will be complete.

   On November 10, Citi's counsel wrote to state that it had unilaterally rescheduled the DOJ deposition for December 8, 2021, which – like the initial November 23 date – is certain to fall well before the completion of document discovery. The undersigned responded by stating that Plaintiff would be seeking relief from the Court.

* * *

   We respectfully submit that there is no substantial reason for the deposition of the DOJ witness to go forward on December 8, 2021, and that Citi will not be prejudiced by an adjournment of the testimony pending the completion of relevant document discovery.

          Respectfully submitted,

           /s/

          David R. Lurie

cc: Marshall H. Fishman, Esq.
   Samuel Rubin, Esq.
   Allison Funk, Esq.
   Jeffrey Oestericher, Esq.