# LAW OFFICE OF DAVID R. LURIE, PLLC

*194 President Street*
*Brooklyn, New York 11231*

*Phone: 347-651-0194*
*E-mail:david@davidlurielaw.com*

March 15, 2022

The Honorable Stewart D. Aaron
United States District Court
 for the Southern District of New York
500 Pearl Street, Room 1970
New York, New York  10007

Re: <u>Rohan Ramchandani v. Citigroup, Inc., et al.,</u>
<u>Civil Action No. 1:19-cv-9124 (VM) (SDA)</u>

Dear Judge Aaron:

We write on behalf of our client. Plaintiff Rohan Ramchandani, pursuant to this Court's Individual Practices, to motion:  (i) for an order compelling Defendants to comply with their document discovery obligations; and (ii) quashing Defendants' premature notices to take the testimony of potentially key witnesses prior to the satisfaction of their document discovery obligations.

## I.      PARTIES HAVE MET AND CONFERRED

Prior to and since the expiration of this Court's deadline for the substantial completion of document discovery, which (at the request of the parties) the Court extended to February 11, 2022, the parties have meet and conferred telephonically on a number of occasions, most recently on February 18, 2022, for approximately twenty minutes.  David R. Lurie and Gary Greenberg, counsel to Mr. Ramchandani, and Marshal Fishman, counsel to Citi, participated in that conference call.

## II.      THE STATUS OF DISCOVERY

Plaintiff substantially completed its document production prior to the February 11 deadline.  To date, Citi has not raised any objections to the adequacy or completeness of Plaintiff's production.

Defendants claim to have substantially completed their production; but as we will explain, it is materially incomplete, in numerous respects.  Additionally, Citi has yet to provide a privilege log indicating what documents are being withheld from its manifestly incomplete production on purported privilege grounds.  Finally, Defendants have issued subpoenas seeking the testimony of Plaintiff, as well as two potentially critical non-party witnesses, during the next several weeks.  Among them is a subpoena seeking the testimony, on March 25, 2022, of an institutional witness for the DOJ, which has indicated that it will oppose any continuation of its witness's deposition in the event that additional, relevant documents are subsequently produced.

March 15, 2022
Page 2

### III.   THE MATERIAL DEFICIENCIES IN CITI'S PRODUCTION

During the past weeks, Plaintiff has made detailed objections, first, to the scope of Citi's proposed production, and, thereafter, to the scope of its actual production.  Despite Plaintiff's multiple efforts to negotiate an acceptable resolution with Defendants, however, Citi's production remains materially deficient, in multiple respects.  For example:

First, Plaintiff requested that Citi produce documents concerning the facts and circumstances giving rise to Citi's decision to suspend, and then terminate, Mr. Ramchandani, including but not limited to documents in which Citi discusses and formulates its reasons to dismiss and terminate Plaintiff.  These events– as explained in Judge Marerro's ruling denying Citi's motion to dismiss – are highly significant to Plaintiff's theory that Citi targeted Mr. Ramchandani as a scapegoat.

Citi, however, refused to search for, let alone produce, those materials.  Instead, in the last tranche of its production, Citi reproduced materials it provided prior litigation in the U.K., in which Citi refused to produce documents regarding the circumstances of its decisions to suspend and terminate Mr. Ramchandani.  It is therefore unsurprising that the production is nearly devoid of any correspondence or other materials regarding these matters.

Second, at the direction of the Court, Plaintiff requested (see Exh. A) that Citi produce its correspondence with a limited number of regulatory and law enforcement agencies that conducted demonstrably relevant investigations into FX Spot market activities (most of which are located in Europe and the United States).  Additionally, in order to avoid undue burden, Plaintiff limited its initial request solely to such correspondence, and did not request the document productions Citi made to the entities at issue.

As Judge Marrero also recognized in his motion to dismiss opinion, Citi's communications with law enforcement and regulatory investigations are potentially significant for at least two reasons:  (i) they may establish potential wrongdoing by other Citi personnel for which Citi has a motive to avoid liability; and (ii) they may, once again, establish Citi's efforts to target Mr. Ramchandani as a scapegoat (as did a record of such a communication with the FCA cited in the Complaint and in the Court's decision).

Despite the patent probativity of Plaintiff's requests, and the absence of significant burden (Citi has not claimed any), Citi agreed only to produce correspondence with the UK's FCA, the OCC and the Fed in addition to correspondence with the DOJ this Court previously ordered it to provide.  Furthermore, even as to the agencies for which Citi agreed to produce materials, documents concerning (for example) Mr. Ramchandani's suspension and termination appear to be largely missing from Citi's production, raising further, serious, questions regarding the completeness of Defendants' production.

Third, Plaintiff identified a list of Citi custodians with direct involvement in the discipline and firing of Mr. Ramchandani or the law enforcement investigations of him and Citi.  Citi, wholly arbitrarily, refused even to conduct a term search of the ESI for nine of these individuals,

March 15, 2022
Page 3

including among them the two corporate officers Citi has claimed made the decision to terminate Mr. Ramchandani, as well as the CEO, who almost certainly were involved in Citi's decisions to plead guilty to a felony, and to its efforts to ensure that the plea was grounded solely on Mr. Ramchandani's conduct.[1]  It is therefore unsurprising that Citi's production appears to be missing significant documents related to the core issues of Citi's plea and Mr. Ramchandani's subsequent prosecution.

Finally, in addition, Citi has declined to employ a number of ESI search terms Plaintiff has requested, and has avowedly done so without initially running many of the terms to determine how many hits they generated, and therefore what additional burden they might pose to the review process.  Given, however, that Plaintiff has categorically refused to produce certain probative categories of documents, as well as the ESI of a number of important custodians, this remains a secondary problem.

In our last email correspondence with Citi (dated March 2, 2022; included in Exh. B), we again recited the categorical deficiencies in Citi's productions and invited Citi to identify any responsive materials contained in its productions, and falling within the categories at issue, that we had failed to locate.  In its attached response (dated March 4, 2022; included in Exh. B), Citi failed to identify any such materials.

Additionally, as stated above, Citi is seeking to go forward with the deposition testimony of several potentially key witnesses, including an institutional witness of the DOJ, despite the incompleteness of its own production.  The DOJ has made it plain that it will object to bringing its witness back for continued testimony in the event that additional relevant documents are produced.  Citi is also seeking to take the testimony of Mr. Ramchandani's immediate supervisor, but has not apparently obtained the agreement of his counsel to make the witness available for further testimony after Citi's discovery is complete.  Finally, Citi is seeking to take the testimony of Plaintiff, but has not agreed to be barred from seeking to take additional testimony after the completion of discovery.

*   *   *

Given the importance of these unresolved issues, and Plaintiff's inability to reach a consensual resolution of them despite repeated oral and written communications with Citi, we respectfully request a conference with the Court at its earliest convenience.

Respectfully submitted,

David R. Lurie

---

[1] Citi says that it is now reviewing additional materials for certain of the custodians at issue, but only materials that were "collected" in connection with the prior U.K. proceeding.

March 15, 2022
Page 4

cc: Counsel to Defendants (via ECF)
    Jeffrey Oestericher, Esq. (via email)

# EXHIBIT A

# LAW OFFICE OF GARY GREENBERG, ESQ.

*666 Third Avenue, 10th Floor*
*New York, New York 10017*

*Phone:  212-765-5770*
*E-mail:gg@ggreenberglaw.com*

December 24, 2021

**By Email**
Samuel J. Rubin, Esq.
Goodwin Proctor LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018

RE:     *Rohan Ramchandani v. Citigroup, Inc., et al.,*
        Civil Action No. 1:19-cv-9124(VM) (SDA)

Dear Sam:

        I am writing in response to your December 17, 2021 letter regarding the scope of Citi's proposed search for responsive (i) electronically stored documents; (ii) documents related to Mr. Ramchandani's termination and suspension; and (iii) documents concerning certain FX Spot market regulatory and law enforcement investigations. Once again, Citi is attempting to redefine the scope of this case, without regard to the actual nature of Plaintiff's well pled allegations and Plaintiff's properly stated document requests.

        Your proposal regarding each category of responsive documents is unacceptable; furthermore Citi's attempt to unilaterally define – and constrain – the scope of its search for responsive documents is squarely contrary to the Court's express direction to the parties.

### The Court directs the parties to meet and confer regarding the scope of document searches and productions.

        During the October 7, 2021 conference in this Action, Judge Aaron directed the parties to meet and confer regarding the custodians whose ESI is to be searched and the applicable search terms. Tr. at 24-25. Judge Aaron also directed that the parties "meet and confer" regarding the scope of Citi's search for responsive documents concerning FX Spot market investigations by agencies other than the DOJ. To that end, as stated in correspondence with the Court, we proposed that, on or before December 6, 2021, the parties exchange proposals.

### Plaintiff makes a proposal and invites Cit to meet and confer in accordance with the Court's direction; Citi refuses.

Law Office of Gary Greenberg, Esq.

Samuel J. Rubin, Esq.
Goodwin Proctor LLP
December 24, 2021
Page 2

On December 6, 2021, we sent you a letter proposing (i) a list of Citi ESI search custodians; (ii) a list of proposed search terms; and (iii) a list of relevant governmental and non-governmental agencies respecting which, we explained, Plaintiff is seeking FX Spot market-related correspondence (not including document productions), as well as responsive ESI materials.

On December 7, Citi sent a list of proposed search terms to be employed in connection with Plaintiff's search for responsive materials, as well as terms to be employed in searches by Plaintiff's former counsel, WilmerHale. Citi did not, however, identify any proposed custodians.

During a December 9 conference call among the parties, in accordance with the Court's express direction, we invited Citi to meet and confer regarding the parties' responsive proposals. Citi refused, stating that Citi's position would be outlined in subsequent correspondence.

**Citi unilaterally declares that it will not search for relevant materials.**

In Mr. Rubin's December 17 letter, Citi declared that it had decided to unilaterally define its own, incomplete list of custodians; its own unacceptably narrow search terms and its own unacceptably narrow list of relevant investigatory agencies, all in breach of the Court's meet and confer directions.

Citi's proposed search regime is unacceptably narrow, and indeed is plainly calculated to ensure that probative responsive materials will not be produced. Among other things:

First, Citi has declared that it is refusing to search the ESI of numerous significant custodians identified by Plaintiff, including:

- Michael Corbat, who was the CEO of Citi at the times relevant to this Action;
- James Forese, who Citi has identified as one of the two individuals responsible for Mr. Ramchandani's termination;
- Paco Ybarra, the other individual identified by Citi as responsible for Mr. Ramchandani's termination;
- Anil Prasad, Mr. Feig's superior and, on information and belief, an individual who was involved, on Citi's behalf, in several FX Spot market investigations;
- Rohan Weerasinghe, who served as Citi's general counsel during time periods relevant to this Action;
- Elaine Mandelbaum, who served as a deputy general counsel at Citi during time periods relevant to this Action and, on information and belief, had responsibilities respecting the FX Spot market investigations and related matters;

Law Office of Gary Greenberg, Esq.

Samuel J. Rubin, Esq.
Goodwin Proctor LLP
December 24, 2021
Page 3

- Mei Linn Kwan Gett, who also served as a deputy general counsel at Citi during time periods relevant to this Action and, on information and belief, had responsibilities respecting the FX Spot market investigations and related matters;
- Edward Skyler, a Citi public relations officer who, on information and belief, was involved in matters related to FX Spot market investigations generally and Mr. Ramchandani, specifically; and
- Danielle Romero-Apsilos, a Citi public relations officer who, on information and belief, was involved in matters related to FX Spot market investigations generally and Mr. Ramchandani, specifically.

In certain of the above cases, Citi asserts that it need not search the ESI for custodians Plaintiff identified because, Citi, claims, their files were searched for all potentially responsive materials in connection with a UK proceeding related to the termination of Mr. Ramchandani's employment. As we have noted to you, however, we are informed that, in connection with the UK proceeding, Citi produced only an exceedingly small handful of documents related to Mr. Ramchandani's suspension and ultimate dismissal, and none concerning the facts and circumstances related to those employment decisions.

We further understand that Citi made a blanket assertion of privilege in refusing to produce such probative materials in the UK proceeding, an assertion that is almost certain to fail in this Action, and certainly cannot justify a refusal to conduct a search for, let alone produce, responsive materials. Furthermore, the scope of this Action goes far beyond the time period, or the subject matter of Citi's employment-related UK dispute with Mr. Ramchandani. Accordingly, it is plain that simply reproducing Citi's deficient UK production cannot substitute for Citi conducting a complete search of, and production from, the ESI databases assigned to each of the relevant custodians Plaintiff has identified.

Second, Citi has likewise taken it upon itself to replace the search terms Plaintiff proposed with a dramatically shortened list of its own devising. Citi does not contend that it has tested the additional or different terms that Plaintiff proposed and found them to yield unacceptably large numbers of results; indeed Citi failed to offer any meaningful explanation for its decision to unilaterally determine what terms to use, although it is plain that, by refusing, for example, to search for documents including the names of numerous other individuals involved the FX Spot market matters, Citi is seeking to ensure that probative responsive documents are not produced.

Finally, Citi has declared that it will limit its production of responsive non-DOJ FX Spot market investigation-related materials, again so as to exclude a large volume of responsive, and potentially highly probative, documents.

Law Office of Gary Greenberg, Esq.

Samuel J. Rubin, Esq.
Goodwin Proctor LLP
December 24, 2021
Page 4

During the October 7 conference, the Court directed the parties to "meet and confer" regarding which non-DOJ inquiries should be the subject of Citi's production, as well as the scope of the searches for such materials. Tr. at 24-25. The Court also noted that Citi should not be required to reproduce its document productions to other agencies to the extent they are largely duplicative of materials also produced to the DOJ.

To that end, Plaintiff proposed that Citi produce its correspondence concerning FX Spot market investigations (not including its document productions) with a limited number of relevant agencies, comprising those with jurisdiction over the European, UK and U.S. financial markets, hardly a burdensome request. We also proposed that Citi produce responsive documents concerning such non-DOJ inquiries that are yielded from the ESI searches Plaintiff proposed.

Citi responded by declaring that it will produce only documents concerning the OCC, Fed and FCA FX spot market inquiries, and furthermore announced that it will conduct a search for this highly limited ambit of documents using a constrained list of search terms, once again, of its own unilateral devising. According to you, Citi's unilateral shrinking of the scope of its search and document production somehow accords with Judge Aaron's directions to the parties; we disagree.

* * *

Citi should cease its attempts to frustrate the discovery process, and stop ignoring the Court's express directions, and instead engage in a good faith effort to meet and confer regarding the scope of discovery in this Action. If Citi refuses to do so, we will have no choice but to seek relief from the Court.[1]

Sincerely,

Gary Greenberg

---

[1] Citi's suggestion that Mr. Ramchandani's document production efforts have somehow been deficient is a transparent effort at deflection. We received Citi's proposed ESI search terms on December 7, and – in the wake of Citi's refusal to meet and confer and its failure to identify relevant custodians – are proceeding with a search that we believe to be appropriate, and understand that Wilmer is doing the same.



Samuel J. Rubin
+1 212 813 8852
SRubin@goodwinlaw.com

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018

goodwinlaw.com
+1 212 813 8800

December 30, 2021

**VIA E-MAIL**

David R. Lurie, Esq.
Law Office of David R. Lurie, PLLC
194 President Street
Brooklyn, New York 11231

Gary Greenberg, Esq.
666 Third Avenue, 10th Floor
New York, New York 10017

Re:   Ramchandani v. Citigroup Inc. et al.; No. 19-cv-9124 (VM) (SDA)

Dear David and Gary:

This will respond to your Christmas Eve missive which attempts to manufacture discovery disputes where none exist and misstates the Court's guidance at the October 7, 2021 conference.

As an initial matter, your letter ignores the substantial discovery completed to date:

- Citi has produced more than 147,000 documents including all documents produced to the Department of Justice ("DOJ") in connection with its foreign exchange ("FX") investigation.

- Citi has substantially completed production of its communications with the DOJ as well as the documents exchanged between the parties in Plaintiff's United Kingdom Employment Tribunal (the "Employment Tribunal") proceedings.[1]

- Citi is conducting a broad e-mail review based on search terms and custodians we provided to you in our December 17 letter which were designed to capture, among other things, any documents including any references to FX or Ramchandani (with broad variations on syntax and abbreviations).

This approach is consistent with Judge Aaron's guidance at the October 7 conference and, in particular, the Court's observations that discovery should be proportionate to the needs of the case, was likely to require search and review of approximately 6-10 custodians, and that Citi's re-production of the entirety of the documents previously produced to the DOJ would already provide "what's likely most relevant" because the DOJ is a "very thorough agency." (10/7 H'rg Tr. at 28:10-11, 13-14.)

Accordingly, as we advised you on December 17, Citi intends to complete the remainder of its outstanding productions by the operative January 21, 2022 substantial completion deadline. Plaintiff, by

---

[1]   As we have previously advised you, Citi's productions and communications to the DOJ and in the Employment Tribunal proceedings were sourced from a broader custodian population that included e-mail searches of all of the custodians you identified in your December 6 and December 24 letters.



David R. Lurie, Esq.
Gary Greenberg, Esq.
December 30, 2021
Page 2

contrast, has not produced a single document in this case, nor have you reviewed the voluminous productions Citi has made prior to attempting to create hypothetical perceived deficiencies.

In addition to ignoring the record regarding discovery to date, your December 24 letter contains several other false statements regarding the parties' communications and Judge Aaron's directives.

First, Citi did not refuse to meet-and-confer with you. We conferred with you on December 9, 2021, three days after receiving your December 6 search term proposal. On that call (which was attended by Marshall Fishman, David Lurie, Gary Greenberg and myself), we discussed how your proposal exceeded Judge Aaron's October 7 guidance. In any event, as we said in our December 17 letter, Citi remains willing to further meet and confer with you regarding search terms and your suggestion otherwise is baseless.

Second, contrary to your characterizations, Citi did provide search term and custodian proposals for Plaintiff's productions. We note, such proposals were not necessary in light of your October 7 representation to the Court that you were already prepared then to produce "virtually all" of Plaintiff's documents "expeditiously." (10/7 Hr'g. Tr. at 9:5-8.) Be that as it may, Citi still provided you with a search proposal including proposed terms, date ranges, and the identification of Ramchandani as a custodian as well as a requested email search to be conducted on one or more Wilmer custodian(s) sufficient to capture Wilmer's non-duplicative, non-privileged, external communications with prosecutors and witnesses. You represented those Wilmer custodians would be: Heather Nyong'o and Thomas Mueller.

Third, your letter mischaracterizes the Court's guidance concerning the permissible scope of non-DOJ regulatory discovery. It was Judge Aaron's suggestion that such discovery should be limited to the more substantial regulators at issue (which the Court identified as the OCC, the FCA, and the FRB). It was also Judge Aaron's suggestion that such discovery should focus on "communications with [those regulators] trying to convince them not to bring charges" or in the "resolution of charges." (10/7 Hr'g. Tr. at 24:19-25, 25:2-19.) Your requests for "all FX Spot market related correspondence with . . . [e]very agency and non-governmental entity" located within the United States, the United Kingdom, the European Union, Switzerland, Brazil or South Africa is inconsistent with Judge Aaron's guidance.

*     *     *

As set forth in our December 17 letter, we remain willing to meet-and-confer with you in good faith regarding your search term proposals and the ongoing discovery in this action. Defendants will continue making productions on a rolling basis in order to substantially complete their already substantial document productions on or before the January 21, 2022 deadline. All rights are reserved.

Very truly yours,

/s/ Samuel J. Rubin

Samuel J. Rubin

# EXHIBIT B

 Gmail                                    David Lurie <davidrlurie@gmail.com>

---

## Ramchandani v. Citi, Case No. 1:19-cv-09124-VM-SDA

**David Lurie** <david@davidlurielaw.com>                                    Wed, Mar 2, 2022 at 1:08 PM
To: "Rubin, Samuel J." <SRubin@goodwinlaw.com>, "Fishman, Marshall H." <mfishman@goodwinlaw.com>, "Hoyle, Lindsay
E" <LHoyle@goodwinlaw.com>, "Harrington, William" <WHarrington@goodwinlaw.com>, "Funk, Allison M"
<AFunk@goodwinlaw.com>
Cc: "gg@ggreenberglaw.com" <gg@ggreenberglaw.com>

Sam:

During our call on February 17, 2022, you urged us to fully review Citi's latest production before
presenting our objections to the Court, and suggested that the production contains some or all of
the materials we have been seeking.

We have substantially completed our review, however, and the production appears to be largely
devoid of the probative documents at issue.

For example. we have demanded that Citi search for and produce documents concerning the facts
and circumstances of Citi's decision to suspend, and then terminate, Mr. Ramchandani.  You
indicated that Citi's recent production might contain such materials; but our review indicates that
the materials you produced from the relevant time period -- which is largely limited to materials
produced in a UK litigation addressing different factual and legal issues -- is  nearly devoid
documents concerning the facts and circumstances related to Mr. Ramchandani's suspension and
termination.

We have also sought documents constituting Citibank's communications with certain specified
regulatory and law enforcement agencies concerning FX Spot market investigations. You stated
that Citi would be providing us with materials concerning investigations by certain of the agencies
we identified, but not others, despite the absence of any substantial burden associated with
complying with the entirety of our limited requests. We objected to your unilateral editing of Citi's
production, and that objection stands.  In any event, even respecting those few agencies as to which
you agreed to provide materials we have not identified substantial numbers of documents
concerning the subject matters at issue within your production.

Furthermore, we have very substantial questions regarding the completeness of Citi's production of
materials concerning Citi's dealings with the DOJ and related matters.

If we have failed to locate responsive materials falling within the foregoing categories that were
included in your production, please let us know. It will do us no good to obtain a ruling from the
Court requiring Citi to produce documents from additional custodians and jurisdictions if you have
made a blanket decision to withhold documents concerning, for example, the decision to suspend
then terminate Mr. Ramchandani and Citi's communications with the government entities
respecting the FX Spot market investigations, since increasing the scope of the search will still get
us nothing of value.

Accordingly, we need a clear statement from you as to whether you have withheld such documents
so that we can understand the full scope of the parties' dispute, and thereby properly frame the

issues for the Court.

Finally, we have the following responses to your recently renewed deposition notices to the DOJ and Mr. Ramchandani, as well your notice to Jeffrey Feig, all for testimony to occur within the upcoming weeks.

- Given that discovery is not remotely complete, and that we have not received a privilege log from you (let alone resolved any privilege disputes), as well as the fact that the DOJ has made clear that it will object to a continuation of its witness's testimony, we object to this notice as premature.
- As to Mr. Feig's testimony, unless his counsel expressly agrees to a continuation of his testimony following the completion of document discovery, we will object to Citi's notice for his testimony as premature for the same reasons stated above.
- Unless Citi expressly agrees <u>not</u> to seek a continuation of Mr. Ramchandani's deposition following the completion of document production, we will object to Citi's notice to seek his testimony as premature, also for the same reasons stated above.

Best, David Lurie

Law Office of David R. Lurie, PLLC
Email:    david@davidlurielaw.com
Phone:   347-651-0194

 Gmail

**David Lurie <davidrlurie@gmail.com>**

## Ramchandani v. Citi, Case No. 1:19-cv-09124-VM-SDA

**Rubin, Samuel J.** <SRubin@goodwinlaw.com>                    Fri, Mar 4, 2022 at 1:28 PM
To: David Lurie <david@davidlurielaw.com>, "gg@ggreenberglaw.com" <gg@ggreenberglaw.com>
Cc: "Fishman, Marshall H." <MFishman@goodwinlaw.com>, "Hoyle, Lindsay E" <LHoyle@goodwinlaw.com>, "Harrington,
William" <WHarrington@goodwinlaw.com>, "Funk, Allison M" <AFunk@goodwinlaw.com>

David,

The parties have a fact discovery cut-off of April 22, 2022. Your statements on Feb. 18, 2022—that you had not even
loaded our document productions to a review platform (much less begun your review) and would oppose a DOJ
deposition no matter when it was scheduled—were nothing less than astounding. They made plain that your intention is
to make discovery impossible to complete by manufacturing discovery disputes in a manner that is inconsistent with
Judge Aaron's Oct. 7 guidance. In particular, your goal seems to be to frustrate our ability to ever take the DOJ's
deposition.

Be that as it may, Citi remains committed to completing discovery efficiently and in accordance with the governing
schedule. Document discovery is substantially complete. Citi produced all of the documents relevant to a DOJ
deposition (more than 140,000 documents previously produced to the DOJ as well as all of its communications with the
DOJ). The DOJ produced all of the documents requested by the parties pursuant to their respective Touhy requests. Citi
produced the entire record (several thousand pages of additional materials) from the United Kingdom Employment
proceedings. As you well know, that proceeding was commenced by Mr. Ramchandani for wrongful termination and by
definition focused on termination and suspension. Citi produced its communications with the United Kingdom's Financial
Conduct Authority concerning Mr. Ramchandani. And although it was largely duplicative (just as Judge Aaron previewed
at the Oct. 7 conference), Citi still conducted broad searches of 7 custodians (as set forth in our Dec. 17, 2021 letter) and
is near completing a small production from an additional 4 custodians per a further compromise we proposed in our Jan.
27, 2022 letter (a proposal to which you never responded).

The points you raise regarding the parties' exchange of privilege logs is not a basis to stay all depositions in the case. As
you know, this case involved multiple attorney-custodians (both inside and outside counsel) from which substantial
portions of both sides' document discovery were sourced. We will be providing you with a categorical log describing our
withholdings in accordance with the Court's Local Rules by the end of next week and assume you will be doing the same.
Please let us know if you'd like to try to agree on a different day for a simultaneous exchange or if you will not be in a
position to provide your log by March 18.

We remain willing to meet-and-confer with you to try to resolve or narrow any perceived discovery deficiencies and/or to
agree on mutually-acceptable modifications to the proposed dates for the depositions to proceed within the discovery cut-
off. We are not willing to agree to stay all depositions indefinitely, or to assume the Court will again extend the parties'
discovery cut-off now a third time, while you further delay in your review of the substantial volume of materials provided
and attempt to create hypothetical discovery disputes regarding topics having nothing to do with the DOJ's prosecution of
Mr. Ramchandani.

All rights reserved.

Samuel J. Rubin