# EXHIBIT B



Samuel J. Rubin
+1 212 813 8852
SRubin@goodwinlaw.com

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018

goodwinlaw.com
+1 212 813 8800

December 17, 2021

**VIA E-MAIL**

David R. Lurie, Esq.
Law Office of David R. Lurie, PLLC
194 President Street
Brooklyn, New York 11231

Gary Greenberg, Esq.
666 Third Avenue, 10th Floor
New York, New York 10017

Re:   Ramchandani v. Citigroup Inc. et al.; No. 19-cv-9124 (VM) (SDA)

Dear David and Gary:

    This will respond to your letter dated December 6, 2021 supplying Plaintiff's proposed search term and custodial parameters which Defendants have been requesting since the outset of discovery.

    As you know, Defendants have produced more than 147,000 documents including:  (i) all documents produced to the Department of Justice ("DOJ") in connection with its foreign exchange ("FX") spot market investigation; (ii) substantially all documents previously produced during discovery in the United Kingdom Employment Tribunal (the "Employment Tribunal") proceedings; and (iii) substantially all of Defendants' communications (*i.e.*, e-mails and other correspondence) with the DOJ concerning its FX investigation.  We have further advised you that additional production of DOJ communications and documents exchanged between the parties during discovery in the Employment Tribunal proceedings (which Plaintiff already received in those proceedings) will be produced within the currently operative January 21, 2022 discovery cut-off.

    By contrast, Plaintiff has produced no documents, notwithstanding your representation to the Court at the October 7, 2021 conference that Plaintiff was prepared to do so "expeditiously" and your further representations to us (including as recently as December 9, 2021) that Plaintiff's documents are not voluminous.  You further represented during our discussion on December 9 that you had not yet reviewed the substantial document productions that Defendants have already made, and that you were not in a position to assess the sufficiency of those productions.

    This context is important because the document productions Defendants have already made were sourced from a more comprehensive list of custodians than the ones identified in your December 6 correspondence.  The 16 custodians identified in your December 6 letter were among the individuals who were previously searched for responsive documents in connection with the prior productions made to the DOJ, the Employment Tribunal, or in connection with Defendants' productions in this action.[1]

---

[1]   Your proposed custodians Jeffrey Feig, Anil Prasad, Rohan Ramchandani, and Paco Ybarra were among the custodians searched to make the prior DOJ productions.  Your proposed custodians Michael Corbat, Jeffrey Feig, James Forese, Jeffrey French, Elaine Mandelbaum, Anil Prasad, Danielle Romero-Apsilos, Edward Skyler, Rohan Weerasinghe, and Paco Ybarra were among the custodians searched to make the prior Employment



David R. Lurie, Esq.
Gary Greenberg, Esq.
December 17, 2021
Page 2

Accordingly, and as we have advised you previously, it is Citi's position that these substantial productions (as well as additional productions Defendants anticipate making prior to January 21, 2022) will provide all relevant non-privileged documents. Defendants' additional productions will be made from a search for non-duplicative, non-privileged documents containing the following terms:

    FX or "foreign exchange" or Forex*
    DOJ or "Department of Justice"
    FCA or "Financial Conduct Authority"
    "dream team" or (team w/2 dream)
    Antitrust*
    Plea*
    Guilty*
    Ashton*
    Mafia or Cartel
    Rohan* or Ramchandani*
    Chat*
    Usher*
    Gardiner*

These search terms have been applied to the e-mails of the following custodians during the relevant time period set forth in our responses and objections: (i) Paul Ferguson; (ii) Jeffrey Feig; (iii) Jeffrey French; (iv) Danielle Romero-Apsilos; (v) Lev Dassin; (vi) Jonathan Kolodner; and (vii) Mark Nelson.

This approach is consistent with Judge Aaron's guidance at the October 7 conference estimating that the appropriate number of custodians in this case is likely to be in the range of six to ten individuals. (10/7 H'rg Tr. at 19.) Additionally, we have reviewed the list of proposed terms you provided on December 6 and, although we regard them as largely duplicative, we will agree to test the following additional proposed search terms to determine if they yield a reasonable number of non-duplicative documents that can be reviewed in a non-burdensome manner within the January 21 document discovery cut-off:

    "For* Ex*"
    "Dep't of Justice" or "Dept of Justice"
    WMR /3 fix
    (ECB or "European Central Bank") /3 fix*
    Bandits or (Band* /2 Club)
    ("one team" /2 "one dream")

We reject your suggestion to apply additional freestanding search terms designed to capture documents having no nexus to the FX investigation. To the extent proposed standalone terms like

---

Tribunal productions. Your proposed Cleary custodians (Lev Dassin, Jonathan Kolodner, and Mark Nelson) were among the custodians searched to make the prior production of DOJ-related communications. Your proposed in-house Citi attorney custodians (Mei Lin Kwan-Gett and Elaine Mandelbaum) were among the custodians collected to make Defendants' DOJ communications productions but any of their communications were already captured in the production of the Cleary custodians.



David R. Lurie, Esq.
Gary Greenberg, Esq.
December 17, 2021
Page 3

"cheat*" or "immune*" or "Libor*" or "manipul*" or "prosecut*" or "fraud*" or "spot market*" or "spread*" appear in documents that are related to the FX investigation and/or the prosecution of individual FX traders, they will be captured by the broad search terms we have already applied. To the extent you are seeking documents pertaining to other investigations or prosecutions having no nexus to the FX investigation, your requests are impermissibly broad and disproportionate to the needs of the case.

Nor will we collect and review "all FX Spot market related correspondence with . . . [e]very agency and non-governmental entity" located within the United States, the United Kingdom, the European Union, Switzerland, Brazil or South Africa. That request is inconsistent with Judge Aaron's guidance at the October 7 hearing that requiring Defendants to produce all of their FX document productions to agencies other than the DOJ was "certainly . . . not proportional to the needs of the case" (10/7 H'rg Tr. at 24), especially in light of the reproduction to Plaintiff of the entirety of the DOJ production. Judge Aaron further observed that, in the Court's experience, the DOJ is a "very thorough agency . . . so the documents and emails that they received . . . are the set of the most, what's likely most relevant." (*Id.* at 28.)

With regard to discovery concerning other (non-DOJ) regulators, Judge Aaron further advised the parties that a reasonable and proportionate approach would be to limit search and review to Defendants' communications with significant regulators (which the Court identified to be the Office of the Comptroller of Currency, the Financial Conduct Authority, and the Board of Governors for the Federal Reserve Bank). Even within that group of non-DOJ regulators, Judge Aaron further advised the parties that such review should not capture all documents produced, but rather should focus on communications made in connection with Defendants' resolution of those agencies' FX investigations that referenced Ramchandani or other traders. (*Id*. at 37.)

Accordingly, Defendants will agree to test the following search criteria which is designed to capture the documents Judge Aaron described:

(Ramchandani or Bakri or Brides or Cave or Cummins or Hoodless or Lawes or Madaras or McWilliams or Santos or Stimpson or Thong or Tschachtli or "Anthony John" or "Tony John") and (@occ.treas.gov or @fca.org.uk or @federalreserve.gov or @ny.frb.org or @bos.frb.org) and (settl! or resolv! or plea! or fine! or guilt!)

Provided this search criteria yields a reasonable number of documents, Defendants will review them for responsiveness and produce non-privileged communications in accordance with Judge Aaron's guidance at the October 7 conference. If, after reviewing Citi productions, Plaintiff believes in good faith there are deficiencies in Defendants' productions, we will agree to meet and confer to discuss whether reasonably-tailored additional searches are warranted. All rights are reserved.

Very truly yours,

/s/ Samuel J. Rubin

Samuel J. Rubin