# EXHIBIT C



Samuel J. Rubin
+1 212 813 8852
SRubin@goodwinlaw.com

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018

goodwinlaw.com
+1 212 813 8800

January 27, 2022

**VIA E-MAIL**

David R. Lurie, Esq.
Law Office of David R. Lurie, PLLC
194 President Street
Brooklyn, New York 11231

Gary Greenberg, Esq.
666 Third Avenue, 10th Floor
New York, New York 10017

Re:   Ramchandani v. Citigroup Inc. et al.; No. 19-cv-9124 (VM) (SDA)

Dear David and Gary:

     We write in furtherance of our meet-and-confer discussions on January 4, 10 and 14, 2022 as well as our correspondence on December 17 and 30, 2021.  We note at the outset, Defendants' efforts to achieve compromise and avoid Court intervention have been one-sided.

     As you know, Citi has produced more than 147,000 documents including re-production of its prior productions to the Department of Justice ("DOJ") and the materials exchanged during discovery undertaken in Ramchandani's UK employment litigation (the "UK proceedings").  As we have advised you, the prior productions were sourced from extensive custodian populations that included <u>all</u> of the 16 custodians you seek here.  In addition to those re-productions, Citi also has further undertaken a fresh review of 7 of the 16 custodians that you have requested in this action for any documents concerning FX or Ramchandani, as well as several other broad topics.

     By contrast, Plaintiff has failed to produce a single document notwithstanding your representation on October 7, 2021 that you were prepared to "expeditiously" complete production of "virtually all" of the documents Defendants requested.  This is a significant failure because Plaintiff is now seeking production of many documents that already are in Plaintiff's possession.  The deficiency is further compounded by your unwillingness to review any of the substantial productions already made prior to claiming hypothetical deficiencies and requesting additional searches be conducted.  This intransigence can only be attributed to a desire to ratchet up burden and manufacture disputes where there should be none.

     Further, during our last discussion (January 14), Citi offered yet another potential compromise which you did not respond to.  In addition to the above commitments, Citi indicated it would be willing to undertake a re-review the emails of James Forese, Michael Corbat, and Paco Ybarra that were originally collected during the UK proceedings.  We expect that review will yield largely duplicative findings because the UK proceedings concerned the same suspension and termination topics you seek discovery on here.[1]

---

[1]   The time periods applied to those collections in the UK proceedings were August 1, 2013 through January 31, 2014 which capture the entirety of discussions regarding Ramchandani's suspension and termination.  The search terms that applied similarly captured any documents containing the words:  (("Rohan" or "Ramchandani") and ("Suspen*" OR "Dismiss" OR "Terminat*" OR "Comp*" OR "Remuneration" OR "Bonus" OR "Forfeit" OR "Shares" OR "Award" OR "Unvested")).



David R. Lurie, Esq.
Gary Greenberg, Esq.
January 27, 2022
Page 2

Similarly, although we also expect it to be largely cumulative of the emails already provided in the DOJ productions, we also are willing to review Ramchandani's emails prior to his termination as well. In addition to the 147,000 documents already produced, Defendants would now be reviewing 11 of the 16 custodians you requested, which exceeds the estimate of approximately 6-10 custodians Judge Aaron suggested at the last conference. *See* Oct. 7, 2021 Hrg. Tr. at 19.

Additionally, Citi sought to achieve compromise on your requests to take discovery of all of its communications with any regulatory agency that conducted any FX investigations in the United States, United Kingdom, European Union, South Africa, Brazil or Switzerland. The request, on its face, stands in direct contravention to Judge Aaron's guidance at the October 7 conference. *See id.* at 25, 28-29, 36-40, 44-45. The request also is designed to unnecessarily complicate discovery into irrelevant topics: as you know, Defendants are already producing all of Citi's communications concerning the FX investigation with the DOJ which is the only governmental agency that presented an indictment to the Grand Jury. The argument that Plaintiff needs discovery on every non-DOJ communication to infer what was allegedly communicated to the DOJ (when Plaintiff is already receiving all DOJ communications themselves) is irreconcilable with any notions of relevance and proportionality.

In any event, as part of discovery in the UK proceedings, your client already possesses all of Citi's communications concerning the FX investigation with the United Kingdom Financial Conduct Authority ("FCA"). From that record, you have not produced or identified a single communication that would justify a further inquiry into all other non-DOJ regulatory communications. Your effort to seek all such communications ignores Judge Aaron's directives that you should be reasonable in your requests and prioritize and target them based on the most substantial communications. Your approach also ignores Judge Aaron's further guidance that because the DOJ is a very "thorough" department that if Citi's communications with the DOJ (and FCA, which you already have) do not support Plaintiff's allegations, the Court was not going to order Citi to turn over "every stone." *See id.* at 25, 28-29, 36-40, 44-45.

Citi has been reasonable in its efforts to complete document discovery and move forward with the DOJ deposition. We expect that deposition (together with the Grand Jury minutes already produced) will be dispositive of this action. It will confirm that Matthew Gardiner of UBS (not any Citi witness) was the individual upon whom the DOJ "truly relied" to indict Ramchandani, as Ramchandani's own defense counsel stated during his criminal trial. In the interim, Citi remains willing to confer with you, in a good faith and reciprocal manner, to consider whether any discovery dispute can be eliminated or narrowed through reasonable supplementation of the already substantial record. We are available if you believe further discussions will be productive but otherwise expect we are at an impasse.

Very truly yours,

/s/ Samuel J. Rubin

Samuel J. Rubin