

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

March 21, 2022

**By Email**
Marshall H. Fishman, Esq.
Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018

      Re:    <u>*Touhy* Request for Deposition Testimony in Connection with *Ramchandani v. Citigroup, Inc. et al.*, 19 Civ. 9124 (VM) (SDA)</u>

Dear Mr. Fishman:

      I am writing in response to your letter to Sarah Oldfield, Esq., dated July 7, 2021 (the "July 7, 2021 Touhy Letter"), in connection with the above-referenced civil matter, requesting that the United States Department of Justice ("DOJ") provide deposition testimony on certain topics set forth in the Declaration of Marshall H. Fishman, dated July 7, 2021 ("Fishman Declaration").

      As you are aware, your request for deposition testimony is governed by DOJ's Touhy regulations set forth at 28 C.F.R. §§ 16.21 *et seq*. Pursuant to those regulations, upon receipt of a Touhy request for testimony, the appropriate DOJ official is required to make a determination regarding the requesting party's demand in light of the considerations set forth at 28 C.F.R. §§ 16.22, 16.24, 16.25, 16.26. Those considerations include, *inter alia*, "[w]hether such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose," 28 C.F.R. § 16.26(a)(1), and "[w]hether disclosure is appropriate under the relevant substantive law concerning privilege," 28 C.F.R. § 16.26(a)(2). Disclosure will not be authorized when it would "violate a statute," 28 C.F.R. § 16.26(b)(1), "violate a specific regulation," 28 C.F.R. § 16.26(b)(2), "reveal a confidential source or informant," 28 C.F.R. § 16.26(b)(4), "reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired," 28 C.F.R. § 16.26(b)(5), or "improperly reveal trade secrets," 28 C.F.R. § 16.26(b)(6). The deciding official in this matter is the United States Attorney for the Southern District of New York. *See* 28 C.F.R. §§ 16.22(b), 16.24.

      You have requested testimony on a number of enumerated topics related to the above-referenced matter. *See* Fishman Declaration ¶ 6. Having considered the factors set forth in the DOJ Touhy regulations and the circumstances of this matter, this Office has authorized the

disclosure of the information requested, but only to the extent that such information is not privileged or otherwise subject to withholding.  *See* 28 C.F.R. § 16.26(b).

      Please be advised that nothing in this response should be construed as, or constitutes, a waiver of, any applicable privilege, including but not limited to the attorney-client, work product, or law enforcement privileges.  Moreover, the decision to provide information in response to your Touhy request is limited to the unique circumstances of this case; nothing in this response should be construed as precedent for the disclosure of such information in future matters.  Finally, DOJ intends to provide deposition testimony only on the topics set forth in Paragraph 6 of the Fishman Declaration, *see* 28 C.F.R. § 16.22(c), and in conformity with the Court's Fed. R. Crim. P. 6(e) Order, *see* Dkt. No. 44.  Moreover, DOJ intends to provide testimony on only one occasion and will object to any efforts to require multiple depositions.

      Please let me know if you have any questions with respect to this response.

      Very truly yours,

      DAMIAN WILLIAMS
      United States Attorney

By:    __/s/ Jeffrey Oestericher_____
      JEFFREY OESTERICHER
      Assistant United States Attorney
      Tel:  (212) 637-2695
      Fax:  (212) 637-2680
      Email:  jeffrey.oestericher@usdoj.gov

cc:    (Via Electronic Mail)
      David R. Lurie, Esq
      William Harrington, Esq.
      Sarah Oldfield, Esq.