UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Rohan Ramchandani,

                Plaintiff,

-against-

CitiBank National Association et al.,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/26/2022

1:19-cv-09124 (VM) (SDA)

ORDER

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Following a telephone conference with the parties on April 25, 2022, for the reasons set forth below, as well as the reasons stated on the record, the Court hereby ORDERS, as follows:

1. The parties filed under seal the letters at ECF Nos. 74, 76 and 77. It is clear to the Court that the entirety of each of the letters (and their exhibits, if any) are not properly subject to confidential treatment, but that a part of the submissions may be. Accordingly, no later than May 3, 2022, the party seeking confidential treatment for any portion of ECF Nos. 74, 76 and/or 77 shall file redacted versions of such documents, along with a letter application to the Court setting forth the basis for the redactions. If confidential treatment is not being sought for any part of any of the documents, then such documents shall be publicly filed.

2. No later than May 9, 2022, Defendants Citigroup Inc., Citicorp LLC and Citibank, N.A. (collectively, "Citi") shall provide Plaintiff with a document-by-document privilege log for the following: (a) documents related to Plaintiff's suspension or termination; (b) documents in which Jeffrey Feig or James Forese is a to, from, cc, bcc; (c) documents in which press-related custodians Plaintiff requested, Jeffrey French and Danielle

Romero Apsilos, are a to, from, cc, bcc; (d) documents related to Citi's communications with the press; (e) documents where only non-lawyers are a to, from, cc, bcc; (f) documents that are partially privileged; and (g) outside counsel's notes and memoranda of discussions with the DOJ.

3. No later than May 9, 2022, Plaintiff shall provide Citi with a document-by-document privilege log for his counsel's and memoranda of discussions with the DOJ.

4. Upon receipt of the logs set forth in paragraphs 3 and 4 above, the parties shall meet and confer to seek to resolve any disputes regarding assertions of privilege. If any disputes cannot be resolved after good faith efforts have been made, then no later than May 23, 2022 each side may designate for *in camera* review by the Court either (a) a sample of no more than ten documents in no more than five categories of withheld documents, or (b) a sample of fifty documents. The designated documents shall be sent to the Court (500 Pearl Street, Room 1970, New York, NY 10007) on a thumb drive for receipt by the Court no later than 12 noon on May 24, 2022.

5. Citi is not required to make any additional custodial productions.

6. Citi shall produce all communications concerning Plaintiff between Citi and (a) the U.S. Securities and Exchange Commission; (b) the United Kingdom Serious Fraud Office; (c) the European Union Directorate General for Competition; and (d) the European Central Bank.

7. In lieu of taking separate depositions of present and former attorneys from the law firm Cleary Gottlieb Steen & Hamilton LLP ("Cleary"), Plaintiff shall take a single seven-hour deposition of Cleary, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, with either Lev L. Dassin or Jonathan S. Kolodner as Cleary's designee.

Further testimony from any present or former Cleary attorneys shall be permitted only upon a showing of good cause, and even then shall be limited in time and/or duration.

8. Regarding witnesses with knowledge about Citi's communications with the press concerning the FX investigation, Plaintiff may take either (a) one Rule 30(b)(6) deposition limited to seven hours, or (b) no more than two depositions limited in total to seven hours.

9. Plaintiff may take depositions of James Forese and Paco Ybarra limited to two hours each and a deposition of Jacquie York limited to one half-hour.

10. Any deposition of Citi's former in-house lawyer, Paul Ferguson, who works and resides in the United Kingdom, shall be taken pursuant to the provisions set forth in the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters; <u>provided</u>, <u>however</u>, that if Citi intends to, or does, submit an affidavit or declaration from Mr. Ferguson in support of any motion filed in this Court, Mr. Ferguson shall be made available by Citi for deposition.[1]

11. Plaintiff may use the stipulation between Plaintiff and Enforcement Counsel for the Office of the Comptroller of Currency (OCC Stipulation, ECF No. 74-4) in discovery, including taking depositions. The Court takes no position regarding the admissibility of the OCC Stipulation.

---

[1] During yesterday's conference, the Court had stated that, if Citi proffered an affidavit or declaration from Mr. Ferguson in support of its motion for summary judgment, then Plaintiff could seek to take a deposition of Mr. Ferguson pursuant to Rule 56(d). Upon reflection, the Court finds that, if Mr. Ferguson affirmatively submits testimony in this Court, he will have submitted himself to the jurisdiction of this Court for purposes of having his deposition testimony taken.

12. The parties shall meet and confer regarding a revised discovery schedule. No later than May 16, 2022, the parties shall file a joint letter setting forth a proposed revised discovery schedule and, if they are unable to agree, their competing proposals.

**SO ORDERED.**

Dated:   New York, New York
         April 26, 2022

_____
STEWART D. AARON
United States Magistrate Judge