# LAW OFFICE OF DAVID R. LURIE, PLLC

*194 President Street*
*Brooklyn, New York 11231*

*Phone: 347-651-0194*
*E-mail:david@davidlurielaw.com*

April 21, 2022

The Honorable Stewart D. Aaron
United States District Court
 for the Southern District of New York
500 Pearl Street, Room 1970
New York, New York 10007

                Re:  <u>Rohan Ramchandani v. Citigroup, Inc., et al.</u>,
                   <u>Civil Action No. 1:19-cv-9124(VM) (SDA)</u>

Dear Judge Aaron:

      In accordance with your Honor's Order dated March 24, 2022 (the "March 24 Order"), the Parties submit this joint letter setting forth each side's positions regarding outstanding discovery disputes.

### **<u>PARTIES HAVE MET AND CONFERRED</u>**

      The Parties met and conferred telephonically on April 11 and 13, 2022 for approximately twenty minutes each time, and have likewise engaged in correspondence, regarding discovery matters.  Each of David R. Lurie and Gary Greenberg, counsel to Mr. Ramchandani, and Samuel Rubin, Marshall Fishman and Lindsey Hoyle, counsel to Citi, participated in one or both of those calls.

### **<u>PLAINTIFF'S POSITIONS</u>**

    A.    Status of Discovery

      Plaintiff completed his document production by the Court's deadline for substantial completion and served his privilege log on March 24.  As discussed below, Defendants' production remains incomplete.

###     I.    **<u>THE PRIVILEGE LOG</u>**

      On April 19, 2022, Citi belatedly produced a log (annexed as Exhibit A) containing some of the metadata for some of the documents as to which it is claiming privilege, in accordance with the direction of the Court on March 23, 2022.  (Transcript of proceedings of March 23, 2022, NYSD-ECF #69 at 48).   As Citi acknowledges below, the log remains incomplete in numerous

April 21, 2022
Page 2

respects. Citi has not provided any information regarding the documents concerning Mr. Ramchandani's dismissal it is withholding, which – as we explain below – constitute virtually all of the documents in Citi's files on these topics. And Citi also acknowledges below that it has not identified, let alone logged, key documents being withheld concerning its communications with the DOJ.

Citi's delay, and the still manifest incompleteness of its log, is inexcusable because, during the Meet and Confer conference on April 11, 2022, as well as in prior emails and a previous call, we advised Plaintiffs' counsel that there were readily available programs that could be used to easily provide detailed logs that would help determine whether the withheld documents are in fact privileged. This was consistent with your Honor's observation that "I know that for emails that are, come off of Outlook, there are software products on the shelf, for lack of a better term, that can automatically generate certain fields of the privilege log of documents that you are trying to withhold, including to, from, cc and bcc." (Transcript of proceedings of March 23, 2022, NYSD-ECF #69 at 48).

Citi's delay is prejudicial because there is currently a discovery cut off of May 27, 2022 and we assume (because Citi has produced virtually <u>no documents</u> on these issues) that Citi is claiming privilege for all documents relating to the decision to suspend and terminate Mr. Ramchandani, as well as larger portions of its materials related to Citi's own guilty plea and the prosecution of Mr. Ramchandani, matters going to the heart of Plaintiff's malicious prosecution claim (see, Point V, *infra*). Furthermore, while we have noticed the deposition of current and former Citi personnel, as well as counsel to Citi, with personal knowledge regarding the foregoing matters, we have not received the critical documents relating to those issues; and likewise have not received the information necessary to challenge what we presume to be broad privileged assertions by Citi regarding those documents.

Citi's delay in providing an adequate log is also prejudicial because the Court's March 24 Order directed each side to "designate for in camera review by the Court a sample of no more than ten documents in no more than five categories of withheld documents…." by noon on April 22. Defendants' delay would require Plaintiff's counsel to review the over 4,000 documents they claim as privileged in a matter of a days at the same time we are working in good faith to meet other deadlines in the case.

**Relief Sought:** We ask that the *in-camera* inspection deadline be extended by one week, to April 29, 2022, assuming that Citi provides a complete and fully compliant privilege log no less than a week before that date.

Other examples of Defendants' unjustifiable delays are described below.

II. <u>PLAINTIFF'S SECOND SET OF INTERROGATORIES</u>

The current deadline for the completion of expert discovery and reports is May 27, 2022. Towards that end, on April 6, 2022, we served Plaintiffs with Interrogatories (Exhibit B hereto) seeking the financial data our expert informed us was necessary for completion of his report. The data could be readily supplied; however, Citi's counsel refuses to commit to the date when they

April 21, 2022
Page 3

will respond, let alone to commit to provide the information requested, all of which is necessary to engage in a normal-course damages analysis in a case like this one.

Cit's stated position is "We'll review these and respond in accordance with our obligations under the FRCP and Local Rules and reserve all rights and objections in that regard." (Email from Samuel Rubin, April 7, 2021).

**Relief Sought:** We ask the Court, in the exercise of its discretion, to direct Defendants to respond to the Interrogatories by an early date certain. Our expert cannot complete his report without the data, and Defendants' expert (if any) cannot provide a responsive report – and certainly expert depositions cannot be held – until Citi provides the requisite materials.

The delay in responding to Interrogatories is a second example of Defendants' strategic delay. There is a third: We served notices to depose certain of Defendants' former employees. One such employee, Paul Ferguson a former in-house lawyer for Citi – whose conduct is extensively discussed in the Complaint -- resides in the U.K. We asked Defendants' counsel if they would be representing their client's former employee. Citi's counsel responded by stating that they will be representing Mr. Ferguson, but would not agree to accept service on his behalf. Accordingly, Plaintiff will have to proceed in accordance with the procedures mandated by the Hague Convention which usually takes from 2-4 months.

**Relief Sought:** Citi may have the right to force us to jump through this hoop, but we do ask that the Court recommend that they accept service to avoid unnecessary delay, and with it a potential need to extend the discovery period for weeks on end.

### III.    CITI'S FAILURE TO PRODUCE KEY CATEGORIES OF PROBATIVE DOCUMENTS

Plaintiff has requested that Citi produce documents concerning Citi's decision to suspend, and then terminate, Mr. Ramchandani, including but not limited to documents in which Citi discusses and formulates its reasons to dismiss/terminate. In its response to our document requests, Citi agreed to produce these materials.

Citi's, however, has limited its production on these topics to materials produced or "gathered" in connection with a prior UK employment proceeding; but Citi produced virtually no suspension/termination-related documents in that proceeding, as Mr. Ramchandani's UK counsel recently confirmed to us, stating: "I can verify that no records were disclosed by Citi regarding the decision making process over [Mr. Ramchandani's] dismissal or in respect of the reason for dismissal," other than the notice of dismissal itself. [1] Accordingly, Citi has – without excuse – limited the scope of its review and production of materials related to Mr. Ramchandani's dismissal to a pool of documents that does not contain any such materials.

---

[1] April 7, 2022 email from Peter McRoberts, annexed hereto as Exhibit C.

April 21, 2022
Page 4

**Relief Sought:** As explained in Judge Marrero's ruling denying Citi's motion to dismiss, the events surrounding, and giving rise to Mr. Ramchandani's firing are highly significant to Plaintiff's theory that Citi targeted Mr. Ramchandani as a scapegoat. Accordingly, Citi should be directed to produce documents concerning the facts and circumstances giving rise to Citi's decision to suspend, and then terminate, Mr. Ramchandani, including but not limited to documents in which Citi discusses and formulates its reasons to dismiss/terminate, or to identify such documents in a privilege log as discussed in Point III, *supra*.

During our last conference with the Court, Citi's counsel confirmed that Defendants are also asserting privilege protections for documents recounting Citi's meeting with DOJ representatives, related to Citi's guilty plea, as well as the potential prosecution of Ramchandani. We note, however, that, in connection with a prior litigation brought against Mr. Ramchandani (and since dismissed) by the Office of the Comptroller of the Currency ("OCC"), a lawyer for Citi provided a detailed account of numerous of those same meetings, apparently based upon the very notes and other documents that Citi is now asserting are subject to privilege protection.

That interview was subsequently summarized in a stipulation between Mr. Ramchandani's counsel and OCC counsel annexed as Exhibit D (the "Citi Stip."). Because Citi's counsel has shared what amounts to its own account of the contents of the notes and related documents at issue, we submit that any potential claim of work product or other privilege protection has been waived.

**Relief Sought**. The forgoing underlines the need for Citi to provide a complete, and intelligible log regarding the documents at issue, so as to permit Plaintiff to identify, and the Court to thereafter review them *in camera*.

### VI. Other Custodians

We asked that Citi apply the same search terms it used for other custodians to the following additional custodians. Citi has refused:

- Anil Prasad, Mr. Feig's superior and, on information and belief, an individual who was involved, on Citi's behalf, in several FX Spot market investigations;
- Rohan Weerasinghe, who served as Citi's general counsel during time periods relevant to this Action;
- Elaine Mandelbaum, who served as a deputy general counsel at Citi during time periods relevant to this Action and, on information and belief, had responsibilities respecting the FX Spot market investigations and related matters;
- Mei Linn Kwan Gett, who also served as a deputy general counsel at Citi during time periods relevant to this Action and, on information and belief, had responsibilities respecting the FX Spot market investigations and related matters;
- Edward Skyler, a Citi public relations officer who, on information and belief, was involved in matters related to FX Spot market investigations generally and Mr. Ramchandani, specifically; and

April 21, 2022
Page 5

Danielle Romero-Apsilos, a Citi public relations officer whose deposition we have noticed and who, on information and belief, was involved in matters related to FX Spot market investigations generally and Mr. Ramchandani, specifically.

**Relief Sought:** We seek an order requiring Defendant's to search for and provide these documents.

### VII.    Correspondence with Other Regulators

Citi is, once again, arguing that is should be allowed to continue to stonewall Plaintiff's requests for communications with major law enforcement and regulatory agencies' FX Spot market investigations these materials on ground that they are not "relevant," a contention that is directly at odds with Judge Marrero's ruling rejecting Citi's motion to dismiss.

Plaintiff requested that Citi produce, its correspondence only, with a limited number of additional regulatory and law enforcement agencies that conducted investigations into FX Spot market activities.  We limited the request to the "big fish" to wit: In the United States, the Securities and Exchange Commission, which was referenced in Judge Marrero's decision denying Citi's motion to dismiss); in the United Kingdom, the Serious Fraud Office; and in the European Union, the EU Directorate General for Competition and the European Central Bank.
We had also sought documents from investigations in Switzerland, Brazil and South Africa, but agreed to drop that request.

The potential relevance of these materials is clear.  To give an obvious example, Plaintiff contends that Citi "scapegoated" Mr. Ramstanjani before the DOJ.  If indeed that occurred, it is rational to conclude that it sought to blame Mr. Ramstanjani in other jurisdictions, or before other governmental authorities, as Judge Marrero expressly recognized in his decision denying Citi's motion to dismiss.  On April 18, 2022, Citi– which has been stonewalling our requests for these materials for months – offered, as a "compromise", to provide its communications with the SEC, but only if Plaintiff agreed not to seek any other such communications; which we rejected.

**Relief Sought:** To be clear, from the outset of the parties' discussion on this topic, we have not sought Citi's document productions to any of these authorities, but rather only the correspondence with them.  We seek an order requiring Defendant's to search for and provide these documents, which Citi can readily and without substantial burden, identify and produce.

### VIII. Reply to Citi's Statement of Position

As they have done repeatedly in the past, Citi argues that Plaintiff's right to discovery should be "circumscribed" before a single party witness testifies and before Citi produces whole categories of probative documents – because of Citi's declaration that it will inevitably prevail at summary judgment.  We will not argue against the premature short form summary judgment motion that Citi advanced, but we will briefly address a few points.

First, Citi relies on a legal argument *i.e.*, that Ramchandani must prove that Citi defrauded the grand jury to win this case, that the District Court expressly rejected when it ruled against Citi's motion to dismiss. Rather, Judge Marrero ruled, Plaintiff can prevail by establishing that Citi provided false information to law enforcement authorities with the knowledge and intention that it would lead to criminal charges. 2021 U.S. Dist. LEXIS 45984, at *18. That is what we intend to prove at trial.

Second, Citi's suggestion – again on the currently incomplete record – that it did not play an important role in "decoding" Plaintiff's chat room statements for the government is directly contrary to its written representations to a federal court in a sentencing memorandum, as Judge Marrero emphasized in rejecting Citi's dismissal motion. *Id.* at *9.

Citi's suggestion is also contrary to the account of its own counsel, as reflected in the Citi Stipulation attached as Exhibit D. Per that document, on June 11, 2014 – which according to Citi was its first relevant proffer session with the government – Citi provided detailed accounts of the meaning of Ramchandani's chatroom statements, including Citi's stated "infer[ences]" regarding the meaning of "code names" included therein. Citi Stip., at 4. Furthermore, during this critical meeting, Citi emphasized that it was not relying on Ramchandani for its interpretations, which included – like other meetings with the DOJ – insinuations, as well as outright assertions to the government (in advance of the DOJ's charging decisions), that Ramchandani had engaged in policy violations and other serious "misconduct." *E.g.*, Citi Stip., at 1, 16.

As to Citi's attempt to "curtail" party deposition discovery before it has begun, we seek the depositions of nine current or former Citi employees, each of whom demonstrably is demonstrably relevant. As we told Citi's counsel in a recent meet and confer, if – following the testimony of any such witness – it become clear that the deposition testimony of one or more other witnesses would be cumulative – we will consider foregoing them.

Furthermore, as for Citi's continued effort to curtail document production – including by excusing Citi's refusal to produce documents related to the commencement of its scapegoating scheme -- that is absurd, and would reward Defendants' months of stonewalling.

**DEFENDANTS' POSITIONS**

We write on behalf of Defendants Citigroup Inc., Citicorp LLC and Citibank, N.A. (collectively, "Citi") in response to counsel for Rohan Ramchandani's ("Ramchandani" or "Plaintiff") requests for additional discovery.

**The Indisputable DOJ Testimony Should Circumscribe the Discovery Going Forward:**

The testimony provided by the Department of Justice ("DOJ") at its deposition on April 4, 2022 is outcome determinative: DOJ testified that ███████████████████████████████████████████████████████████████████████████████████████████████████ There can be no basis for Plaintiff to rebut the presumption of probable cause created by the grand jury indictment as he cannot prove fraud, perjury, suppression of evidence or

April 21, 2022
Page 7

other misconduct in the grand jury. *See Rothstein v. Carriere*, 373 F.3d 275, 283 (2d Cir. 2004). None of the discovery Plaintiff seeks is relevant to overcoming the presumption of probable cause required to maintain a malicious prosecution claim; therefore, it is respectfully submitted that the Court impose a reasonable limitation on Plaintiff's continued discovery as we suggest herein.

Specifically, the DOJ testified that:



While it is Plaintiff's burden to prove that the presumption of probable cause should be rebutted, the DOJ testimony affirmatively disproves Plaintiff's allegations. *See Rothstein*, 373 F.3d at 283-284 (holding that plaintiff is "required to rebut that presumption by proving fraud, perjury, suppression of evidence or other misconduct <u>in the grand jury</u>," and that this "<u>requires the</u>

---

²     A copy of the DOJ deposition transcript is annexed hereto as Exhibit A.

³     ███████████████████████████████████████████████

April 21, 2022
Page 8

plaintiff to establish what occurred in the grand jury," and to "further establish that those circumstances warrant a finding of misconduct sufficient to erode the 'premise that the Grand Jury acts judicially[.]'" (emphasis added)).[4] Accordingly, while Plaintiff is entitled to discovery to prove its case, given the probable cause gating issue, the Court should rein in Plaintiff's efforts to continue to seek wide ranging discovery unrelated to this issue. *See Rahman v. Schriro*, 22 F. Supp. 3d 305, 318 (S.D.N.Y. 2014) (ordering parties to "first engage in a sixty-day period of discovery limited to the issue" which was "potentially dispositive" in the case); *Telebrands Corp. v. Del Lab'ys, Inc.*, 719 F. Supp. 2d 283, 301 (S.D.N.Y. 2010) (directing parties to conduct discovery "limited to the threshold issue . . . before engaging in costly discovery that pertains to other aspects of [plaintiff's] claims.").

**Defendants' Supplemental Meta-Data and Privilege Logs:**

In accordance with Your Honor's guidance at the March 23 Conference and the Court's March 24 Order, Defendants have produced a meta-data log for the documents contained in their categorical privilege log. Defendants' meta-data log includes the date, to, from, cc, bcc and subject line fields contained in the meta-data of the documents described categorically on Defendants' log.

Although Plaintiff refused to identify any categories from Defendants' categorical privilege log, custodians or time-frames to alleviate burdens associated with manual-logging, Defendants have also agreed to generate a traditional document-by-document log for the following sub-categories from Defendants' categorical log based on the Court's suggestions at the March 23 conference: (i) documents related to Plaintiff's suspension or termination; (ii) documents in which Jeffrey Feig or James Forese is a to, from, cc, bcc; (iii) documents in which press-related custodians Plaintiff requested, Jeffrey French and Danielle Romero Apsilos, are a to, from, cc, bcc; (iv) documents related to Citi's communications with the press; (v) documents where only non-lawyers are a to, from, cc, bcc; and (vi) documents that are partially privileged.

Further, although it could not be generated from meta-data, and both sides have taken the position that outside counsel communications and work product are presumptively privileged and need not be logged, Defendants are creating a manual document-by-document log of notes or memoranda concerning Citi's communications with the DOJ which they are prepared to exchange

---

[4] *See also Bertuglia v. Schaffler*, 672 F. App'x 96, 100 (2d Cir. 2016) (affirming summary judgment dismissal of malicious prosecution claim where "plaintiffs point to no record evidence that those statements reached the grand jury" (emphasis added)); *Nunez v. Diedrick*, No. 14-CV-4182 (RJS), 2017 WL 2257350, at *7 (S.D.N.Y. May 19, 2017), *aff'd sub nom. Nunez v. City of New York*, 735 F. App'x 756 (2d Cir. 2018) (holding that "summary judgment on a malicious prosecution claim is appropriate where, as here, the plaintiff offers no evidence concerning 'the content of [the malicious prosecution defendant's] grand jury testimony' and relies on 'rank speculation' regarding the defendant's involvement in grand jury proceedings"); *Bertuglia v. City of New York*, 133 F. Supp. 3d 608, 627 (S.D.N.Y. 2015) (granting summary judgment dismissal of malicious prosecution claim where "[t]he plaintiffs have produced no evidence that the grand jury was defrauded or that its integrity was undermined"); *Zahrey v. City of New York*, No. CIV.A. 98-4546 DCPJC, 2009 WL 54495, at *15-16 (S.D.N.Y. Jan. 7, 2009), *amended on reconsideration in part on other grounds*, No. CIVA 98-4546 DCP JCF, 2009 WL 1024261 (S.D.N.Y. Apr. 15, 2009) (finding that plaintiff "has presented no proof" that the alleged false statements "were in any way used before the grand jury" (emphasis added)).

April 21, 2022
Page 9

with Plaintiff on a reciprocal agreement that Plaintiff will log their outside counsel's notes and memoranda of discussions with the DOJ as well. Finally, Defendants are working with Defendants' UK internal and external counsel to obtain the meta-data from the prior productions made in the UK proceedings to determine whether a meta-data log can be generated in a non-burdensome way to identify the documents that were previously withheld on the basis of privilege in the UK Employment Action.[5]

**Additional Discovery on Regulators is Not Warranted:**

As the Court is aware, Citi has already produced all of its communications with the DOJ and all documents provided to the DOJ in the FX investigation. Citi also has produced its communications with the FCA concerning Ramchandani that were previously produced in the UK employment proceeding Ramchandani brought against Citi. Plaintiff has failed to identify any communications within these substantial productions that would support a further inquiry into additional regulator communications as suggested by the Court at the October 7, 2021 conference when this issue was first addressed (*see* ECF No. 46 at 35-40) and reiterated at the March 23, 2022 conference (*see* ECF No. 69 at 55-56).

Moreover, as has now been confirmed through the DOJ's testimony ███████████
████████████████████████████████████████████████████████████████████████

Finally, following the March 23 conference, Plaintiff shifted his focus from the regulator communications he originally requested to those with the Securities and Exchange Commission ("SEC"), the UK Serious Fraud Office ("SFO"), the EU Directorate General for Competition ("EU Directorate") and the European Central Bank ("European Central Bank"). In response to these moving targets, and in an effort to resolve this issue, Citi offered as a further compromise to produce its communications with the SEC. But Plaintiff rejected that offer, insisting that Citi collect, review and produce communications from three additional regulators (the SFO, the EU Directorate and the European Central Bank) without providing any basis as to why those communications are relevant to the sole claim for relief in this action for malicious prosecution of Ramchandani by the DOJ. Given the DOJ's testimony following its own production of documents requested—and Plaintiff's failure to ask a single question at the DOJ deposition including as to

---

[5] Plaintiff's effort to suggest delay on the part of Citi in progressing the parties' discussions concerning privilege logging is highly disingenuous. Although Plaintiff provided virtually no detail in its own privilege log and, as directed by the Court during the March 23 conference and in the March 24 order, the onus was on Plaintiff to suggest categories for additional logging, it was defense counsel who first engaged Plaintiff (on March 29, 2022) to meet-and-confer on the issue. During a March 31, 2022 meet-and-confer, Plaintiff's counsel agreed to provide topical areas, custodians and time-frames in which he sought additional privilege logging but then (after Citi followed up on April 5, 2022) reneged on that agreement and demanded traditional document-by-document log for all documents described on Defendants' categorical log, essentially displacing the categorical log approach entirely. On April 7, 2022, consistent with the Court's directives, Citi identified areas, custodians and time-frames in which it proposed additional document-by-document logging and, on April 11, 2022, further agreed to generate a meta-data log of the documents previously identified on its categorical log. A copy of the referenced correspondence is annexed hereto as Exhibit B.

April 21, 2022
Page 10

whether the DOJ communicated with other regulators or other regulators had any influence on the DOJ's decision to indict—there is no legitimate reason for Plaintiff to continue to seek communications with other regulators.

**Additional Custodian Discovery is Not Warranted**:

Plaintiff has demanded discovery from six custodians on the basis that they were involved in Citi's FX investigation. However, as Defendants already advised the Court, Citi has produced the non-privileged documents from each of these custodians as set forth in Exhibit A to Defendants' March 18, 2022 letter.[6] Given Citi's already broad collections and productions, Defendants respectfully request that the Court deny Plaintiff's demand for the use of additional search terms on the custodians it has listed.

**Plaintiff's Deposition Notices Are Unreasonably Cumulative and Burdensome**:

Plaintiff waited until April 11, 2022 to serve ten deposition notices, including one 30(b)(6) notice, many of which seek duplicative testimony from multiple witnesses and none of which are relevant to whether the presumption of probable cause can be overcome. Plaintiff seeks three non-party depositions of two partners and one former partner of Cleary Gottlieb, all of whom are knowledgeable about Citi's FX investigation, Citi's discussions with the DOJ and Citi's guilty plea. Plaintiff further seeks six depositions of witnesses with knowledge of Citi's decision to suspend and terminate Plaintiff.[7] And Plaintiff seeks two depositions of witnesses knowledgeable about Citi's communications with the press concerning the FX investigation.

Plaintiff continually seeks to make termination an issue. But Citi's decision to terminate Plaintiff was fully tried and decided by a United Kingdom Employment Tribunal.[8] As described

---

[6] A summary of Citi's production was previously supplied to the Court with Citi's March 18, 2022 letter (Exhibit A), and is respectfully annexed hereto as Exhibit C.

[7] Among the six witnesses noticed for deposition was an individual named Jacquie York, who Plaintiff never identified on his initial disclosures, in responses to interrogatories, or as a document custodian. Ms. York is a human resources employee whose testimony could only be marginally relevant to issues concerning Ramchandani's suspension and termination (in 2013-2014), not his allegedly malicious prosecution by the DOJ (in 2017-2018). Accordingly, Defendants respectfully submit this is an area where discovery should be limited to one deposition witness, if any.

[8] Plaintiff's continued representation that no documents were produced related to Citi's decision to terminate Plaintiff is belied by the fact that the UK Employment Tribunal adjudicated precisely this issue, and that Citi provided testimony on this issue. Moreover, Citi produced non-privileged documents relevant to that issue in both the UK proceeding and here, including, but not limited to: the policies, codes of conduct and employee handbooks that Plaintiff violated (Citi-RR-0000156-379); Plaintiff's chats that showed his breaches and were the basis of Citi's termination of Plaintiff (Citi-RR-00000760-1944); notes of Citi's interview of Plaintiff prior to his termination (Citi-RR-00000420-428); Citi's letters to Plaintiff regarding his placement on paid leave and extension of paid leave (Citi-RR-00000475, 522); notes of Citi Human Resources calls with Plaintiff in November 2013 (Citi-RR-00000523-524, 528); Citi's letter to Plaintiff terminating his employment (Citi-RR-00000587-588); and Citi's letter to Plaintiff cancelling his deferred compensation (Citi-RR-00000647).

April 21, 2022
Page 11

in Citi's Answer (ECF No. 28), in the UK Employment Action, Plaintiff brought a wrongful termination claim based on allegations that he had been unfairly dismissed by Citi. That action resulted in a publicly-available judgment that found, among other things, that Plaintiff committed "culpable acts of misconduct in breach of his contract of employment in his chats," and that Plaintiff engaged in "foolish, blameworthy behaviour which caused his dismissal." The UK Employment Tribunal also found that Citi's "belief that [Plaintiff] had engaged in serious misconduct in his chats and that the misconduct was sufficiently serious to cause a breakdown in trust and confidence was both genuine and not irrational." And the Tribunal determined that Plaintiff "was not dismissed as a scapegoat because of unwelcome press coverage, rather the principal reason for dismissal was the conduct in the chats which then gave rise to regulatory scrutiny and adverse press coverage." These findings cannot be relitigated. *See* Answer at 3 and Sixth Affirmative Defense.

Moreover, the termination issues, which Plaintiff raises yet again in a pending arbitration before the American Arbitration Association, are not relevant to the critical issues in this case, namely who initiated the prosecution of Plaintiff and whether Plaintiff can rebut the presumption of probable cause with respect to the grand jury indictment.[9] Again, Plaintiff had an opportunity to explore these critical issues with the DOJ, but Plaintiff failed to do so.

Accordingly, Defendants respectfully request that the Court limit the number of depositions of Citi witnesses as follows: (i) one 30(b)(6) witness on behalf of Cleary; (ii) one deposition of a witness knowledgeable about Citi's communications with the press, Jeffrey French; and (iii) one deposition of a Citi witness on the issue of Mr. Ramchandani's suspension, and termination to the extent even necessary given that it is a topic on which a Citi witness (James Forese) already testified extensively before the UK Employment Tribunal and was cross-examined by Ramchandani's counsel.

Additionally, there is no basis for Plaintiff to now complain about his failure over the last two years to commence a Hague process to procure the deposition of a former Citi in-house lawyer, Paul Ferguson. Mr. Ferguson works and resides in the United Kingdom. Mr. Ferguson's employment with Citi ended in 2015, and Citi has no control over him. Although Goodwin is representing Mr. Ferguson for the purposes of his deposition, Mr. Ferguson wishes to avail himself of his right to the protections of the Hague Convention. Plaintiff can offer no valid basis for blowing through discovery cutoffs and failing to initiate the deposition through the Hague for over one year.

**Defendants' Responses to Plaintiff's Second Set of Interrogatories:**

Plaintiff served his Second Set of Interrogatories on Defendants on April 6. Defendants are working on responses and will respond to those Interrogatories in the time permitted by Rules 26 and 33 of the Federal Rules of Civil Procedure, and Rule 33.3 of the Local Rules for the Southern District of New York.

---

[9] The DOJ also testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

April 21, 2022
Page 12

Respectfully submitted,

| **LAW OFFICE OF DAVID R. LURIE, PLLC** | **GOODWIN PROCTER LLP** |
|---|---|

By: /s/ David R. Lurie

David R. Lurie
194 President Street
Brooklyn, New York 11231
Telephone:  (347) 651-0194
david@davidlurielaw.com

Gary Greenberg
Law Office of Gary Greenberg, Esq.
666 Third Avenue, 10th Floor
New York, NY 10017
Telephone:  (212) 765-5770
gg@ggreenberglaw.com

*Counsel for Plaintiff*

Enclosure

cc:      All counsel of record (via email)

By: /s/ Marshall H. Fishman
        Marshall H. Fishman
        Samuel J. Rubin
        William J. Harrington
        Lindsay E. Hoyle
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone:   (212) 813-8800
Facsimile:    (212) 355-3333
mfishman@goodwinlaw.com
srubin@goodwinlaw.com
wharrington@goodwinlaw.com
lhoyle@goodwinlaw.com

*Counsel for Defendants*