# LAW OFFICE OF DAVID R. LURIE, PLLC

*194 President Street*
*Brooklyn, New York 11231*

Phone: 347-651-0194
E-mail:david@davidlurielaw.com

~~FILED UNDER SEAL~~

April 25, 2022

The Honorable Stewart D. Aaron
United States District Court
 for the Southern District of New York
500 Pearl Street, Room 1970
New York, New York 10007

Re: <u>Rohan Ramchandani v. Citigroup, Inc., et al.,</u>
<u>Civil Action No. 1:19-cv-9124(VM) (SDA)</u>

Dear Judge Aaron:

We write in opposition to Citi's attempt to bar Mr. Ramchandani from "using" Citi Stip.[1] in this Action. The Citi Stip. provides Citi's account of its meetings with the Department of Justice during the investigations of both Citi and Mr. Ramchandani that are at the heart of this malicious prosecution case; and the document is replete with admissions at odds with Citi's contentions before this Court. Citi's argument for keeping a document containing damaging admissions out of the record in this Action is at odds with the plain terms of an agreement between Citi and Mr. Ramchandani, and with principles of fundamental fairness.

<u>First</u>, Citi expressly agreed that the Citi Stip. would be part of a public court record. The Citi Stip. is the product of a February 1, 2021 agreement between Citi's and Ramchandani's counsel (WilmerHale), in connection with an action the OCC brought against Ramchandani (the "2/1/21 Agreement").[2] Ramchandani had sought, *inter alia*, to question Citi's counsel and its corporate representative at trial regarding Citi's role in the DOJ investigation. Citi wanted to avoid such testimony, and, as a compromise, agreed to make available a Citi lawyer to provide an oral proffer to both counsel to Mr. Ramchandani and the OCC of all statements Citi made in a number of meetings with the DOJ. Counsel for Mr. Ramchandani and the OCC separately agreed that they would draft a stipulation of facts as to those statements on the basis of the proffer, thus obviating the need for trial testimony.

---

[1] Exh. D to the Parties' April 21, 2022 joint letter to the Court.

[2] The 2/1/21 Agreement is set forth on page 3-4 of Exh. to Marshall Fishman's April 22, 2022 letter to the Court.

April 25, 2022
Page 2

Accordingly, as set forth in the 2/1/21 Agreement, Citi allowed its lawyer to be interviewed on the express understanding that the OCC and Ramchandani would thereafter jointly prepare a stipulation reciting the Citi's lawyer's statements, which was "to be entered on the record" (emphasis added).

The stipulation of facts was agreed, as contemplated,[3] on March 30, 2021 and was thereafter used and relied on in the public court proceedings.  In particular, an expert report filed with the ALJ on the public record extensively quoted and cited from the Citi Stip., and thereby incorporated it by reference.[4]

Second, contrary to Citi's contentions, the Citi Stip. is not a "Confidential Document" under the express terms of the OCC Protective Order.

The OCC Protective Order applies, in relevant part, to documents produced in the OCC proceeding and deposition testimony.  We are informed by WilmerHale that Citi did not produce any documents as a part of its proffer and Citi did not provide a deposition.  Nor does the Citi Stip. contain any Citi documents that could potentially be subject to the Protective Order's confidentiality provisions.

Citi suggests that the 2/1/22 Agreement memorialized the parties' agreement to designate the Citi Stip. as a "Confidential Document."  In fact, the 2/1/ 21 Agreement is to the precise contrary; as noted, it expressly states that Citi Stip. is "to be entered on the record" in lieu of testimony from a Citi witness. And the OCC Protective Order provides that the "term 'Confidential Documents' shall not include filings made in the proceeding by the parties", unless otherwise ordered by the Court.  Thus, far from having an expectation that the Citi Stip. would be maintained in confidence, Citi expressly agreed that it was to be a non-confidential, public court record.[5]

Finally, Citi's purpose in seeking to prevent Plaintiff from making "use" of, and thereby preventing this Court and the jury from considering, the Citi Stip. is improper.  Citi is attempting to keep evidence that squarely undermines its putative defenses out of the record in this Action.

As we explained in the parties' April 21, 2022 joint letter, the Citi Stip. confirms Plaintiff's allegations that Citi purported to "decode" Ramchandani's language in chat room records for the DOJ, even as it derogated his conduct, including during critical early meetings

---

[3] The Citi Stip. was clearly prepared as  a court submission.  It  ends with the words "Respectfully Submitted," and is signed by counsel to both parties in the OCC proceeding.

[4] See Expert Report of Edward A. Snyder Ph.D, dated June 11, 2021, at ¶¶ 101, n. 167, 102, 103, 104, 105 (filed on OFIA Docket).

[5] The 2/1/21 Agreement also states the parties' understanding that the terms of the OCC Protective Order would apply to the Citi proffer session, but the parties did not purport to alter the terms of that order in any way, and certainly did not purport to make court "records", such as the Citi Stip., non-public.

April 25, 2022
Page 3

with the government.  These admissions by Defendants' counsel are wholly consistent with the DOJ's account of Citi's role in the investigation, as recited in a sentencing memorandum the government filed with the court in connection with Citi's felony guilty plea. Citi's admissions are also consistent with allegations in Plaintiff's Complaint Judge Marrero relied upon in denying Citi's motion to dismiss.

But the admissions in the Citi Stip. are <u>contrary</u> to the account Citi has been advancing before this Court in connection with its effort to "constrain" discovery, a selective account that elides Citi's critical role in influencing the course of the DOJ investigation.

The Citi Stip. will also make it very difficult for Citi to justify its blanket assertion of privilege in an effort to prevent the production of notes of Citi's DOJ meetings, notes that the Citi lawyer all but certainly relied upon in preparing for his interview by counsel to Ramchandani and the OCC.

In sum, it is not surprising that Citi wants to keep the Citi Stip. under wraps.  But Citi's desire to avoid confronting inconvenient facts – also reflected in Citi's months' long stonewalling of critical document discovery – is not a legally cogent rationale for evidence suppression.

Respectfully submitted,

LAW OFFICE OF DAVID R. LURIE, PLLC

By:  _____/s/_____
        David R. Lurie
194 President Street
Brooklyn, New York 11231
Telephone:  (347) 651-0194
david@davidlurielaw.com

LAW OFFICE OF GARY GREENBERG, ESQ.
Gary Greenberg
666 Third Avenue, 10th Floor
New York, New York 10017
Telephone:  (212)-765-5770
gg@ggreenberglaw.com

*Counsel for Plaintiff*