EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROHAN RAMCHANDANI,

              Plaintiff,

    v.

CITIGROUP, INC., CITICORP and
CITIBANK, N.A.,

              Defendants.

No. 1:19-cv-9124 (VM)

## DEFENDANTS' FIRST REQUEST
## FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"), Defendants Citigroup Inc., Citicorp and Citibank, N.A. ("Defendants" or "Citi"), by its undersigned attorneys, request that Plaintiff Rohan Ramchandani ("Plaintiff" or "Ramchandani") produce the requested documents and things for inspection and copying at the offices of Goodwin Procter LLP, 620 Eighth Avenue, New York, New York 10018, within thirty (30) days of the date of service of Defendants' First Request for the Production of Documents (the "Requests").

### DEFINITIONS

1.      Except as set forth below, the uniform definitions set forth in Local Rule 26.3 are hereby incorporated in their entirety.

2.      The terms "Plaintiff," "You" or "Your" refer to Plaintiff Rohan Ramchandani and, where applicable, any predecessor in interest, as well as all agents, attorneys and any and all persons and/or business entities within Plaintiff's possession, custody or control or acting or

purporting to act for or on Plaintiff's behalf.

3.      The terms "Defendants" or "Citi" refer collectively to Citigroup Inc., Citicorp and Citibank, N.A., and, where applicable, any predecessor in interest, as well as all agents, attorneys and any and all persons and/or business entities within Defendants' possession, custody or control or acting or purporting to act for or on Defendants' behalf.

4.      The term "Complaint" refers to the complaint filed in this matter, *Ramchandani v. Citigroup Inc., et al.*, No. 1:19-cv-9124 (S.D.N.Y. Oct. 18, 2019).

5.      The terms "foreign exchange" or "FX" refer to the trading or exchange of foreign currencies.

6.      The terms "Department of Justice" or "DOJ" refer to the United States Department of Justice, a federal executive department of the United States government tasked with the enforcement of federal law and administration of justice in the United States.

7.      The term "Indictment" refers to the criminal indictment issued against Ramchandani in *United States v. Usher et al.*, No. 1:17-cr-00019-RMB (S.D.N.Y. Jan. 10, 2017).

8.      The term "Cartel chatroom" refers to the chatroom that was the subject of the Department of Justice's criminal charges against You as set forth in the Indictment at Paragraph 23(a), and related chatrooms including those referred to as "the Bandit's Club", "the Dream Team", or "The Mafia."

9.      The term "criminal trial" refers to the October 2019 criminal trial against Ramchandani, Christopher Ashton and Richard Usher in *United States v. Usher et al.*, No. 1:17-cr-00019-RMB.

10.     The terms "Office of the Comptroller of the Currency" or "OCC" refer to the independent bureau within the United States Department of the Treasury that was established to

2

charter, regulate, and supervise all national banks and thrift institutions and the federally licensed branches and agencies of foreign banks in the United States.

11.     The term "OCC proceeding" refers to the January 9, 2017 OCC enforcement action against Ramchandani seeking to impose a $5 million penalty and permanently bar him from the industry for violations of banking safety and soundness policies.

12.     The term "communication" shall have the meaning set forth in Local Rule 26.3(c)(1) meaning the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and includes any oral, written, or electronic utterance, notation, or statement of any nature whatsoever, draft or final, potential or actual, by and to whomever made, including, but not limited to, correspondence, memoranda, conversation, dialogues, discussions, interviews, consultations, agreements, electronic messages, audio or video recordings, and any other understandings between or among two or more persons, whether face-to-face or by telephone, fax, letter, email, website, social-media service, or any other means.

13.     The term "document" shall have the meaning set forth in Local Rule 26.3(c)(2) to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), including, without limitation, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations. A draft or non-identical copy is a separate document within the meaning of this term. The term "document" shall include all documents which are in Plaintiff's actual or constructive possession, custody, or control.

14.     The terms "person" or "persons," "document," "communication," "concerning," "and," "or," "any," "each," and "all" shall have the same meanings herein as set forth in Local Rule 26.3 and the use of the singular form of any word in any of the Requests shall include the

3

plural and vice versa.

## **INSTRUCTIONS**

1.      In accordance with Federal Rule of Civil Procedure 34, any objection to any of these Definitions, Instructions or Requests must state with specificity the grounds for objecting to the Request, including the reasons, in Plaintiff's response, in addition to stating whether any responsive materials are being withheld on the basis of that objection.  An objection to part of a Request must specify the part and permit inspection of the rest.

2.      Each Request requires the production of documents as they are kept in the usual course of business or organized and labeled to correspond with the particular Requests set forth below.

3.      Any alteration of a requested document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a final document, is a separate and distinct document and should be produced.

4.      In accordance with Local Rule 26.2, with respect to any documents, parts of documents or information responsive hereto as to which You assert a claim of privilege or other immunity from discovery, You shall submit a list identifying each such document or piece of information by stating:

      a.   its type (*e.g.*, letter, inter-office memorandum, note, etc.), subject matter, title, date, and the number of pages thereof;

      b.   the identity of each person who participated in its preparation;

      c.   the identity of each person who signed or sent the document;

      d.   the identity of each person to whom the document or information was addressed, copied to or sent;

     e.   the identity of each person who received the document or information; and

     f.   the basis of the claim of privilege or immunity.

5.     In the event that any requested document is known to have existed and cannot now be located or has been destroyed or discarded, that document shall be identified by:

     a.   the last known custodian;

     b.   date of destruction or discard;

     c.   the manner of destruction or discard;

     d.   the reason(s) for destruction or discard;

     e.   as to lost or misplaced documents, the efforts made to locate such documents;

     f.   a statement describing the document, including a summary of its contents;

     g.   the identity of its author(s); and

     h.   persons to who it was sent or shown.

6.     The Requests are continuing in nature, up to and during the course of trial. In the event that You or any person acting on Your behalf may later obtain information which will augment or otherwise modify Your response to the Requests, provide such additional documentation by way of supplemental production.

## RELEVANT TIME PERIOD

Unless otherwise indicated, the relevant time period for each Request below shall be the period of June 1, 2013 through the filing of Plaintiff's Complaint on October 2, 2019 (the "Relevant Time Period").

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1

All communications during the Relevant Time Period between You and Citi concerning Citi's investigation into potential misconduct by You, including whether You violated any Citi policies or procedures.

### REQUEST NO. 2

All communications during the Relevant Time Period between You and Citi concerning Your paid leave or termination from Citi.

### REQUEST NO. 3

All communications during the Relevant Time Period between You and Citi concerning the Department of Justice's investigation into FX trading and/or Your chatroom communications.

### REQUEST NO. 4

All transcripts or other recordings (videographic and/or stenographic) of any testimony given by You in any proceeding (civil or regulatory) concerning Your FX trading and/or Your communications in the Cartel chatroom.

### REQUEST NO. 5

All communications during the Relevant Time Period between You and the Department of Justice concerning its investigation into Your chatroom communications, the Cartel chatroom, FX trading, Your Indictment and/or Your criminal trial, including but not limited to, any documents exchanged between You and the DOJ.

**REQUEST NO. 6**

All communications during the Relevant Time Period between You and Jeffrey Feig concerning the Department of Justice's investigation into Your chatroom communications, the Cartel chatroom, and/or FX trading.

**REQUEST NO. 7**

All communications during the Relevant Time Period between You and Paul Ferguson concerning the Department of Justice's investigation into Your chatroom communications, the Cartel chatroom, and/or FX trading.

**REQUEST NO. 8**

All communications during the Relevant Time Period between You and any news or media company, including but not limited to Bloomberg or the Wall Street Journal, concerning regulators' investigations into the FX market, the Cartel chatroom, and/or Your chatroom communications.

**REQUEST NO. 9**

All documents submitted by You to the OCC and all documents submitted by the OCC to You from January 9, 2017 to the present in connection with the OCC proceeding.

**REQUEST NO. 10**

All documents filed in the OCC proceeding.

**REQUEST NO. 11**

To the extent not already produced, all documents or communications with any third party during the Relevant Time Period concerning the FX investigation, the Cartel chatroom, and/or Your chatroom communications.

## REQUEST NO. 12

All documents or communications during the Relevant Time Period concerning the allegations in Paragraphs 1 and 198 of the Complaint that "Citi made knowing and material misstatements to the United States Department of Justice" and/or that "Defendants commenced a criminal proceeding against Ramchandani, including by making materially false representations to the DOJ."

## REQUEST NO. 13

All documents or communications during the Relevant Time Period concerning the allegations in Paragraphs 5 and 160 of the Complaint that "Citi quite literally fabricated an antitrust case for the United States Department of Justice (the 'DOJ') against Ramchandani based upon knowingly false allegations that he engaged in market 'manipulation' and 'collusion'" and/or that "Citi had quite literally manufactured the supposed case against Ramchandani that formed the basis for the Company's plea."

## REQUEST NO. 14

All documents or communications during the Relevant Time Period concerning the allegation in Paragraph 3 of the Complaint that "Citi fired Ramchandani without cause."

## REQUEST NO. 15

All documents or communications during the Relevant Time Period concerning the allegations in Paragraphs 4 and 119 of the Complaint that "Citi [] began to leak false, and gravely derogatory, assertions against [Ramchandani], including to government investigators and the press" and/or that "Citi took steps transparently calculated to encourage negative 'leaks' about Ramchandani to the press from within Citi's own ranks, so as to supplement the leaks being orchestrated by French and his colleagues."

8

## REQUEST NO. 16

All documents or communications during the Relevant Time Period concerning the allegations in Paragraphs 85 and 86 of the Complaint that "Citi began a campaign to identify Ramchandani to both government investigators and the press as a uniquely culpable wrongdoer" and/or that "Citi's campaign started with the firing of Ramchandani, together with a coordinated finger pointing effort against him."

## REQUEST NO. 17

All documents or communications during the Relevant Time Period concerning the allegations in Paragraph 105 of the Complaint that "Citibank[] embarks on a secret scheme to dirty up Ramchandani, and suggest that he is a wrongdoer" and/or that "internal Citi records establish that Citi actually implemented a calculated scheme to dirty up Ramchandani by contacting regulators and the press to suggest that Ramchandani had engaged in serious, and potentially criminal, misconduct."  (Emphasis omitted.)

## REQUEST NO. 18

All documents or communications during the Relevant Time Period concerning the allegation in Paragraph 6 of the Complaint that "the government relied upon Citi both to identify Ramchandani as a putative wrongdoer, and to 'decode' the highly technical communications that formed the putative ground for the case the DOJ brought against him."

## REQUEST NO. 19

All documents or communications during the Relevant Time Period concerning the allegation in Paragraph 7 of the Complaint that "a Citi lawyer with full knowledge of the relevant facts and law volunteered that he recognized Ramchandani had not actually engaged in any intentionally wrongful conduct, let alone violated any law or regulation." (Emphasis in original.)

9

**REQUEST NO. 20**

All documents or communications during the Relevant Time Period concerning the allegations in Paragraph 98 of the Complaint that Jeffrey Feig said that he had "never seen any evidence that Ramchandani had engaged in any form of 'collusion or price fixing', and had likewise always recognized 'that there was nothing criminal in [Ramchandani's] intent or actions.'"

**REQUEST NO. 21**

All documents or communications during the Relevant Time Period concerning the allegations in Paragraphs 129 and 178 of the Complaint that Paul Ferguson "repeatedly stated that Citi had no basis to accuse Ramchandani of intentionally wrongful (let alone illegal) conduct," and/or that "Citi's in-house counsel, Ferguson, and his manager, Feig, both recognized that Ramchandani had not engaged in any intentional wrongdoing, let alone participated in a criminal conspiracy."

**REQUEST NO. 22**

All documents or communications during the Relevant Time Period concerning the allegations in Paragraph 16 and 181 of the Complaint that "on the day that Citi's plea was announced, a member of Citi's defense team characterized Ramchandani as the 'collateral damage' from Citi's strategy."

**REQUEST NO. 23**

All documents or communications during the Relevant Time Period concerning Your October 30, 2013 conversation with Jeffrey Feig and a Citi Human Resources representative regarding Citi's decision to place You on paid leave as alleged in Paragraphs 68 through 72 of the Complaint.

**REQUEST NO. 24**

All documents or communications during the Relevant Time Period concerning the allegation in Paragraph 84 of the Complaint that "Citi had a strong motive to seek to pin any charges it might ultimately be held responsible for upon Ramchandani, and Ramchandani alone, despite the avowed recognition of responsible and informed members of Citi's management and legal staff that he was innocent of any intentional, let alone criminal, wrongdoing."

**REQUEST NO. 25**

All documents or communications during the Relevant Time Period concerning Your January 10, 2014 telephone call with Jeffrey Feig and a Citi Human Resources representative regarding Citi's decision to terminate Your employment as alleged in Paragraphs 87 through 94 and 97 of the Complaint.

**REQUEST NO. 26**

All documents or communications during the Relevant Time Period concerning the allegations in Paragraphs 106, 107 and 108 of the Complaint that, on January 10, Citi Public Affairs executive Jeffrey French "implement[ed] what he later called a 'no fingerprints concept' to publicize Ramchandani's departure" and/or "communicat[ed] with multiple reporters to plant stories about Ramchandani's purported culpability."

**REQUEST NO. 27**

All documents or communications during the Relevant Time Period concerning Citi's alleged January 10, 2014 "internal memorandum to various managers" regarding You as alleged in Paragraphs 120 through 124 of the Complaint.

**REQUEST NO. 28**

All documents or communications during the Relevant Time Period concerning Your alleged February 17, 2014 meeting with Paul Ferguson as alleged in Paragraphs 130 and 131 of the Complaint.

**REQUEST NO. 29**

All documents or communications during the Relevant Time Period concerning Your alleged October 10, 2014 meeting with Paul Ferguson as alleged in Paragraphs 133 through 136 of the Complaint.

**REQUEST NO. 30**

All documents or communications during the Relevant Time Period concerning Your October 30, 2014 telephone call with Paul Ferguson and/or Your allegation that Paul Ferguson "vouched" for You as alleged in Paragraphs 137 through 139 of the Complaint.

**REQUEST NO. 31**

All documents or communications during the Relevant Time Period concerning the allegation in Paragraph 153 of the Complaint that Citicorp pled guilty to "a crime that had never occurred, grounded solely on the purported wrongdoing of one person: Ramchandani."

**REQUEST NO. 32**

All documents or communications during the Relevant Time Period concerning Your October 26, 2018 email with Jeffrey Feig as alleged in Paragraphs 189 through 192 of the Complaint.

**REQUEST NO. 33**

All documents or communications during the Relevant Time Period concerning Your email with Jeffrey Feig following Your acquittal on or around April 3, 2019 as alleged in Paragraphs 194 and 195 of the Complaint.

**REQUEST NO. 34**

All documents or communications during the Relevant Time Period concerning the allegation in Paragraph 198 of the Complaint that "Defendants lacked any probable cause for encouraging such proceedings, and indeed affirmatively knew Plaintiff to be innocent."

**REQUEST NO. 35**

All documents or communications during the Relevant Time Period concerning the allegation in Paragraph 198 of the Complaint that "Defendants acted with malice, including in order to avoid, or limit, the imposition of civil, criminal and/or regulatory liability upon Defendants for other misconduct."

**REQUEST NO. 36**

All documents or communications during the Relevant Time Period You reviewed, relied upon or intend to rely upon to support the Complaint's demand for damages of no less than $112 million.

**REQUEST NO. 37**

All documents or communications during the Relevant Time Period You reviewed or relied upon in responding to Defendant's First Set of Interrogatories.

Dated:  June 14, 2021
        New York, New York

GOODWIN PROCTER LLP

By: /s/ Marshall H. Fishman
    Marshall H. Fishman
    Samuel J. Rubin
    William J. Harrington
    Lindsay E. Hoyle
    The New York Times Building
    620 Eighth Avenue
    New York, New York 10018
    Tel. (212) 813-8800
    Fax (212) 355-3333
    MFishman@goodwinlaw.com
    SRubin@goodwinlaw.com
    WHarrington@goodwinlaw.com
    LHoyle@goodwinlaw.com

    *Attorneys for Defendants*

14

## CERTIFICATE OF SERVICE

I hereby certify that, on this 14th day of June, 2021, I caused true and correct copies of Defendants' First Request for the Production of Documents to be served via electronic mail and Federal Express Overnight mail on the following counsel:

LAW OFFICE OF DAVID R. LURIE, PLLC
David R. Lurie
194 President Street
Brooklyn, New York 11231
Telephone: (347) 651-0194
david@davidlurielaw.com

*Attorney for Plaintiff*

/s/ Marshall H. Fishman
Marshall H. Fishman