

Marshall H. Fishman
+1 212 813 8851
MFishman@goodwinlaw.com

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018

goodwinlaw.com
+1 212 813 8800

June 1, 2022

**VIA ECF**
Hon. Stewart D. Aaron
United States Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10017-1312

Re:    **Ramchandani v. Citigroup Inc., No. 19 Civ. 9124 (VM)(SDA)**

Dear Judge Aaron:

Defendants Citigroup Inc., Citicorp LLC, and Citibank, N.A. (collectively, "Citi") respectfully submit this opposition to Plaintiff's motion to compel the production of documents protected by the attorney client and work product privileges.[1]

***Citi's Outside Criminal Defense Counsel's Notes and Memoranda are Privileged.***  Criminal defense attorney notes and memoranda about government meetings constitute work product afforded a "heightened standard of protection."  *United States v. Jacques Dessange, Inc.*, 2000 WL 310345, at *2 (S.D.N.Y. Mar. 27, 2000).  Indeed, "there is a strong societal interest" that criminal defense counsel's notes and memoranda "be given the greatest protection."  *Id.* at *3.  The notes and memoranda of Cleary Gottlieb Steen & Hamilton LLP ("Cleary")—taken under threat of DOJ prosecution—should be afforded the requisite "heightened standard of protection."  *United States v. Arias*, 373 F. Supp. 2d 311, 312-13 (S.D.N.Y. 2005) (protecting criminal defense counsel's work product notes of meetings between his client and the government).  None of Plaintiff's arguments provides a basis for invading Cleary's work product.

First, Plaintiff characterizes his demand as limited to the portions of the memoranda and notes "recount[ing]" "statements made by parties."  Motion at 1.  But even factual portions of defense counsel's memoranda and notes constitute opinion work product.  *See Arias*, 373 F. Supp. 2d at 312.  Where, as here, Cleary's notes and memoranda are "'not a verbatim transcript of the [government] interviews,' but rather 'notes … that [counsel], using [his] own legal analysis, determined were important to memorialize in order to properly counsel [his] client [and which] reflect[ed his] impressions and beliefs,'" they should be deemed opinion work product and protected from disclosure.  *Id.*; *Dessange*, 2000 WL 310345, at *4.[2]

Second, whether opinion or fact work product, Plaintiff bears the burden of showing both

---

[1]    Redacted portions of Exhibit A hereto are submitted *ex parte* because they contain privileged information. Redacted portions of this letter and the entirety of Exhibit B annexed hereto, which is a chart of Defendants' privilege log entries for the documents that Plaintiff identified for *in camera* review, are filed under seal pursuant to the confidentiality designations applied under the operative protective order in this action (ECF No. 51).

[2]    *Rigas v. United States*, 11-CV-6964, 2016 U.S. Dist. LEXIS 113914, at *6-12 (S.D.N.Y. Aug. 24, 2016), cited by Plaintiff, is distinguishable because it dealt with counsel's notes of a non-party witness's statement, which were not made in anticipation of litigation and thus not entitled to work product protection; the statement was at the heart of a *Brady* claim arising from the government's obligation to disclose exculpatory materials; and substantial need was demonstrated.  Here, the notes are of a party's (Defendants') own criminal defense counsel, and Plaintiff has articulated no substantial need or inability to obtain the equivalent by other means.



Hon. Stewart D. Aaron
June 1, 2022
Page 2

"substantial need" for Cleary's DOJ memoranda and notes and that he "cannot, without undue hardship, obtain their substantial equivalent by other means."  Fed. R. Civ. P. 26(b)(3)(A).  While Ramchandani claims substantial need in conclusory fashion, he cannot satisfy either requirement, given that: (i) Plaintiff already has stipulated, in connection with his OCC proceedings, to what was said at Citi's meetings with the DOJ; (ii) Plaintiff already possesses the DOJ's notes of its meetings with Cleary; (iii) the DOJ's deponent in this case testified ██████████████████████████████████████████; and (iv) Plaintiff's counsel opted not to ask the DOJ's witness a single question during the DOJ deposition.[3]

    Third, Plaintiff's waiver argument based on Cleary's proffer of facts in his OCC proceedings omits key context—namely that, to induce Citi's agreement for Cleary to provide that proffer, Plaintiff *explicitly agreed not to seek* Cleary's memoranda or notes and other privileged materials.  *See* June 1, 2022 Decl. of Jonathan Kolodner, ¶¶ 5-7, Ex. C.  Indeed, the proffer was expressly limited to non-privileged information specifically to avoid any discovery into privileged information.  *Id.*  Neither Citi nor Cleary was a party to the stipulation which Plaintiff and the OCC later reached concerning Cleary's proffer—which Plaintiff's counsel misleadingly calls the "Citi Stip."  *See* Kolodner Decl. ¶ 9.  Regardless, Plaintiff should not be permitted to renege on his promises—on which Citi and Cleary relied—by now demanding Cleary's privileged memoranda and notes.  The Court should reject his disingenuous argument that the proffer (which itself was designed to avoid privilege invasion) was utilized as a "sword-and-shield" or otherwise resulted in any privilege waiver.[4]

    Finally, Plaintiff fails to address the attorney-client privilege that attaches to Cleary's memoranda and notes, as set forth in Citi's privilege log.  Cleary's memoranda and notes were marked attorney-client privileged and prepared in order to memorialize the DOJ meetings and to convey information about those meetings to Citi for the purpose of rendering legal advice.  *See* Kolodner Decl. ¶ 3.  The attorney-client privilege provides absolute protection that is not subject to any "substantial need" analysis.  *Grupo Sistemas Integrales de Telecomunicacion S.A. de C.V. v. AT&T Commc'ns, Inc.*, 1995 WL 102679, at *1 (S.D.N.Y. Mar. 9, 1995) ("substantial need" exception does not apply to material protected by attorney client privilege).

    **Citi's Communications Concerning Ramchandani's Termination are Privileged.**  Plaintiff seeks privileged communications about his termination, falsely asserting that Citi "cloak[ed] the entirety of the documents" in privilege.  Motion at 2.  To the contrary, Citi has produced hundreds of non-privileged documents on this topic.  Nor has Citi asserted a "blanket assertion of privilege" over the documents individually reviewed by counsel in this action for responsiveness and privilege, even to the extent they were already reviewed in connection with Plaintiff's UK claim for unfair dismissal.[5]  Citi did this work

---

[3]    *See, e.g.*, *Arias*, 373 F. Supp. 2d at 313 (no "substantial need" for defense counsel's notes where the government produced its own notes); *In re Gen. Motors LLC Ignition Switch Litig.*, 80 F. Supp. 3d 521, 533 (S.D.N.Y. 2015) (no substantial need because "Plaintiffs are free to depose the witnesses"); *A.I.A. Holdings v. Lehman Bro., Inc.*, 2002 WL 31556382, at *7 (S.D.N.Y. Nov. 15, 2002) (no "substantial need" where witness with equivalent information appeared for deposition).

[4]    Plaintiff supplies no legal or factual basis for suggesting that, if a witness might have used a document to refresh his recollection before giving a non-testimonial proffer in a separate action, that erodes work product in a different case.  *Aviles* v. *S&P Global, Inc.*, 2022 WL 336951, at *4-5 (S.D.N.Y. Feb. 4, 2022) is inapposite as it dealt with a witness who may have refreshed his recollection with documents prior to his deposition in the case at hand.

[5]    Plaintiff mischaracterizes the volume of the UK record as being comprised of 10,000 responsive documents.  Citi's outside counsel in the Employment Tribunal action submitted a declaration explaining that his firm <u>collected</u>



Hon. Stewart D. Aaron
June 1, 2022
Page 3

despite its marginal relevance to the current lawsuit.  Plaintiff and Citi fully litigated the termination issues before the United Kingdom Employment Tribunal which found his dismissal was properly based on his "culpable acts of misconduct in breach of his contract of employment in his chats," and his "foolish, blameworthy behaviour," evidenced by his chats.  *See* Citi Answer at 3 (ECF 28).

The privileged communications at issue concern legal advice regarding Plaintiff's termination, including Citi's investigation of his chat room conduct, Citi's analysis as to whether his conduct violated Citi's policies, Citi's ultimate decision to terminate him, Citi's preparation of its defense against his unfair dismissal claim, and Citi's decision to cancel his deferred compensation.  These communications are protected by the attorney-client privilege because they are: "(1) between a client and [its] attorneys, (2) … intended to be, and in fact were, kept confidential, [and] (3) [were made] for the purpose of obtaining or providing legal advice."  *In re Signet Jewelers Ltd. Sec. Litig.*, 332 F.R.D. 131, 134 (S.D.N.Y. 2019).[6]

***Citi's Internal Communications with its Press Relations Employees are Privileged.***  Plaintiff seeks communications between Citi in-house lawyers and internal public relations personnel who regularly consulted with, and received advice from, Citi's lawyers.  These communications ensured that Citi's public statements did not impact Citi's litigation strategy regarding on-going regulator investigations and to comply with cautionary directives from regulators not to disseminate information to the media regarding ongoing investigations.  Such communications are protected by the attorney-client privilege.  *See In re Grand Jury Subpoenas Dated Mar. 24, 2003 Directed to (A) Grand Jury Witness Firm & (B) Grand Jury Witness*, 265 F. Supp. 2d 321, 330-31 (S.D.N.Y. 2003) (confidential communications between lawyers and public relations consultants were protected by attorney-client privilege when made for the purpose of giving or receiving advice directed at handling client's legal problems).

Likewise, communications between Citi's non-lawyer public relations employees are privileged because they "plainly contemplated the legal ramifications of Citigroup's response and was conducted by and at the direction of counsel, in their capacity as attorneys."  *Leber v. Citigroup 401(K) Plan Inv. Comm.*, 2015 WL 6437475, at *3 (S.D.N.Y. Oct. 16, 2015); *see also Lazare Kaplan Int'l, Inc. v. KBC Bank N.V.*, 2016 WL 4154274, at *3 (S.D.N.Y. July 22, 2016) ("the attorney-client privilege extends to communications of legal advice obtained from lawyers among corporate employees who were responsible for obtaining or acting upon such advice").[7]

For the reasons set forth above, Plaintiff's motion to compel should be denied.

---

approximately 10,000 documents responsive to the search terms used, and after reviewing those documents, determined that a small portion were related to Plaintiff's termination.  *See* Pl. Ex. A ¶¶ 14-15, 21.

[6]     Some communications about Plaintiff's termination reflect requests for information from Citi's lawyers and discussion among non-lawyer employees responding to counsel's requests.  *See In re Bank of New York Mellon Corp. Forex Transactions Litig.*, 2014 WL 4827945, at *1 (S.D.N.Y. Sept. 22, 2014) (attorney-client privilege protects "communications of legal advice thus obtained among corporate employees responsible in a meaningful way for obtaining or acting upon such advice or participating in the dialogue between knowledgeable corporate agents and corporate counsel that is essential to the lawyers giving fully informed advice.").

[7]     The cases cited by Plaintiff are inapposite as each involved discussions of public relations strategies with the goal of burnishing a company's image.  *See* Motion at 3.  None involved communications with company public relations employees performing the litigation task of ensuring that a company's public statements did not impact ongoing government investigations.  *See, e.g.*, *In re Grand Jury Subpoenas*, 265 F. Supp. 2d at 332.



Hon. Stewart D. Aaron
June 1, 2022
Page 4

Respectfully submitted,

/s/ Marshall H. Fishman

Marshall H. Fishman