# Exhibit A

# Exhibit A
## Examples of Privileged Documents Identified by Plaintiff for *In Camera* Review[1]

| | **Memoranda and Notes of Meetings with the DOJ** |
|---|---|
| Document 19 | Document 19 is a June 16, 2014 memorandum written by an attorney to memorialize her impressions of a meeting with the DOJ, the CFTC, the FRBNY, and the OCC. The author is Kate Wellman, a then-associate at Cleary, the law firm representing Citi in the FX investigation. She designated the memorandum "ATTORNEY-CLIENT COMMUNICATION" and "ATTORNEY WORK PRODUCT," and noted that that it sets forth her "mental impressions of the meeting" and is "not a verbatim transcript of the meeting." No. 1128 at 1. The content of the memorandum further confirms that it is not a verbatim transcript, as, for example, it contains summaries of selected events of the meeting, such as, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.* at 8. |
| | **Documents Concerning Legal Advice on Ramchandani's Termination** |
| Document 6 | Document 6, an email dated October 30, 2013, is an example of a communication about legal advice around employment decisions. The communications are between Citi in-house lawyer Emma Nelson and the following Citi Human Resources employees: Kieron Lumb, Katherine Baker, and Vanesha Goburdhun. There are no third parties on the communication. Citi counsel Emma Nelson, an in-house Citi lawyer advising Citi on matters involving the FX Investigation, conveys a request to non-lawyer Citi human resources personnel for ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ necessary to render legal advice regarding his termination. Subsequent communications reflect Citi non-lawyer HR personnel's discussion, and fulfillment, of Ms. Nelson's request. These communications—including a request for information from Citi's in-house counsel and subsequent discussion amongst non-lawyer Citi employees regarding responding to the request—are therefore attorney-client privileged as reflecting information requested by, and prepared at the direction of, counsel for the purpose of rendering legal advice. |
| | **Communications with Public Relations Personnel** |
| Document 16 | Document 16, an email dated October 15, 2013, is an example of a communication about legal advice around public relations. Citi in-house counsel responsible for advising Citi on the FX litigation and Citi non-legal personnel, including public relations employees, communicate about Ramchandani's pending termination and how to interact with the media, regulators, and the DOJ about the development. The communication includes Citi in-house lawyers Stephen Woodward, Elizabeth Sacksteder, Elaine Mandelbaum, Bradley Gans, Paul Ferguson, Alexander Young, and Stephen Bartlett. Non-legal Citi personnel involved in this communication are Jeffery French, Citi's Head of Public Affairs and of Media Relations of Europe, Middle East & Africa; Danielle Romero-Apsilos, Citi's Head of Institutional Clients Group Communications; Edward Skyler, Citi's Head of Global Public Affairs; James Forese, former Co-President of Citigroup; and Jenny Grey, Citi's Head of EMEA Public Affairs. There are no third parties on the communication. Citi lawyer Stephen Woodward begins this communication by ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ And the final email in No. 16 is a communication between non-legal Citi employees Danielle Romero-Apsilos, James Forese and Edward Skyler, in which Romero-Apsilos circulates a financial press article relevant to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| | **Documents Concerning the DOJ's FX Investigation** |
| Document 45 | Document 45, an email dated January 10, 2017, is an example of a communication about legal advice concerning the DOJ's FX investigation. This email chain begins with an attorney-client privileged email from Citi's outside counsel Josh Anderson, a lawyer at Cleary, to Citi's in-house counsel, Elaine Mandelbaum, regarding ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Additional Citi outside counsel, Jonathan Kolodner, Lev Dassin, Mark Nelson, Nicholas Karasimas, and Michael Noveck from Cleary are copied. Ms. Mandelbaum then forwards the communication from Cleary to other members of Citi's in-house legal counsel, Mei Lin Kwan-Gett, Adam Meshel, Stephen Woodward, Stephen Bartlett, and Scott Flood; and senior communications |

---

[1] We have redacted and submit parts of this exhibit *ex parte* because they contain privileged information relevant to Citi's designations.

|  | and business leaders Rohan Weerasinghe, Citi's then-General Counsel; James Forese, Citi's then-Co-President; Paco Ybarra, Citi's Global Head of Markets & Securities Services; John Davidson, Citi's then-Chief Compliance Officer; Danielle Romero-Apsilos, Citi's Head of Institutional Clients Group Communications; Edward Skyler, Citi's Head of Global Public Affairs; and Gary Rosen, Citi's Managing Director and the Global Head of Markets and Securities Services.  The communication is then forwarded to Citi in-house lawyers Mary Jane Lee, James Tyne, Joshua Levine, Diana Miller, and Mary Reisert.  The communications were circulated internally at Citi among in-house lawyers and senior communications and business leaders for the purpose of relaying the advice and analysis provided by Citi's outside counsel. |
|---|---|
| **Documents Concerning Citi's Guilty Plea** ||
| Document 44 | Document 44, an email dated April 14, 2015, is an example of a communication about legal advice in connection with Citi's guilty plea.  This document is an email chain between Citi's then-General Counsel, Rohan Weerasinghe; Citi's in-house lawyers Mei Lin Kwan-Gett, Elaine Mandelbaum and Diana Miller; and Citi's outside counsel Josh Anderson, Jon Kolodner, Lev Dassin, Elizabeth Chang, and Jeffrey Karp from Cleary, the law firm representing Citi in the FX investigation.  Other than Citi's outside counsel, there are no third parties on the communication.  In this communication, Josh Anderson is relaying, and discussing with Citi's legal representatives, ███████████ ████████████████████████████.  This email chain contains both attorney work product in the form of █████████████ and attorney-client communications. |