# LAW OFFICE OF DAVID R. LURIE, PLLC

*194 President Street*
*Brooklyn, New York 11231*

Phone: 347-651-0194
E-mail: david@davidlurielaw.com

June 3, 2022

The Honorable Stewart D. Aaron
United States District Court
 for the Southern District of New York
500 Pearl Street, Room 1970
New York, New York  10007

                              Re:  <u>Rohan Ramchandani v. Citigroup, Inc., et al.,</u>
                                    <u>Civil Action No. 1:19-cv-9124 (VM) (SDA)</u>

Dear Judge Aaron:

      We write in reply to Citi's June 1, 2022 letter opposition ("Citi Op.") to Plaintiff's motion to compel production of documents withheld on privilege/work product grounds.

      <u>DOJ Meeting Memos and Notes</u>

      <u>Work Product</u>:  As stated in our opening letter, we solely seek those portions of Citi's notes and memoranda that recount statements made by participants during DOJ meetings.  In response, Citi relies on *United States v. Arias*, 373 F. Supp. 2d 311, 312-13 (S.D.N.Y. 2005), for the proposition that "even factual portions of defense counsel's memoranda and notes constitute opinion work product."  Citi Op., at 1. That is not the holding by the Court in *Arias*, which grounded its decision on the note-taking attorney's written representation that the materials at issues constituted "notes ... that I, using my own legal analysis, determined were important to memorialize in order to properly counsel my client .... [and which] reflect my impressions and beliefs."  <u>United States v. Arias</u>, 373 F. Supp. 2d 311, 312 (S.D.N.Y. 2005).  By contrast, we are not seeking any materials reflecting legal analyses or impressions, which can be redacted, to the extent they appear in Citi's meeting memoranda. Rather, we are seeking those portions of the memoranda and notes that reflect contemporaneous accounts of statements by the meeting participants, materials that, as Judge Wood has explained, "<u>do not</u> rise to the level of opinion work product." *Rigas v. United States*, 2016 U.S. Dist. LEXIS 113914, at *8 (S.D.N.Y. 2016) (emphasis added).

      <u>Substantial Need:</u> Citi argues that Plaintiff has not established substantial need because of the availability of DOJ notes and testimony, and because "Plaintiff already has stipulated…to what was said at Citi's meetings with the DOJ." Citi Op., at 2.  First, the DOJ's notes are not a substitute for Citi's notes which would constitute admissions, and which likely contain factual material that were not included in Mr. Kolodner's presentation or the DOJ notes.  *Rigas*, 2016 U.S. Dist. LEXIS 113914, at *8 (rejecting argument that availability of one set of notes obviates need for others; "different sets of notes can be expected to record different statements or points from a conversation"). Second, Citi cannot colorably argue both that the Citi Stip -- which Citi has argued Mr. Ramchandani should not even be permitted to use in this case -- is not binding

Page 2

upon it, <u>and</u> that the existence of the Citi Stip obviates Plaintiff's substantial need for the notes on which Mr. Kolodner based much of his proffer.

<u>Waiver</u>: In the OCC proceeding, Mr. Ramchandani sought both the deposition and trial testimony of several of Citi's in-house and outside counsel. Citi wanted to avoid having those witnesses testify. Accordingly, Citi made the strategic decision to enter into an agreement whereby Mr. Ramchandani would withdraw demands for the testimony of Citi's lawyers, and certain documents, <u>in the OCC proceeding</u> in return for a Citi witness providing a proffer of "all relevant non-privileged statements made by Citibank" during certain meetings with the government. Exh. 1 to Kolodner Decl., at 5 (setting forth terms of parties' agreement).

Mr. Ramchandani's agreement with Citi to limit the scope of discovery, by its terms, applied solely to the OCC proceeding, and has no applicability here. See *id*. Furthermore, whatever Mr. Kolodner may have "understood" (Kolodner Aff., at ¶11), the parties did not enter into a non-waiver agreement. Thus, in agreeing to have its counsel provide an interview substantially based on its notes and memoranda -- in lieu of the testimony it wanted to avoid -- Citi took the risk that the proffer would effect a waiver of those underlying documents. Allowing Citi to avoid the consequences of its strategic decision would be directly contrary to the sword/shield doctrine.

Finally, Citi does not even attempt to rebut Plaintiff's demonstration that the documents at issue should be disclosed under Fed R. Evid. 612(a)(2), insofar as they plainly refreshed Mr. Kolodner's recollection.[1]

<u>Documents re the Employment Termination Process</u>

Citi continues to advance its misleading contention that "Citi has produced hundreds of non- privileged documents on this topic [*i.e.*, "Ramchanjani's termination"]. Citi Opp., at 2. In fact, the documents produced relate to the *fact* of his termination. What we seek are documents relating to the *decision-making process* giving rise to Mr. Ramchandani's firing, which Judge Marrero expressly recognized is material to Mr. Ramchandani's scapegoating claim; and these are the documents that Defendants continue to refuse to produce.

To establish that these documents were categorically withheld, we attached, as Exhibit A to our opening letter, a Witness Statement from Citi's U.K. counsel admitting that Citi did not produce "a significant number [out of "approximately 10,000 responsive communications"] of documents related to the decision making process that underpinned the termination of [Mr. Ramchandani's] employment" (Exh. A to May 26, 2022 Letter, at ¶ 21).

Citi asserts that "a small portion [of the 10,000 documents] were related to Plaintiff's termination," (Citi Op., at 3, n.5); but the Statement of Citi's UK counsel does not support that assertion. Furthermore, Citi has not pointed to <u>any documents</u> included in its production that

---

[1] Citi's contention that the mere fact that it labeled some or all of the documents at issue "attorney-client privileged" (Citi Opp., at 2) bars their disclosure has no basis in law.

Page 3

concern the decision-making process, and we have located, at most, one or two documents tangentially falling within this category in Citi's productions.

On this record, we submit that Citi should be required to provide a detailed account of what role(s) its lawyers played in each element and stage of the discipline and termination process, and why that role merits Citi's categorical privilege assertion.

<u>Communications with PR Personnel</u>

Citi makes no meaningful effort to distinguish the cases related to PR personnel cited in our moving letter, which are directly on point. Citi asserts the precedents "are inapposite as each involved discussions of public relations strategies with the goal of burnishing a company's image…. None involved communications with company public relations employees performing the litigation task of ensuring that a company's public statements did not impact ongoing government investigations." Citi Op., at 3, n.7. But this ignores Plaintiff's specifically pled allegations, as discussed by Judge Marrero (and relied upon in denying Citi's motion to dismiss), that Citi's PR department was part of "'a calculated scheme' to deflect the blame for any wrongdoing onto" Mr. Ramchandani. 2021 U.S. Dist. LEXIS 45984, at *5. In other words, Plaintiff alleges that the meetings with PR staff were for the purpose of facilitating Citi's goal of "burnishing" its image by deflecting blame onto Plaintiff. And Citi offers no alternative, cogent, account of its purpose in including PR personal in such communications.

Respectfully submitted,

/s/

David R. Lurie

cc: Counsel to Defendants (Via ECF)