# LAW OFFICE OF DAVID R. LURIE, PLLC

*194 President Street*
*Brooklyn, New York 11231*

Phone:  347-651-0194
E-mail:david@davidlurielaw.com

June 10, 2022

The Honorable Stewart D. Aaron
United States District Court
 for the Southern District of New York
500 Pearl Street, Room 1970
New York, New York  10007

Re:  Rohan Ramchandani v. Citigroup, Inc., et al.,
        Civil Action No. 1:19-cv-9124 (VM) (SDA)

Dear Judge Aaron:

We write in opposition to Citi's June 8, 2022 letter, which in turn responded to this Court's June 4, 2022 Order calling upon Citi to show cause why Defendants have not waived any privilege or work product protections in connection with "annotated chat" documents Citi employed during one or more meetings with the Department of Justice.

Based on Citi's own account of the annotations, we respectfully request that the Court order Citi to produce those portions of the annotations it shared with the Government.  It is Citi's burden to determine which of its annotations were shared and which were not.  If Citi cannot reliably demonstrate that an annotation was not shared, it should be produced.  Furthermore, we submit that the instant dispute makes it all the clearer that Citi should be ordered to produce its notes and memoranda of what was said during the DOJ meetings.

First, the annotated chat documents (as they have been described by Citi) – as well as the meetings during which Citi employed them – concern matters going to the heart of the parties' dispute.

As Judge Marrero explained, the DOJ represented to a court that it "heavily relied on Citi's cooperation in identifying 'the most appropriate chatrooms and currencies'" and likewise relied on Citi's "'valuable assistance' in decoding the chats, sometimes 'line-by-line.'"  2021 U.S. Dist. LEXIS 45984, at 19.  Accordingly, Judge Marrero reasoned, Plaintiff adequately alleged that Citi employed the purported "decoding" of Mr. Ramchandani's chat communications as a means of culpably "procur[ing]" the charges against Plaintiff.  Id. at 25-26.

Furthermore, according to Citi, Defendants used the annotations in connection with the very "decoding" sessions referenced by the DOJ. Indeed, it appears that Citi's lawyers conveyed the contents of some of the annotations at the June 2014 meeting during which Citi performed its first purported "decoding" of Mr. Ramchandani's chat communications, according to an account

Page 2

Mr. Kolodner provided during his proffer interview in the OCC Action. <u>See</u> Exh. D (the "OCC Stip") to April 21, 2022 Joint Letter (ECF 74).

        <u>Second</u>, Citi's suggestion (raised for the first time in its June 8 letter) that a confidentiality agreement it entered into with the DOJ gives Defendants license to withhold from production in this action documents or information Citi shared with the Government during the criminal investigation is without basis. <u>See</u> Exh. 1 to June 8, 2022 Kolodner Declaration. To the contrary, Citi entered into an agreement with Mr. Ramchandani in which it undertook to disclose "<u>all relevant non privileged statements made by Citibank (or its counsel) to DOJ</u>" during the meetings at issue. June 1, 2022 Kolodner Declaration, Exh. 1 (emphasis added). Furthermore, Citi's agreement with Mr. Ramchandani did not contain a "no waiver" provision. <u>See</u> Plaintiff's June 4. 2022 Letter (ECF 101). Accordingly, Citi not only has no right to withhold from Mr. Ramchandani any of the statements it made (or information it conveyed) to the DOJ, Citi took on a contractual obligation to disclose <u>all</u> such materials.[1]

                                    *    *    *

        In light of the foregoing, it appears clear that Citi should be ordered to produce some, if not all, of the chat annotations.

        A Cleary memorandum reportedly stated that Cleary "walked" the DOJ through the contents of its annotations during the June 2014 meeting. June 8 Letter, at 2, n.1. Citi (and its counsel Mr. Kolodner) are now stating, however, that Citi used only an unspecified number, but not all, of the annotations during the meeting(s) at issue, and did not read them "verbatim" to the Government.

        Initially, it is of no moment that Citi's lawyers did not repeat the contents of the annotations word-for-word. If the substance of the documents was shared with the DOJ, they must be disclosed, including under the precedents cited in this Court's June 4 Order.

        Furthermore, unless Citi can reliably distinguish between those annotations  it "walked through" with the DOJ and those it did not, Citi should be ordered to produce the entirety of the materials. <u>See</u> <u>Bank of Am., N.A. v. Terra Nova Ins. Co.</u>, 212 F.R.D. 166, 174-75 (S.D.N.Y. 2002) (ordering disclosure of all materials and information re an investigation that witness possessed at the time he discussed the investigation with government officials, when witness was unable to identify which materials had been disclosed to officials, and which had not).

---

[1] Even in the absence of the agreement between the parties, Citi's confidentiality agreement would fail to provide a basis for withholding materials from production for all of the reasons set forth in Judge Gardephe's decision in <u>Gruss v. Zwirn</u>, 2013 U.S. Dist. LEXIS 100012, at **26-27 (S.D.N.Y. 2013) (no waiver where a company under investigation enters into an "illusory" confidentiality agreement with government agency that did not meaningfully limit government's ability to make use of the materials at issue, as is the case here); <u>see also Seena Int'l, Inc. v. One Step Up, LTD.</u>, 2016 U.S. Dist. LEXIS 64850, at *12 n.8 (observing that selective waiver doctrine has been broadly rejected; citing cases).

Page 3

Whether or not the Court orders Citi to produce all, or any portion, of the annotations Citi prepared in connection with its meetings with the DOJ, the instant dispute underlines the importance of the notes and memoranda that Citi created to recount the contents of those meetings, and the weakness of Citi's argument for withholding them,

There is no dispute that <u>all of the statements</u> recounted in the meeting memoranda were actually made during the meetings between Citi and the DOJ.  Furthermore, as explained, the subject matter of the meetings goes to the heart of the parties' dispute. Finally, Citi previously entered into an agreement affirmatively requiring it to disclose every "relevant" statement made during those meetings.  Accordingly, not only does Citi have no basis, in privilege doctrine or otherwise, for withholding the factual contents of the meeting memos, Citi previously agreed to share any and all such materials with Mr. Ramchandani.

Respectfully submitted,

/s/

David R. Lurie

cc:  Counsel to Defendants (via ECF)