

Samuel J. Rubin
+1 212 813 8852
SRubin@goodwinlaw.com

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018

goodwinlaw.com
+1 212 813 8800

June 22, 2022

**VIA ECF**

Hon. Stewart D. Aaron
United States Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10017-1312

Re:   **Ramchandani v. Citigroup Inc., No. 19 Civ. 9124 (VM)(SDA)**

Dear Judge Aaron:

     We write on behalf of Defendants Citigroup Inc., Citicorp LLC, and Citibank, N.A. (collectively, "Citi") pursuant to the Court's June 15, 2022 Order (ECF No. 111) directing Defendants to produce un-redacted portions of Documents 3, 16, 35 and 42 submitted for *in camera* review, and to show cause why the portion of Document 14—which was inadvertently sent by a Citi in-house lawyer to Plaintiff Rohan Ramchandani ("Plaintiff") in October 2013—should remain privileged and be withheld from production.

     Initially, Defendants confirm that the portions of Documents 3, 16, 35 and 42 which the Court identified at the June 13, 2022 conference have already been previously produced to Plaintiff at documents beginning with bates numbers: Citi-RR-00333065; Citi-RR-00332062; Citi-RR-00333065; Citi-RR-00333011; and Citi-RR-00000521.  Defendants also will produce additional images of the identified communications by un-redacting the portions specified by the Court within Documents 3, 16, 35 and 42 as directed during the June 13, 2022 conference.

     Additionally, in accordance with the Court's directive at the June 13, 2022 conference, Defendants have confirmed that they have produced all communications with Plaintiff with the exception of two emails that Plaintiff sent to Citi in 2013 while he was still employed at Citi (supplemental privilege log document numbers 716 and 760).  Those emails were subsequently forwarded to in-house legal counsel requesting legal advice in connection with Citi's investigation of Plaintiff's FX trading conduct.  Pursuant to the Court's directive, Defendants will produce redacted versions of those two email chains with the portions of those communications containing emails sent from Plaintiff to Citi unredacted while maintaining privilege over the portions of the communications sent to in-house legal counsel.

     Finally, with respect to the portion of Document 14 identified by the Court, Defendants confirm that the document is a privileged email reflecting attorney-client communications between Citi's in-house and outside counsel concerning the Financial Conduct Authority's ("FCA") foreign exchange ("FX") investigation.  As discussed at the June 13, 2022 conference, Citi's in-house counsel inadvertently sent the communication to Plaintiff in October 2013.  Citi's in-house counsel intended to forward the email to Rohan Weerasinghe, Citi's General Counsel at the time, but inadvertently forwarded it to Plaintiff (Rohan Ramchandani) instead.  Immediately upon realizing the error, Citi's in-house counsel coordinated with Citi's information technology ("IT") department, which was able to use technological means to call back



Hon. Stewart D. Aaron
June 22, 2022
Page 2

the email before Plaintiff read it. Citi's in-house counsel then called Plaintiff who further confirmed that he had not read the email. Defendants logged this communication as privileged in their original categorical privilege log served on March 18, 2022, their metadata log served on April 19, 2022, and their document-by-document privilege log served on May 9, 2022.

The inadvertent disclosure of privileged communications such as this does not waive privilege, especially where it has been clawed back contemporaneously with disclosure and prior to it being read by the unintended recipient. *See Apionishev v. Columbia Univ. in City of New York*, 2012 WL 208998, at *11 (S.D.N.Y. Jan. 23, 2012) (finding no privilege waiver where email was inadvertently sent outside of discovery and immediately clawed back). For inadvertent disclosure of privileged communications made "in a Federal proceeding," analysis of waiver is governed by Rule 502 of the Federal Rules of Evidence, which requires the Court to determine if the holder of the privilege "took reasonable steps to prevent disclosure" and "promptly took reasonable steps to rectify the error." Fed. R. Evid. 502(b)(2)-(3). Although here the disclosure occurred outside the discovery context in this action, the same analogous factors are also generally weighed by the courts in the context of inadvertent disclosure prior to the lawsuit or outside of discovery. *See Clarke v. J.P. Morgan Chase & Co.*, 2009 WL 970940, at *5 (S.D.N.Y. Apr. 10, 2009); *Business Integration Services, Inc. v. AT & T Corp.*, 251 F.R.D. 121, 129 (S.D.N.Y. 2008). For inadvertent disclosure prior to the lawsuit, courts consider the waiver factors set out in *Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co.*, 104 F.R.D. 103, 105 (S.D.N.Y. 1985), which include: "(1) the reasonableness of the precautions to prevent inadvertent disclosure, (2) the time taken to rectify the error, (3) the extent of the disclosure, [and] (4) an over[arching] issue of fairness and the protection of an appropriate privilege which ... must be judged against the care or negligence with which the privilege is guarded." *Business Integrations Services*, 251 F.R.D. at 129 (applying the *Lois* factors to assess privilege waiver resulting from inadvertent disclosure prior to the lawsuit) (internal quotations and citation omitted); *see also Apionishev*, 2012 WL 208998, at *11 (applying the *Lois* factors to inadvertent disclosure outside of discovery). As the court noted in *Lois*, the issue is "whether or not the release of the documents was a knowing waiver or simply a mistake, immediately recognized and rectified." *Lois*, 104 F.R.D. at 105 (protecting as privileged inadvertently disclosed documents).[1]

First, the reasonableness of the precautions taken to prevent inadvertent disclosure support a finding of non-waiver because the email was labeled "privileged and confidential" and sent exclusively between Citi's in-house counsel and outside counsel until in-house counsel accidentally forwarded it to Plaintiff while intending to forward it to Citi's General Counsel. *See Lois*, 104 F.R.D. at 105. Second, the time taken to rectify the error similarly weighs against waiver because Citi's in-house counsel immediately coordinated with Citi's IT department to recall the email prior to it being read by Plaintiff. *See Apionishev*, 2012 WL 208998, at *11 (finding no waiver where party "acted within minutes"); *Prescient Partners, L.P. v. Fieldcrest Cannon, Inc.*, 1997 WL 736726, at *6 (S.D.N.Y. Nov. 26, 1997) (finding no waiver where

---

[1] This approach is consistent with the parties' own agreement, in the context of the so-ordered protective order governing disclosures in this action, that the inadvertent disclosure of privileged information does not result in a waiver or forfeiture of any claim of privilege pursuant to Federal Rule of Evidence 502(d). Where the parties have agreed to a 502(d) non-waiver stipulation, as the parties have done here, the producing party has "the right to claw back the [inadvertently disclosed materials], no matter what the circumstances giving rise to their production were" in the analogous situation where the disclosure was made in the course of discovery. *Brookfield Asset Mgmt., Inc. v. AIG Fin. Prod. Corp.*, 2013 WL 142503, at *1 (S.D.N.Y. Jan. 7, 2013).



Hon. Stewart D. Aaron
June 22, 2022
Page 3

counsel sent demand for return of documents the next day).  Third, the scope of the discovery and the extent of disclosure further weigh against waiver because only one email was inadvertently disclosed, and "[c]ourts generally decline to find waiver when 'a relatively small number of privileged documents were disclosed in comparison to the total number of documents produced.'"  *United States v. Rigas*, 281 F. Supp. 2d 733, 740 (S.D.N.Y. 2003) (citations omitted).  Fourth, fairness supports a finding that the privilege has not been waived because Plaintiff cannot argue that he "ha[s] already relied on the document[] at issue" given his representation that he never read the email.  *See Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 160 F.R.D. 437, 446 (S.D.N.Y. 1995).  Absent any prejudice to Plaintiff, "it would be inappropriate for the client of producing counsel to suffer the waiver of privilege . . . due to an isolated, inadvertent error."  *See Prescient*, 1997 WL 736726, at *7 (citations omitted).  Given these factors, the Court should determine that the disclosure was inadvertent, that privilege was not waived, and that the communication remains protected by the attorney-client privilege.  *See, e.g.*, *Apionishev*, 2012 WL 208998, at *11; *Lois*, 104 F.R.D. at 105; *see also* Fed. R. Evid. 502(a-b).

For these reasons, Document 14 is protected from disclosure by the attorney-client privilege.

Respectfully submitted,

/s/ Samuel J. Rubin

Samuel J. Rubin

cc:   David R. Lurie, Esq. (via ECF)
      Gary H. Greenberg, Esq. (via ECF)


ENDORSEMENT: If Plaintiff seeks to compel production by Defendants of Document 14, then no later than 6/29/2022, Plaintiff shall make a written submission as to why Document 14 is not protected from disclosure by the attorney-client privilege. SO ORDERED.

Dated: 6/22/2022     *Stewart D. Aaron*