# LAW OFFICE OF DAVID R. LURIE, PLLC

*194 President Street*
*Brooklyn, New York 11231*

*Phone:  347-651-0194*
*E-mail:david@davidlurielaw.com*

July 18, 2022

The Honorable Stewart D. Aaron
United States District Court
  for the Southern District of New York
500 Pearl Street, Room 1970
New York, New York 10007

Re:  Rohan Ramchandani v. Citigroup, Inc., et al.,
Civil Action No. 1:19-cv-9124 (VM) (SDA)

Dear Judge Aaron:

We write on behalf of our client, Plaintiff Rohan Ramchandani, pursuant to this Court's Individual Practices, to motion for an order: (i) permitting alternate service of a deposition subpoena on James Forese, the former President of Citi; (ii) permitting the deposition  of Mark Nelson, a former partner of the Cleary Gottlieb firm; and (iii) extending the deadline for the completion of fact discovery to the limited extent of allowing Plaintiff to take the depositions of Messrs. Forese (no more than two hours) and Nelson (no more than two and a half  hours).

## I.      PARTIES HAVE NOT MET AND CONFERRED

On July 15, 2022, we contacted Defendants' counsel about the matters set forth in this letter motion, and requested to "meet and confer" in a good faith attempt to resolve these issues without the necessity of a motion.  On July 18, 2022, Defendants' counsel responded by rejecting our below requests and refusing to meet and confer.

## II.      THE STATUS OF DISCOVERY

**Document Discovery:**  Plaintiff substantially completed its document production prior to the February 11, 2022 deadline.  On July 7, 2022, over 70 days after this Court's Order of April 26, 2022 which directed production, (NYSDECF #78) and shortly before the date Plaintiff was to commence its depositions, Defendants finally produced the documents mandated by ¶6 of the April 26 Order and contended that they had completed their discovery obligations.[1]

---

[1] Because Defendants produced over 16,000 pages of documents since June 30, just as Plaintiff's counsel was preparing for a week of deposition testimony, we have not been able to review the entirety of Defendants' production, let alone confirm that they have complied with their discovery obligations.

July 18, 2022
Page 2

**Depositions:** With the exception of the two depositions sought by this Motion, both sides completed all depositions allowed under this Court's prior orders by the July 15, 2022 discovery cutoff.

**Expert Reports:** Plaintiff timely served its Expert's Report on June 30, 2022.

## III.    THE FORESE DEPOSITION

The Court granted Plaintiff's motion to take Mr. Forese's deposition by Order dated April, 26, 2022, ¶9 (no more than two hours) (NYSDECF #78).  On April 8, 2022, Mr. Rubin informed us: "We expect to represent Mr. Forese and will revert once we have confirmed the same." (Exhibit 1, April 8, 2022 Rubin email).  On June 23, 2022, Mr. Rubin wrote "With regard to the former employees, we do not presently represent… Mr. Forese…and are not authorized to accept service, although we reserve rights to represent them should [he] be properly served with subpoenas in this action."  (Exhibit 2, June 23, 2022 email).

On June 30, 2022, Plaintiff served Mr. Forese with a subpoena to appear at his deposition on July 14, 2022 by delivering same to a person of suitable age and discretion at Mr. Forese's home. (Exhibit 3, Affidavit of Service; Exhibit 4, Subpoena).  On July 7, 2022, my co-counsel Mr. Greenberg notified Mr. Rubin that we had served Mr. Forese.  Mr. Rubin responded by requesting a copy of the subpoena, which we provided.  (Exhibit 5, July 7, 2022 email, Exhibit 6, July 12, 2022 email).

We did not hear back from Mr. Rubin or Mr. Forese thereafter, and therefore assumed that witness would be appearing for his testimony at the agreed upon date and time.  On July 14, Mr. Greenberg wrote Mr. Rubin to so confirm that Mr. Forese would be appearing.  After a period of hours, Mr. Rubin responded. "As we've told you we do not represent Mr. Forese.  Citi's in-house counsel has been in touch with Mr. Forese, and he does not waive service.  Based on the face of the affidavit of service you supplied, which does not reflect personal service on Mr. Forese as required per Rule 45, we do not understand that Plaintiff has established service of process for his deposition."  (Exhibit 7, July 14, 2022 email exchange).

There is no dispute that Mr. Forese received actual notice and a copy of the Subpoena.  The Subpoena was delivered to a person of suitable age and discretion at Mr. Forese's home, a copy was mailed to Mr. Forese at the address, which Mr. Rubin provided, and the witness fee was paid.  While the plain text of Rule 45(b)(1) indicates that hand delivery of a witness subpoena is required, within the Southern District, following a showing of diligence, the Court may order service by substitute means, including email.  *E.g.*, *Securities and Exchange Commission v. Pence*, 322 F.R.D. 450, 454-455 (S.D.N.Y. 2017) (service by email  permitted), (*Ahmad v. E. Ramapo Cent. Sch. Dist.*, No. 09CIV1440CSPED, 2011 WL 13383215, at *1–2 (S.D.N.Y. June 16, 2011) (The purpose of requiring delivery 'to the named person' is to ensure receipt, so that notice will be provided to the recipient, and enforcement of the subpoena will be consistent with the requirements of due process.); *Med. Diagnostic Imaging, PLLC v. CareCore Nat., LLC*, No. 06 CIV. 13516 VM THK, 2008 WL 3833238, at *3 (S.D.N.Y. Aug. 15, 2008).

July 18, 2022
Page 3

     Plaintiff has acted with due diligence, including by relying on Mr. Rubin's earlier representation that "we expect to represent Mr. Forese" after service of the subpoena.

     We therefore respectfully request an Order authorizing service upon Mr. Forese by email, and directing Defendants' counsel to provide Mr. Forese's email address so that we can supplement the prior physical service of the subpoena with email service.  We also request an Order extending the discovery deadline to permit Mr. Forese's deposition to go forward on a new date, in the near future.

     We note that Plaintiff has agreed to hold the deposition remotely.

## IV.   <u>THE NELSON DEPOSITION</u>

     Plaintiff previously sought to take the testimony of Mark Nelson, a former partner in Cleary's antitrust department over Defendants' objection.  The Court deferred its decision on our application pending the completion of other depositions of Citi witnesses, and upon a showing of "good cause."  (April 26, 2022 Order, ECF #78). We are renewing our application now.

     As we have previously explained, Mr. Nelson was party to certain communications that are highly significant to Plaintiff's claims, specifically, our allegation that Citi knew of Mr. Ramchandani's factual innocence.  Among other things, (i) we allege in the Complaint that Mr. Nelson described Mr. Ramchandani as "collateral damage" following Citi's guilty plea to a felony based on Mr. Ramchandani conduct; and (ii) documents produced in the Action establish that Mr. Nelson engaged in a number of communications with Mr. Ramchandani's counsel following the Citi guilty plea that are highly probative of Citi's knowledge of Mr. Ramchandani's lack of criminal culpability.

     Accordingly, we request that the Court authorize us to serve a subpoena on Mr. Nelson for his testimony, and also extend the discovery cut-off so as to permit such testimony to go forward.  We note that we are willing to conduct the deposition of Mr. Nelson remotely and to limit our examination of him to 2.5 hours, so as to limit the inconvenience to the witness.

          Respectfully submitted,

          s/ David R. Lurie
          David R. Lurie

cc:  Counsel to Defendants (via ECF)