

Samuel J. Rubin
+1 212 813 8852
SRubin@goodwinlaw.com

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018

goodwinlaw.com
+1 212 813 8800

July 21, 2022

**VIA ECF**

Hon. Stewart D. Aaron
United States Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10017-1312

Re:    **Ramchandani v. Citigroup Inc., No. 19 Civ. 9124 (VM) (SDA)**

Dear Judge Aaron:

We write on behalf of Defendants ("Citi") in response to Rohan Ramchandani's ("Plaintiff") letter dated July 18, 2022 (ECF No. 115) seeking to reopen fact discovery, which closed on July 15, 2022, to effect service on, and depose, two additional non-party witnesses. After three prior extensions, this Court ordered that "[n]o further extensions of discovery will be granted absent good cause shown and even then, only for a limited purpose." *See* ECF No. 89.[1]

Plaintiff made no attempt to extend the July 15 deadline during discovery, nor has he demonstrated good cause or a viable limited purpose for reopening discovery, and the request should be denied. *See, e.g.*, *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 927 (2d Cir. 1985) (denying plaintiff's request to reopen discovery when plaintiff had "ample time in which to pursue the discovery that it now claims is essential").

I.     **There is No Basis to Reopen Discovery to Allow
       Plaintiff to Pursue the Deposition of Former Citi Executive James Forese**

Plaintiff never served a deposition subpoena on former Citi executive James Forese during the discovery period. Instead, Plaintiff's July 18 letter requests—for the first time and after the close of discovery—that the Court authorize "service by substitute means" for such a deposition subpoena to be served. But at no point in the more than two months between April 26, 2022 (when this Court authorized Plaintiff to pursue a two-hour deposition of Mr. Forese) and June 30, 2022 (two weeks before the fact discovery cut-off) did Plaintiff make any attempt to serve any deposition subpoena on Mr. Forese.[2] Even then, after just one failed attempt to personally serve Mr. Forese on June 30, 2022, Plaintiff failed to make any further efforts to serve Mr. Forese, or applications to the Court to seek alternative service, prior to

---

[1]    Citi did not refuse to meet-and-confer with Plaintiff regarding an extension. Plaintiff did not request a meet-and-confer regarding an extension prior to the afternoon of July 15, 2022 (the last day of fact discovery) and less than one hour before the parties were scheduled to commence the deposition of Citi executive Paco Ybarra. There was no good faith opportunity to meet-and-confer with Plaintiff's counsel regarding a proposed extension of the fact discovery cut-off prior to the closure of fact discovery. This Court's Individual Practices (I.D.) require that "[a]ll requests for extension of a deadline must be made in advance of the deadline to be extended."

[2]    Plaintiff's reference to correspondence concerning whether this firm might represent Mr. Forese after he was properly served with process misses the point. At no point did this firm communicate it was representing Mr. Forese, much less that it was authorized to accept service on his behalf.



Hon. Stewart D. Aaron
July 21, 2022
Page 2

the July 15 discovery cut-off.[3]

Further, as this Court observed in limiting the duration of any Forese deposition, the topic of Plaintiff's employment termination, on which Mr. Forese would testify, was "already covered in London and prior proceedings" and "this ground has been plowed."  *See* ECF No. 90 at 44:3-7.  Indeed, Mr. Forese has already testified in Plaintiff's United Kingdom employment litigation, in which the UK Tribunal concluded that Plaintiff had engaged in "foolish, blameworthy behaviour which caused his dismissal" and that Plaintiff "was not dismissed as a scapegoat because of the unwelcome press coverage."[4]  The UK Tribunal further found that Messrs. Forese and Ybarra "genuinely believed that the content of [Plaintiff's] chats was inappropriate and in breach of his duties of confidentiality and trust and confidence."  *Id.* ¶ 104.

Finally, Mr. Forese's testimony would be duplicative at this point.  The UK Tribunal already made the findings referenced above and they cannot be relitigated here.  And, as Mr. Forese testified, the decision to terminate Plaintiff was made jointly by him and his now-successor (and current Citi employee) Paco Ybarra, who has already been deposed in this action.

Accordingly, because Plaintiff failed to serve Mr. Forese with a deposition subpoena within the discovery period, already has Mr. Forese's prior testimony from the UK litigation, and has also obtained Mr. Ybarra's deposition testimony in this action, there is no basis to reopen discovery to allow service of a deposition subpoena on Mr. Forese.

## II.      There is No Basis to Reopen Discovery to Allow <u>Plaintiff to Pursue the Deposition of Former Cleary Partner Mark Nelson</u>

Plaintiff has not shown good cause to reopen discovery to depose former Cleary Gottlieb Steen & Hamilton, LLP ("Cleary") partner Mark Nelson.  After Plaintiff sought to depose three Cleary lawyers, the Court authorized Plaintiff to take a <u>single</u> deposition of a representative of Cleary pursuant to Federal Rule of Civil Procedure 30(b)(6).  *See* ECF No. 78, ¶ 7.  The Court observed that Rule 30(b)(6) depositions are "quite burdensome" specifically because the deponent is required to "get information" from "former employees, in this case from the former partner at Cleary [Mark Nelson]" on all the topics Plaintiff wishes to obtain Cleary's testimony on.  ECF No. 90 at 33:1-10.  The Court ordered that the Cleary deponent would be either current partners Jonathan Kolodner or Lev Dassin and that any "[f]urther testimony from any present or former Cleary attorneys shall be permitted only upon a showing of good cause."  ECF No. 78, ¶ 7.  In accordance with the Court's April 26, 2022 Order, Cleary designated Mr.

---

[3]      Cases cited by Plaintiff only confirm Plaintiff's complete lack of diligence.  In *SEC v. Pence*, 15-cv-7077 (GBD)(GWG), 322 F.R.D. 450, 454 (S.D.N.Y. 2017)—which Plaintiff characterizes as standing for the simple proposition that "service by email [is] permitted"—the Court authorized alternative service only after the SEC had attempted personal service on the deponent 14 times at five different locations.  *Id.*  In fact, courts typically require a party seeking leave to serve by alternative means to demonstrate many prior diligent attempts to personally serve before permitting substituted service under Rule 45.  *See, e.g.*, *Tube City IMS, LLC v. Anza Cap. Partners, LLC*, No. 14 CIV. 1783 PAE, 2014 WL 6361746, at *1-3 (S.D.N.Y. Nov. 14, 2014) (allowing alternative service after six failed attempts); *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 08 CIV. 9116 (PGG), 2009 WL 1313259, at *3 (S.D.N.Y. May 11, 2009) (allowing alternative service after nine failed attempts).

[4]      *See Ramchandani v. Citibank N.A.* (2020) ET, No. 3200403/2014 (Eng.), ¶¶ 104, 142 available at https://assets.publishing.service.gov.uk/media/5f217876e90e071a54ff1a1a/Mr_R_Ramchandani_-v-_Citibank_NA_-_3200403_2014_-_Judgment.pdf.



Hon. Stewart D. Aaron
July 21, 2022
Page 3

Kolodner as its Rule 30(b)(6) representative and that deposition occurred on July 13, 2022.

Fully aware of the Court's ruling, the designation of Mr. Kolodner, and Citi's subsequent objection to schedule a deposition of Mr. Nelson absent Plaintiff's showing of "good cause," Plaintiff's counsel made the tactical choice <u>not</u> to include in his list of Rule 30(b)(6) deposition topics the very topics he now claims "are highly significant to Plaintiff's claims" and purportedly have been since Plaintiff filed his Complaint.  Instead, Plaintiff sought Cleary's testimony on 10 topics and subtopics and supplied 32 documents to be used at the deposition.  Precisely to avoid the current application and to fulfill his obligations as a Rule 30(b)(6) deposition witness, Mr. Kolodner thoroughly prepared to address all aspects of Cleary's involvement in this matter.  That preparation included his review, among many other documents, of email chains reflecting communications between Cleary and Wilmer Hale, including email chains on which Mr. Nelson was copied.  Mr. Kolodner also twice met virtually with Mr. Nelson, as well as with a former Cleary associate who was also involved in the communications with Wilmer Hale, to discuss the same subjects identified in Plaintiff's July 18 letter, so as to be able to address those issues as well.

In his letter, Plaintiff identifies no insufficiency in the Rule 30(b)(6) deposition, let alone one that would warrant reopening discovery to depose Mr. Nelson.  Apart from confirming that Mr. Nelson was involved in the FX investigation, and no longer with Cleary, Plaintiff's counsel failed to ask any questions about Mr. Nelson.  Instead, after just over one hour of questioning that hardly touched on many of the noticed deposition topics, Plaintiff's counsel announced that he had no further questions for Cleary, saying nothing at that time about needing to depose Mr. Nelson.  It would be inappropriate to countenance Plaintiff's counsel's deliberate choice to avoid examination on issues that were supposedly "highly significant to Plaintiff's claims" in order to depose Mr. Nelson.

\*               \*               \*

For the foregoing reasons, Citi respectfully requests that the Court deny Plaintiff's requests because there is no good cause for reopening discovery or for leave to serve and depose Mr. Forese and Mr. Nelson.[5]

---

[5]    Plaintiff cites the page-count of Defendants' final two document productions—which were comprised of 215 documents produced on June 30, 2022 and 73 documents produced on July 7, 2022—to create the misimpression that large productions were made at the end of discovery.  The page counts in those productions are attributable almost entirely to two duplicative excel spreadsheets of FX trading data that alone account for nearly 15,000 of the 16,000 pages.  In any event, the majority of those productions consisted of Citi's additional communications with other non-DOJ regulators which were produced pursuant to the Court's April 26, 2022 Order (ECF No. 78). Defendants made those productions as expeditiously as possible in light of Plaintiff changing the cohort of other regulator communications he originally sought and the necessary involvement of Citi's United Kingdom and European counsel who analyzed foreign privacy restrictions, provided necessary notices, and obtained necessary consents from foreign regulators, in order to make the production of those materials.



Hon. Stewart D. Aaron
July 21, 2022
Page 4

Respectfully submitted,

/s/ Samuel J. Rubin

Samuel J. Rubin

cc:     David R. Lurie, Esq. (via ECF)
        Gary H. Greenberg, Esq. (via ECF)