# LAW OFFICE OF DAVID R. LURIE, PLLC

*194 President Street*
*Brooklyn, New York 11231*

*Phone: 347-651-0194*
*E-mail:david@davidlurielaw.com*

July 22, 2022

The Honorable Stewart D. Aaron
United States District Court
 for the Southern District of New York
500 Pearl Street, Room 1970
New York, New York 10007

                              Re:  <u>Rohan Ramchandani v. Citigroup, Inc., et al.,</u>
                                      <u>Civil Action No. 1:19-cv-9124 (VM) (SDA)</u>

Dear Judge Aaron:

      We write, on behalf of our client, Plaintiff Rohan Ramchandani, in reply to Citi's July 21, 2022 opposition to our motion for an Order affording Plaintiff the ability to take the deposition testimony of two significant witnesses prior to dispositive motion practice.

    **Mr. James Forese:**

    Citi seeks to obtain credit for its gamesmanship; we submit that the Court should not provide it.  Defendants do not deny that:  (i) Citi has averred that Mr. James Forese, along with fellow senior Citi officer Mr. Paco Ybarra, made the decision to fire Mr. Ramchandani; (ii) Mr. Forese received actual notice of the subpoena for his testimony by delivery to his home and by mail; (iii) Citi intends to represent Mr. Forese, and indeed that it was Citi (not Mr. Forese) that notified Plaintiff (on the eve of both the deposition and the discovery cut-off date) that Mr. Forese did not intend to appear. Furthermore, Citi does not even attempt to contend that it would be unfairly prejudiced by affording Plaintiff a brief additional period within which to take Mr. Forese's testimony.

    Instead, Defendants first rely on what is at most a technical, non-substantive defect in service – which Mr. Forese (through his purported non-counsel Citi) initially asserted on the eve of the agreed upon deposition date -- ignoring the FRCP's prescription that the Rules are to be interpreted to enable "parties to secure the just, speedy, and inexpensive determination of every action," a principle thatunderlies the cases we cited in our initial letter brief.  Furthermore, as explained, the cases make clear that – on this record – any service defects can readily be cured by an order permitting additional service by email.

    Second, Defendants meritlessly assert that Mr. Forese's testimony is "duplicative" because he testified in a U.K. proceeding involving different factual and legal issues, and contend that Plaintiff should be required to rely <u>solely</u> on direct written testimony from Mr. Forese, <u>submitted</u>

July 22, 2022
Page 2

by Citi in that action (there is no official record of the cross-examination conducted by Mr. Ramchandani's U.K. counsel).

This Court has recognized that Plaintiff has the right to take the testimony of Mr. Forese, who – on Citi's account – played a critical role in events at issue in this case, including the suspension and firing of Mr. Ramchandani, and who was in direct contact with the Citi PR personnel who played a critical role in the commencement of what Judge Marrero has described as an alleged scapegoating scheme against Mr. Ramchandani.

The significance of Mr. Forese's testimony has only become clearer in the wake of last week's deposition testimony of Messrs. Ybarra and Mr. Feig (Mr. Ramchandani's former supervisor). Each of those witnesses provided testimony in material conflict with the written statement that Mr. Forese submitted in the U.K. proceeding. Furthermore, Mr. Feig's testimony, and that of two Citi PR department witnesses, further established the existence of what a Citi employee described as a "no fingerprints" scheme, involving what were intended to be "off the record" reach outs to the press to make damaging statements regarding Mr. Ramchandani.

In addition, the parties' agreed to forego pre-hearing discovery in a parallel arbitration proceeding arising from Defendant Citigroup's denial of deferred compensation to Mr. Ramchandani, but did so conditioned on the express agreement that Citi would submit itself to all pre-hearing discovery required in that proceeding. Last week, Citigroup submitted a summary judgment motion in the arbitral proceeding that is extensively grounded on assertions regarding Mr. Forese. We likewise expect that Citi will rely on assertions regarding Mr. Forese in its anticipated summary judgment motion in this Action.[1]

As a matter of fairness to Plaintiff in this Action, as well as in the arbitral proceeding, we submit that Mr. Ramchandani should have the opportunity to examine one of Citi's primary witnesses before responding to two dispositive motions from Citi.

**Mr. Mark Nelson:**

Mr. Mark Nelson, a former Cleary antitrust partner, has made statements, and engaged in conduct, directly relevant to Mr. Ramchandani's allegation that Citi knew of Plaintiff's factual innocence, and acted with malice. For example, as alleged in the Complaint, Mr. Nelson described Mr. Ramchandani as "collateral damage" immediately after the DOJ announced Citi's agreement to plead guilty to a felony based solely on Mr. Ramchandani's purported conduct. Furthermore, as we plan to evince during Mr. Nelson's testimony, Mr. Nelson was personally involved in other communications that are likewise directly relevant to Citi's knowledge and culpable state-of-mind.

The proposition that Plaintiff should be limited to the testimony of a Rule 30(b)(6) witness who was not involved in many of these critical events, and did not make the admissions

---

[1] The arbitral panel agreed to provide Plaintiff with an extension on our time to oppose Citigroup's motion while we, among other things, take Mr. Forese's testimony.

July 22, 2022
Page 3

at issue, is nonsensical.[2]  That is why we notified the Court, from the outset, that Plaintiff intended to seek Mr. Nelson's testimony, a request that we renewed – in accordance with the Court's express direction – after the completion of last week's round of testimony.

\* \* \*

Because it took months for Citi to complete its document production,[3] Plaintiff had all of six business days within which to take testimony from every Citi witness initially approved by the Court before the July 15, 2022 discovery cut-off.  As we have explained, Citi did its very best to take advantage of that compressed deposition schedule, including by informing us on July 14 that its supposed non-client Mr. Forese would not be showing up to testify.

A short extension to allow Plaintiff to take the testimony of two critical witnesses in advance of Citi's anticipated dispositive motion herein (and its already filed summary judgment motion in the parallel arbitral proceeding) will not work any unfair prejudice to Defendant.  By contrast, denying that extension would work grave prejudice to Plaintiff, would reward Citi for its manifest gamesmanship, and – most importantly – would make a sham of the summary judgment process.

Accordingly, we request that the Court grant Plaintiff's motion (i) to deem service of the subpoena on Mr. Forese effective after a supplemental email delivery; (ii) to grant Plaintiff leave to serve a subpoena for testimony upon Mr. Nelson; and (iii) to grant a brief extension on the fact discovery period to allow for the taking of both depositions.

Respectfully submitted,

s/ David R. Lurie
David R. Lurie

cc:  Counsel to Defendants (via ECF)

---

[2] Furthermore, Citi's suggestion that Plaintiff somehow waived his right to take Mr. Nelson's testimony by choosing not to preview our questioning of Mr. Nelson during Mr. Kolodner's testimony has no basis is law, and indeed is contrary to foundational principles of fairness.

[3] As previously noted, it remains uncertain whether Citi has in fact completed its document discovery obligations, given that Defendants – without explanation, let alone a stated excuse - produced thousands of documents immediately before the commencement of deposition testimony, and Plaintiff has yet to have the opportunity to fully review that large volume of recently produced material.