UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Rohan Ramchandani,

                            Plaintiff,

-against-

CitiBank National Association et al.,

                            Defendants.

1:19-cv-09124 (VM) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

      Pending before the Court is a Letter Motion by Plaintiff Rohan Ramchandani ("Plaintiff" or "Ramchandani") for an Order permitting alternate service of a deposition subpoena on James Forese ("Forese"), permitting the deposition of Mark Nelson ("Nelson") and extending the deadline for the completion of fact discovery so that Plaintiff can take the depositions of Forese and Nelson. (Pl.'s 7/18/22 Ltr. Mot., ECF No. 115.)

      For the reasons set forth below, Plaintiff's Letter Motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

      Ramchandani brings this action against Defendants CitiBank National Association, his former employer; CitiGroup Inc.; and Citicorp (collectively, "Citi" or "Defendants") alleging a malicious prosecution claim stemming from Citi's disclosure of information about Ramchandani to the United States Department of Justice ("DOJ") in connection with an investigation into a price-fixing conspiracy at Citi. *See Ramchandani v. Citigroup, Inc.*, No. 19-CV-09124 (VM), 2021 WL 930627, at *1 (S.D.N.Y. Mar. 11, 2021). Around June 2013, rumors began to spread in the

press about widespread manipulation of exchange rates in the foreign exchange spot market. *See id*. at *2. The DOJ commenced an investigation into the alleged manipulation. *See id*.

Citi began its own internal investigation and, as part of that investigation, on October 15, 2013, Ramchandani was interviewed by representatives of Citi, including in-house counsel and outside counsel from Cleary Gottlieb Steen & Hamilton LLP ("CGSH"). *Id*. A few weeks later, Ramchandani was suspended from Citi, and he later was terminated. *Id*. Forese, who is the former President of Citi, along with another senior Citi officer, Paco Ybarra, made the decision to terminate Ramchandani. (Pl.'s 7/18/22 Ltr. Mot. at 1; Pl.'s 7/22/22 Reply, ECF No. 118, at 1.)

In May 2015, Citi pled guilty to a federal antitrust charge. (Compl., ECF No. 17, ¶ 9.) According to Ramchandani, Citi's plea was "expressly based upon the false allegations Citi itself had made against Ramchandani." (*Id*.)

In January 2017, Ramchandani was indicted. *Ramchandani*, 2021 WL 930627, at *4. Ramchandani contends that he was indicted because of Citi's false statements putting him at the center of the case. *See id*. After trial in October 2018, Ramchandani was acquitted. *See id*. at *5.

Prior to Ramchandani's indictment, attorneys from CGSH had attended multiple meetings with representatives of the DOJ, among others, where Ramchandani was discussed. *See Ramchandani v. CitiBank Nat'l Ass'n*, No. 19-CV-09124 (VM) (SDA), 2022 WL 2156225, at *6 (S.D.N.Y. June 15, 2022). Nelson is a former partner at CGSH. (Pl.'s 7/18/22 Ltr. Mot. at 1.) Ramchandani contends that Nelson had communications with Ramchandani's counsel in which he described Ramchandani as "collateral damage" following Citi's guilty plea, and that Nelson had other communications with Ramchandani's counsel that are "highly probative" of Citi's

2

knowledge of Ramchandani's lack of criminal culpability.[1] (*Id*. at 3; *see also* 4/25/22 Tr., ECF No. 90, at 35-36.)

**PROCEDURAL HISTORY**

I. **Procedural History Prior To Current Disputes**

On October 2, 2019, Ramchandani commenced this action by filing his Complaint. (*See* Compl.) Citi moved to dismiss the Complaint and, on March 11, 2021, Judge Marrero denied Citi's motion. *See Ramchandani*, 2021 WL 930627, at *9. On May 27, 2021, a Scheduling Order was entered setting an October 1, 2021 deadline for all fact discovery, including depositions. (*See* Scheduling Order, ECF No. 31, at 1.)

On September 22, 2021, this action was referred to me by Judge Marrero for general pretrial purposes. (Order of Ref., ECF No. 36.) By Order, dated September 28, 2021, the discovery deadline was extended by me to November 15, 2021, without prejudice to a request for a further extension. (9/28/21 Order, ECF No. 40, at 2.) On November 27, 2021, the deadline for fact discovery was extended to April 22, 2022, and the deadline for all discovery, including expert discovery, was extended to May 27, 2022. (11/27/21 Order, ECF No. 57.)

On April 25, 2022, the Court held a telephone conference to address, among other things, a dispute that had arisen regarding the taking of depositions of Forese and present and former attorneys at CGSH. (*See* 4/25/22 Tr.) Following the conference, the Court entered an Order providing that Plaintiff could take a deposition of Forese limited to two hours (*see* 4/26/22 Order, ECF No. 78, ¶ 9), and providing as follows with respect to CGSH witnesses:

---

[1] Although Plaintiff's Letter Motion does not identify the name of the law firm that represented Ramchandani in the criminal proceedings against him, Plaintiff's counsel confirmed during the Court's telephone conference on July 25, 2022 that the law firm is Wilmer Hale.

3

> In lieu of taking separate depositions of present and former attorneys from the law firm [CGSH], Plaintiff shall take a single seven-hour deposition of [CGSH], pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, with either Lev L. Dassin or Jonathan S. Kolodner as [CGSH]'s designee. Further testimony from any present or former [CGSH] attorneys shall be permitted only upon a showing of good cause, and even then shall be limited in time and/or duration.

(*Id*. ¶ 7.)

On May 16, 2022, the Court extended the deadline for fact discovery until July 15, 2022 and the deadline for expert discovery until August 15, 2022. (5/16/22 Order, ECF No. 89.) In its May 16 Order, the Court stated that no further extensions of discovery would be granted absent good cause shown and, even then, would be granted only for a limited purpose. (*See id*.)

II.     **Procedural History Regarding Forese Deposition**

On June 23, 2022, after having previously represented to Plaintiff's counsel that they expected to represent Forese (*see* Rubin 4/8/22 Email, ECF No. 115-1), Citi's counsel advised Plaintiff's counsel that they would not be representing Forese, and they provided Forese's last known address in Connecticut. (*See* Rubin 6/23/22 Email, ECF No. 115-2.) On June 30, 2022, a process server delivered the Forese deposition subpoena to a woman at Forese's Connecticut address,[2] along with the witness fee. (*See* Pl.'s 7/18/22 Ltr. Mot. at 2; Aff. of Service, ECF No. 115-3, at PDF p. 1.) On July 1, 2022, the Forese deposition subpoena also was sent by mail to the Connecticut address. (*See* Aff. of Mailing, ECF No. 115-3, at PDF p. 2.)

On July 7, 2022, Plaintiff's counsel notified Citi's counsel that Forese had been served, and Citi's counsel requested proof of service. (*See* Pl.'s 7/18/22 Ltr. Mot. at 2; 7/7/22 Email Exchange,

---

[2] During the July 25 telephone conference, Citi's counsel stated that the woman to whom the Forese deposition was delivered was a domestic employee at his Connecticut address.

ECF No. 115-5.) On July 12, 2022, Plaintiff's counsel sent proof of service to Citi's counsel. (*See* Greenberg 7/12/22 Email, ECF No. 115-6.)

The deposition subpoena that was served to Forese's Connecticut address called for Forese to appear remotely for his deposition on July 14, 2022. (*See* Dep. Subpoena, ECF No. 115-4.) On July 14, 2022, Plaintiff's counsel emailed Citi's counsel about the Forese deposition and Citi's counsel responded that Citi's in-house counsel had been in touch with Forese, that Forese does not waive service and that Forese had not been personally served "as required per Rule 45." (*See* 7/14/22 Email Exchange, ECF No. 115-7.)

### III. Procedural History Regarding Nelson Deposition

On July 13, 2022, Plaintiff took the deposition of Jonathan Kolodner ("Kolodner"), as the Rule 30(b)(6) designee on behalf of CGSH. (Citi 7/21/22 Ltr. Resp., ECF No. 116, at 2-3.) The deposition lasted just over an hour. (*See id*. at 3.) Although Kolodner twice had met virtually with Nelson and was prepared to answer any questions regarding Nelson's communications with Wilmer Hale (Plaintiff's criminal defense counsel), Plaintiff asked no questions to Kolodner about such communications. (*See id*.)

On July 18, 2022, Plaintiff filed the Letter Motion now before the Court. (*See* Pl.'s 7/18/22 Ltr. Mot.) On July 21, 2022, Citi filed its response. (*See* Citi 7/21/22 Ltr. Resp.) On July 22, 2022, Plaintiff filed his reply. (*See* Pl.'s 7/22/22 Reply.) On July 25, 2022, a telephone conference was held to address Plaintiff's Letter Motion.

### LEGAL STANDARDS

Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Rule

5

16(b)(4) "good cause" inquiry is primarily focused upon the diligence of the movant in attempting to comply with the existing Scheduling Order and the reasons advanced as justifying that Order's amendment. *See Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007) (citation omitted). The burden of demonstrating good cause rests with the movant. *See Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009) (citation omitted).

## DISCUSSION

Since the thrice-extended deadline for fact discovery expired on July 15, 2022, and Plaintiff filed his pending Letter Motion on July 18, 2022, the Court must determine whether Plaintiff has met his burden of demonstrating good cause for the discovery he seeks.

**I.     Forese Deposition**

The Court finds that Plaintiff has established good cause to extend the deadline for taking the deposition of Forese. On June 30, 2022, a week after being advised that Citi's counsel would not be representing Forese, and more than two weeks before the fact discovery deadline, the subpoena was delivered to Forese's Connecticut address. Plaintiff plainly acted with diligence with respect to the Forese deposition and he is entitled to take such deposition, pursuant to my prior Order. Thus, the Court hereby extends the fact discovery deadline until August 15, 2022 for the limited purpose of taking the deposition.

The service already made on Forese may have been good service, since the subpoena appears to have been delivered to a person of suitable age and discretion at Forese's residence.[3]

---

[3] *See King v. Crown Plastering Corp.*, 170 F.R.D. 355, 355-56 (E.D.N.Y. 1997) (allowing service of subpoena delivered to person of suitable age at residential address and mailed to residential address, a procedure that complied with state procedural law). *Accord Plaza Motors of Brooklyn, Inc. v. Rivera*, No. 19-CV-06336 (LDH) (RLM), 2021 WL 4356011, at *3 (E.D.N.Y. Sept. 24, 2021).

Rule 45 of the Federal Rules of Civil Procedure states that "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). However, the word "delivering" is not defined. As other courts in the Second Circuit have found, Rule 45 does not require in-hand service nor prohibit alternative means of service. *See Sec. & Exch. Comm'n v. Pence*, 322 F.R.D. 450, 453 (S.D.N.Y. 2017); *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 08-CV-09116 (PGG), 2009 WL 1313259, at *2 (S.D.N.Y. 2009).

Instead of holding a traverse hearing to determine if proper service already has been effected of the Forese deposition subpoena,[4] and in furtherance of the "just, speedy, and inexpensive determination" of this case, *see* Fed. R. Civ. P. 1, the Court in its discretion grants Plaintiff's motion for alternate service so as to permit service by certified mail to Forese at his Connecticut address. *See Pence*, 322 F.R.D. at 456 (permitting service of subpoena by certified mail). Such service comports with due process since Forese already has notice of the subpoena from Citi's in-house counsel.

II.  **Nelson Deposition**

The Court finds that Plaintiff has not met his burden of establishing good cause to extend the discovery deadline to take the deposition of Nelson. Plaintiff is requesting permission to take Nelson's deposition in order to ask Nelson about his communications with Wilmer Hale. However, Plaintiff took the deposition of the CGSH Rule 30(b)(6) designee and failed to ask any questions about Nelson's communications with Wilmer Hale, in circumstances where the designee was prepared to answer such questions. (*See* Citi 7/21/22 Ltr. Resp. at 3.)

---

[4] A traverse hearing is a hearing held to determine if proper service has been effected. *See US Flour Corp. v. Certified Bakery, Inc.*, No. 10-CV-02522 (JS) (WDW), 2012 WL 728227, at *1 (E.D.N.Y. Mar. 6, 2012).

The fact that Nelson no longer is a partner at CGSH was of no moment since the Court stated during the April 25 conference that, under Rule 30(b)(6), the CGSH designee was "required to get information, including from former employees, in this case from the former partner at [CGSH]." (4/25/22 Tr. at 33 (citing *Bigsby v. Barclays Cap. Real Est., Inc.*, 329 F.R.D. 78 (S.D.N.Y. 2019).)[5] The Court made it clear during the April 25 conference that it was proceeding in "steps," and that, after Plaintiff's counsel took the CGSH 30(b)(6) deposition, "if [he] believe[d] that the information [he] ha[d] [wa]sn't sufficient," he would make an application for further testimony from present or former CGSH attorneys. (*See* 4/25/22 Tr. at 37; *see also* 4/26/22 Order ¶ 7 ("Further testimony from any present or former [CGSH] attorneys shall be permitted only upon a showing of good cause . . ..").)

Plaintiff argues in his reply that he should not be "limited to the testimony of a Rule 30(b)(6) witness who was not involved in many of these critical events, and did not make the admissions at issue," and that he "ch[]os[e] not to preview [his] questioning" of Nelson by asking questions to the CGSH witness about the Nelson communications. (*See* Pl.'s Reply at 2-3 & n.2.) However, from the April 25 conference and the April 26 Order, Plaintiff was aware, or reasonably should have been aware, that he was going to need to make a further showing, after the CGSH 30(b)(6) deposition, that the testimony he received from the CGSH witness was not sufficient, and that he should be permitted to depose Nelson. In other words, Plaintiff knew or reasonably should have known that the Court was going to decide after the CGSH deposition whether to

---

[5] "[I]f witnesses designated pursuant to Rule 30(b)(6) lack personal knowledge concerning the matters set out in the deposition notice, then the [entity] is obligated to prepare them so that they may give knowledgeable answers." *Bigsby v. Barclays Cap. Real Est., Inc.*, 329 F.R.D. 78, 80-81 (S.D.N.Y. 2019) (cleaned up).

8

permit the deposition of Nelson based upon the testimony given at the CGSH deposition. Therefore, it plainly was incumbent upon Plaintiff to ask the CGSH witness questions about the Nelson communications.[6]

In these circumstances, the Court finds, in its discretion, that Plaintiff failed to act with diligence. Thus, the Court denies Plaintiff's motion to extend the fact discovery deadline for purposes of taking the Nelson deposition.[7]

Notwithstanding the foregoing, if Citi submits an affidavit or declaration from Nelson in connection with its anticipated summary judgment motion, as a matter of fairness, Plaintiff shall be permitted to take a remote deposition of Nelson with respect to the content of such affidavit or declaration, not to exceed two hours.

---

[6] Plaintiff's argument that it was "contrary to foundational principles of fairness" to require him to "preview" his questioning of Nelson (*see* Pl.'s Reply at 2-3 & n.2) is meritless. Plaintiff already had previewed in the public record at the court conference on April 25 that he wanted to ask Nelson about his conversation with Wilmer Hale on the day of Citi's plea agreement and about communications with Wilmer Hale regarding the defenses that Plaintiff had available. (*See* 4/25/22 Tr. at 35-36.)

[7] Even if Plaintiff timely had renewed his request for the Nelson deposition prior to expiration of the discovery deadline, the Court would have denied the request, pursuant to the terms of the April 26 Order, because Plaintiff failed to ask questions to the CGSH Rule 30(b)(6) witness about the Nelson communications.

**CONCLUSION**

By reason of the foregoing, Plaintiff's Letter Motion (ECF No. 115) is GRANTED IN PART and DENIED IN PART. The fact discovery deadline is extended until August 15, 2022 for the limited purpose of taking a two-hour remote deposition of Forese. No later than July 28, 2022, Citi's counsel shall contact Forese and, in consultation with Plaintiff's counsel, shall arrange for a date prior to August 15, 2022 when Forese's deposition shall be taken.[8] Plaintiff thereafter shall serve the deposition subpoena by certified mail to Forese at his Connecticut address, which shall constitute good and sufficient service.

**SO ORDERED.**

Dated:   New York, New York
         July 25, 2022

_____
STEWART D. AARON
United States Magistrate Judge

---

[8] Citi's counsel shall confirm with Forese that he has received the check for the witness fee. If Forese represents that he has not received the check, then Plaintiff's counsel shall include a witness fee check with the subpoena that is sent by certified mail (and can stop payment on the check that previously was issued).