

Marshall H. Fishman
+1 212 813 8851
MFishman@goodwinlaw.com

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018

goodwinlaw.com
+1 212 813 8800

September 14, 2022

**VIA ECF**

Honorable Victor Marrero
United States District Judge
United States District Court for the
  Southern District of New York
500 Pearl Street, Suite 1040
New York, NY 10007

Re: **Ramchandani v. Citigroup Inc., No. 19 Civ. 9124 (VM)(SDA)**

Dear Judge Marrero:

  We write on behalf of Defendants Citigroup Inc., Citicorp LLC, and Citibank, N.A. (collectively, "Citi") requesting to seal portions of our September 14, 2022 letter (the "September 14, 2022 Letter") (filed herewith) and setting forth the bases for the confidential treatment of redacted portions of Defendants' submission.

  Defendants have filed a redacted version of the September 14, 2022 Letter that quotes or summarizes portions of discovery materials that have been designated Highly Confidential or Attorneys' Eyes Only under the operative protective order in this action (ECF No. 51) (the "Protective Order"). Specifically, the redacted portions of the September 14 Letter concern:  (i) the Grand Jury materials produced by the Department of Justice ("DOJ") pursuant to Judge Aaron's October 8, 2021 Order under Federal Rule of Criminal Procedure 6(e) (ECF No. 44) and which the DOJ designated Attorneys' Eyes Only; (ii) the deposition testimony of the DOJ and the notes produced by the DOJ in this matter, both of which the DOJ designated Highly Confidential; and (iii) a stipulation between Plaintiff and the Office of the Comptroller of Currency ("OCC") that is subject to a protective order entered in Plaintiff's OCC proceedings.

  Defendants submit confidential treatment of these materials is consistent with the standards governing sealed filings and redactions in the Second Circuit.  Notably, the Grand Jury materials are subject to Judge Aaron's October 8, 2021 Order pursuant to Rule 6(e) (ECF No. 44).  The Grand Jury materials and the DOJ's deposition testimony regarding the details of the Grand Jury's indictment of Plaintiff are subject to secrecy (*see, e.g.*, *United States v. Haller*, 837 F.2d 84, 88 (2d Cir. 1988) (permitting sealing of portion of plea agreement in "preservation of grand jury secrecy")).

  The governing Protective Order further stipulates that no one (other than the producing party) "shall disclose, summarize, describe, characterize, or otherwise communicate or make available" documents designated Highly Confidential or Attorneys' Eyes Only, as the documents at issue here have been designated.  ECF 51 ¶¶ 12, 14.  Under the governing Protective Order, the remaining portions of the DOJ's deposition testimony referenced in the September 14 Letter were designated Highly Confidential by the DOJ.  The OCC Stipulation is also subject to a separate protective order entered in Plaintiff's OCC action.  Courts can consider the parties' protective order as one factor when assessing the sealing of documents.  *See In re Term Commodities Cotton Futures Litig.,* No. 12-CV-5126 (ALC),



Hon. Stewart D. Aaron
September 14, 2022
Page 2

2020 WL 5849142, at *1 (S.D.N.Y. Sept. 30, 2020) (considering that "[t]he documents the Parties' wish to seal reference documents and deposition transcripts that have been designated as 'Confidential' or 'Highly Confidential' by the producing party pursuant to the Protec[t]ive Order entered in this case").

Accordingly, Defendants respectfully submit that the redacted confidential portions of the September 14, 2022 Letter should remain sealed. The parties have conferred and Plaintiff does not object to the proposed redacted filing of the September 14, 2022 Letter.

Respectfully submitted,

/s/ Marshall H. Fishman

Marshall H. Fishman

cc: David R. Lurie, Esq. (via ECF)
    Gary H. Greenberg, Esq. (via ECF)