

Marshall H. Fishman
+1 212 813 8851
MFishman@goodwinlaw.com

Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018

goodwinlaw.com
+1 212 813 8800

September 14, 2022

**BY ECF (UNDER SEAL) AND HAND DELIVERY**

Honorable Victor Marrero
United States District Judge
United States District Court for the
  Southern District of New York
500 Pearl Street, Suite 1040
New York, NY 10007

Re:   Ramchandani v. Citigroup, Inc., et al., 19-cv-09124 (VM) (SDA)

Dear Judge Marrero:

We write on behalf of Defendants Citigroup Inc., Citicorp LLC, and Citibank, N.A. (collectively, "Citi") to request a pre-motion conference and/or briefing schedule regarding Citi's motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56. As Citi's motion will establish, Plaintiff bears a "heavy burden" to establish each of the following three requisite elements of a malicious prosecution claim: (i) fraud, perjury or other misconduct in the Grand Jury necessary to rebut the presumption of probable cause, (ii) Citi's "initiation" of the prosecution, or (iii) malice. Plaintiff cannot meet that heavy burden on any of these elements. *Rothstein v. Carriere*, 373 F.3d 275, 282-3 (2d Cir. 2004).

In connection with the decision and order denying dismissal of this case (ECF No. 24), this Court was constrained to accept as true Plaintiff's allegations that: (i) Citi made "knowing and material misstatements to the [DOJ]" (Compl. ¶ 1), (ii) the DOJ "relied upon those misstatements in obtaining the Indictment of Ramchandani" (*id.*), and (iii) the DOJ attempted to prove its case against Plaintiff by relying on Citi's decoding of Plaintiff's chats (*id.* ¶¶ 186-87). The undisputed material facts demonstrate that these core allegations of Plaintiff's claim are false or otherwise unsupportable, and that the claim has no basis under controlling Second Circuit law.

**I.   Citi's Motion Will Show That Summary Judgment is Warranted Because Plaintiff Cannot Rebut The Presumption Of Probable Cause Established by The Grand Jury Indictment**

In January 2017, a Southern District of New York Grand Jury indicted Plaintiff, a former Citi trader, along with two other traders at competing banks, for an alleged conspiracy in the Euro/U.S. Dollar currency market in violation of the Sherman Act.[1] The indictment was based on ████████ ████████████████████████████████████████████████ Omitted from the Complaint is the fact that ████████████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████████████

---

[1] All evidentiary references shall be fully set forth in Citi's 56.1 statement pursuant to Local Civil Rule 56.1.

[2] ████████ Gardiner, not Citi, decoded the chats at Plaintiff's criminal trial. Plaintiff's own trial counsel stated that Gardiner was the DOJ's "star witness" who served as the basis for the DOJ's "entire case." *United States v. Usher et al.*, 17 Cr. 19 (RMB) (S.D.N.Y.), Trial Tr., 52:1-6, 2336:2-5.



As this Court stated, an "indictment by a grand jury creates a presumption of probable cause" that can "be rebutted <u>only by evidence</u> that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." (ECF No. 24 at 24) (citations omitted) (emphasis added). Second Circuit law is clear that, at summary judgment, the "burden of rebutting the presumption of probable cause requires the plaintiff to establish <u>what occurred in the grand jury</u>, and to further establish that those circumstances warrant a finding of misconduct sufficient to erode the premise that the Grand Jury acts judicially." *Rothstein*, 373 F. 3d at 284 (emphasis added) (internal quotation marks omitted). "[U]nless the plaintiff can demonstrate that the proceedings before the grand jury were tainted, an indictment <u>extinguishes</u>" the malicious prosecution claim. *Id.* at 290 (emphasis added); *see also Nunez v. Diedrick*, No. 14-CV-4182 (RJS), 2017 WL 2257350, at *7 (S.D.N.Y. May 19, 2017) (granting summary judgment dismissing the malicious prosecution claim where plaintiff offered no evidence concerning "the content of [defendant's] grand jury testimony" and relied on "rank speculation" regarding the defendant's involvement in grand jury proceedings), *aff'd*, 735 F. App'x 756 (2d Cir. 2018).

Here, Plaintiff <u>admitted</u> at his deposition that he is <u>not</u> claiming fraud or other misconduct in the Grand Jury, and Plaintiff failed to develop any such Grand Jury evidence. Dismissal of the Complaint therefore is warranted. *Rothstein*, 373 F.3d at 283-85.[3]

In addition to Plaintiff's admission and failure, there is no question that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆.[4] The DOJ testified at deposition that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆



Accordingly, there are no material facts in dispute by which Plaintiff could rebut the presumption of probable cause. The Complaint must be dismissed. *See, e.g.*, *Kanciper v. Lato*, 718 F. App'x 24, 28 (2d Cir. 2017) (affirming summary judgment under *Rothstein* holding that plaintiff put "forth no evidence that the grand jury that indicted her was presented with, much less relied upon, evidence that was wrongfully obtained, misrepresented, or otherwise improper"); *Bertuglia v. Schaffler*, 672 F. App'x 96, 100 (2d Cir. 2016) (affirming summary judgment under *Rothstein* holding that "plaintiffs point to no record evidence that [misleading or fraudulent] statements reached the grand jury").[5]

---

[3] In conceding the absence of fraud, perjury, or other misconduct in the Grand Jury, Plaintiff's counsel argued to Magistrate Judge Aaron that he need not make that showing and misconstrued Your Honor's dismissal decision as "expressly reject[ing]" the requirement of grand jury irregularity. Plaintiff's argument flies in the face of established Second Circuit law requiring proof of fraud, perjury or other misconduct in the Grand Jury. *See* ECF 74 at 6.

[4] Citi obtained from the Court a Federal Rule of Criminal Procedure 6(e) Order for ▆▆▆▆▆▆▆ Grand Jury testimony and the DOJ's testimony about the Grand Jury proceedings. Plaintiff did not ask the DOJ witness a single question during her deposition.

[5] *See also Frederick v. New York City*, No. 11 CIV. 469 (JPO), 2012 WL 4947806, at *9 (S.D.N.Y. Oct. 11, 2012) ("*Rothstein* sets a high bar for malicious prosecution claims in cases where a grand jury issued an indictment. In effect, it requires <u>plaintiffs</u> to prove what happened before the grand jury to negate probable cause.") (emphasis added); *Hill v. Melvin,* No. 05 CIV. 6645 (AJP), 2006 WL 1749520 at *15 (S.D.N.Y. June 27, 2006) (granting



**II.     Citi's Motion Will Show That Citi Did Not Initiate The DOJ's Prosecution or Act With Malice**

**(i) Initiation:** While Plaintiff's failure to rebut the presumption of probable cause alone requires dismissal, the indisputable evidence will show that Citi did not initiate the criminal proceedings against Plaintiff by intentionally providing false information to the DOJ (*Moreno v. Town of Greenburgh*, No. 13 CV 7101 (VB), 2014 WL 3887210, at *4 (S.D.N.Y. June 9, 2014) (dismissing malicious prosecution claim where plaintiff failed to sufficiently plead defendants' "knowledge of falsity" of alleged "fraudulent" statements)) or by playing an "active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act" (*Rothstein*, 373 F.3d at 293 (citations omitted and internal quotation marks omitted)).[6]  Here, the DOJ testified in its deposition that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The DOJ also testified, and Plaintiff admitted, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The DOJ further testified that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Moreover, at his deposition, Plaintiff could not identify a single intentionally misleading statement that Citi made to DOJ in interpreting the chatroom communications.[8]

**(ii) Malice:** There is no evidence of malice.  To the contrary, the indisputable fact is that, as the DOJ testified, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Moreover ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Citi's counsel also established a joint defense agreement with Plaintiff's counsel and supplied Plaintiff's counsel with arguments, information, and expert analysis both before and after Plaintiff was indicted.  And Citi paid the entirety of Plaintiff's legal fees, which were in the millions of dollars.

Accordingly, Defendants respectfully request that the Court schedule a pre-motion conference and/or set a briefing schedule on Citi's motion for summary judgment.

---

summary judgment where plaintiff "ha[d] not supplied the Court with *any* grand jury testimony" to rebut the presumption of probable cause)*, aff'd*, 323 F. App'x 61, 62 (2d Cir. 2009) (emphasis in original).

[6]  For a civilian defendant (like Citi) to be considered to have initiated a prosecution, the civilian must have overcome the will of the prosecuting officer "to the point where the officer is not acting of his own volition."  *See, e.g.*, *Dantas v. Citigroup*, 779 F. App'x 16, 23 (2d Cir. 2019).

[7]  Contrary to the Complaint's allegations, Plaintiff admitted – ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

[8]  Citi entered into a guilty plea after the DOJ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ iti entered into the guilty plea on the basis that "[h]ad this case gone to trial, the United States would have presented evidence sufficient to prove" a conspiracy to coordinate FX trading.  *United States v. Citicorp*, 3:15 Cr. 78 (SRU) (D. Conn.), Plea Agreement, ¶ 4.  The conduct charged by the DOJ against Citi and the three other banks was limited to the Cartel chatroom, in which Plaintiff was the <u>only</u> Citi participant.

[9]  Plaintiff's conduct did violate Citi's Code of Conduct, his employment agreement, and Citi policies.  In a wrongful dismissal suit Plaintiff brought against Citi, a United Kingdom Employment Tribunal found that Plaintiff had "committed culpable acts of misconduct in breach of his contract of employment" in his chats and that Plaintiff had engaged in "foolish, blameworthy behaviour which caused his dismissal."  Answer at 3, 26 (ECF No. 28).



Honorable Victor Marrero
September 14, 2022
Page 4

Respectfully submitted,

/s/ Marshall H. Fishman

Marshall H. Fishman

cc: All counsel of record (via e-mail)