# LAW OFFICE OF DAVID R. LURIE, PLLC

*194 President Street*
*Brooklyn, New York 11231*

Phone: 347-651-0194
E-mail:david@davidlurielaw.com

October 5, 2022

BY ECF
The Honorable Victor Marrero
United States District Court
 for the Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007

                              Re: Rohan Ramchandani v. Citigroup, Inc., et al.,
                                  Civil Action No. 1:19-cv-9124 (VM) (SDA)

Dear Judge Marrero:

      We represent Plaintiff Rohan Ramchandani ("Ramchandani") and write to request the sealing of portions of our October 5, 2022 letter (the "October 5, 2022 Letter") (filed herewith) and setting forth the bases for the confidential treatment, at this time, of the redacted portions of the October 5, 2022 Letter.

      Plaintiff has filed a redacted version of the October 5, 2022 Letter that quotes or summarizes portions of discovery materials that have been designated as Highly Confidential under the operative protective order in this action (ECF No. 51) (the "Protective Order"). Specifically, the redacted portions of the October 5, 2022 Letter concern: (i) deposition testimony on behalf of the United States Department of Justice (the "DOJ") and certain notes produced by the DOJ in this matter, both of which the DOJ designated Highly Confidential; (ii) a stipulation ("OCC Stipulation") between Plaintiff and the Office of the Comptroller of Currency ("OCC") that is subject to a protective order entered in a proceeding brought by the OCC; and (iii) deposition testimony that has been designated as Highly Confidential by Defendants and/or refers to materials Defendants have designated as Highly Confidential..

      Confidential treatment of the materials at issue, in connection with the instant pre-motion correspondence, is consistent with the standards governing sealed filings and redactions in the Second Circuit. Per the Protective Order, no one (other than the producing party) "shall disclose, summarize, describe, characterize, or otherwise communicate or make available" documents designated Highly Confidential. ECF 51 ¶¶ 12, 14. Additionally, the OCC Stipulation is also subject to a separate protective order.

      We note, however, that, in the event that materials at issue are included in future summary judgment filings, some or all of them may no longer properly be subject to sealing under governing precedents. See generally Brown v. Maxwell, 929 F.3d 41 (2d Cir. 2019). Plaintiff also expressly reserves the right to challenge the appropriateness of Defendants' confidentiality designations with respect to the materials at issue here, or any other materials, in the future.

Accordingly, Ramchandani respectfully submits that the redacted portions of the October 5, 2022 Letter should be sealed at this time.

>Respectfully submitted,
>
>/s/
>
>David R. Lurie

cc: All Counsel (via ECF)