# LAW OFFICE OF DAVID R. LURIE, PLLC

*194 President Street*
*Brooklyn, New York 11231*

*Phone: 347-651-0194*
*E-mail:david@davidlurielaw.com*

October 5, 2022

BY ECF (UNDER SEAL)
The Honorable Victor Marrero
United States District Court
 for the Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007

         Re: <u>Rohan Ramchandani v. Citigroup, Inc., et al.,</u>
           <u>Civil Action No. 1:19-cv-9124 (VM) (SDA)</u>

Dear Judge Marrero:

  On behalf of the Plaintiff, we write in response to Citi's September 14, 2022 letter. Discovery has both confirmed the accuracy of Plaintiff's allegations, and adduced additional facts, supporting the theory of liability this Court upheld in rejecting Citi's motion to dismiss. See <u>Ramchandani v. CitiGroup, Inc.</u>, 2021 U.S. Dist. LEXIS 45984 (March 11, 2021). Accordingly, Citi's proposed summary judgment motion would be futile.

  I. <u>Citi culpably initiated Ramchandani's indictment</u>. As this Court has held, furnishing knowingly false information to the government constitutes the culpable initiation of a prosecution that can give rise to malicious prosecution liability under New York law. 2021 U.S. Dist. LEXIS 45984, at *17-18. The record now establishes that Citi did just that.

  <u>First</u>, Citi singled out Ramchandani for prosecution, despite avowedly knowing that he was innocent of any crime. Prior to Citi's own guilty plea, its lead antitrust lawyer, Mark Nelson, stated to Ramchandani's counsel that there was no basis in fact or law for a criminal antitrust charge based on Ramchandani's conduct in the Eur/USD FX currency Spot market.

[REDACTED] Unlike Ramchandani, Cummins was actually culpable, and later pled guilty to a felony.

[REDACTED]

  <u>Second</u>, Citi pled guilty to an antitrust felony on terms that it well knew made Ramchandani's indictment all but certain. As negotiated by Citi, the DOJ plea agreement was drafted to focus solely, and specifically, on Ramchandani, and <u>not</u> anyone else.

  In its own submission seeking leniency from the sentencing court, Citi asserted that only "one Citi employee . . . based in London", <u>i.e.</u>, Ramchandani, had committed a crime, an assertion that was doubly false, both because Ramchandani was innocent and because Cummins was guilty. (Citi 12/1/16 Citi Memo, p. 8.)  Citi similarly asserted to the SEC that its criminal

liability arose from "isolated acts by one employee," and Citi made the same claim in talking points prepared for the press.



After Citi's plea was announced, Citi antitrust lawyer Nelson called Plaintiff's counsel to state that Ramchandani was the "collateral damage" from Citi's plea, i.e., effectively admitting an innocent man had to be put at risk of indictment to advance Citi's interests.

As this Court previously observed, "in providing assistance to the DOJ, Citi had motive and opportunity to do more than merely cooperate with the Government's investigation, but rather to influence the outcome to serve its own interest in minimizing its role in the underlying financial scheme and shifting the blame to another." 2021 U.S. Dist. LEXIS 45984, at *19. The record establishes that Citi did just that.

Third, Citi provided the DOJ with misleading "decodings" of Ramchandani's words and trading activities. The DOJ represented to a court that it relied on Citi's purported "decoding" of chatroom communications in identifying, and understanding the meaning of, potentially culpable chat communications;

A sworn affirmation from Jones will establish that, before issuing his incriminatory "decoding" report regarding Ramchandani, Feig joked with Jones about the chatroom interchange with Usher, which he did not characterize as remotely incriminatory.

2

[REDACTED], Feig brushed aside Jones' more fully informed account of the event, which demonstrated that Jones had not actually been the "victim" of any misconduct by Ramchandani.

The record will also establish that Citi's lawyers repeated Feig's misleading account of the chat to third parties. [REDACTED]

II. <u>There was no probable cause</u>. As this Court previously held, if Ramchandani establishes that "Citi mischaracterized his chatroom communications and told the DOJ that he was criminally liable for price-fixing based on those communications …. [to] limit its liability to a single wrongdoer, thereby shielding the bank from large- scale consequences", the presumption of probable cause arising from the grand jury indictment can be overcome. 2021 U.S. Dist. LEXIS 45984, at *25. Ramchandani has done just that.

We have established that Citi made calculated and knowing misstatements, all of which necessarily compromised the government's prosecution, including its grand jury presentation. <u>Richards v. City of New York</u>, 97 Civ. 7990 (MBM), 2003 U.S. Dist. LEXIS 8037, at *43-45. (S.D.N.Y. May 7, 2003). [REDACTED], even as Citi identified Plaintiff as the person to be "prosecuted" and negotiated a plea agreement grounded on a false account of Ramchandani's conduct (as set forth above).

III. <u>Citi acted with malice</u>. Citi had a strong business and pecuniary interest in grounding its guilty plea on knowingly false allegations against Ramchandani, solely in the EUR/USD market, the *sine qua non* of malice under New York law.

[REDACTED]. Citi's plea agreement bought Citi immunity from FX Spot market-related charges, including for the crimes Cummins later pled guilty to committing. Citi also relied on the, false, claim that Ramchandani was the bank's sole purported wrongdoer in seeking leniency from regulators.

[REDACTED].

In sum, the record more than amply substantiates that Citi had an "'improper motive' in providing information about [Ramchandani] to the DOJ", <u>i.e.</u>, "to minimize its own wrongdoing by turning on Ramchandani, scapegoating him by falsely claiming that Citi's culpability was limited to the acts of one individual." 2021 U.S. Dist. LEXIS 45984, at *26. Furthermore, malice can be inferred by a jury from the absence of probable cause. <u>Vizcaino v. City of New York</u>, 201 A.D.3d 538 (1st Dep't 2022).

                Respectfully submitted,

                    /s/

                David R. Lurie