

| | Marshall H. Fishman<br>+1 212 813 8851<br>MFishman@goodwinlaw.com | Goodwin Procter LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY  10018<br><br>goodwinlaw.com<br>+1 212 813 8800 |

December 9, 2022

**VIA ECF**

Honorable Victor Marrero
United States District Judge
United States District Court for the
 Southern District of New York
500 Pearl Street, Suite 1040
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/13/2022
```

Re:     **Ramchandani v. Citigroup Inc., No. 19 Civ. 9124 (VM)(SDA)**

Dear Judge Marrero:

We write on behalf of Defendants Citigroup Inc., Citicorp LLC, and Citibank, N.A. (collectively, "Citi") requesting to redact and/or seal portions of Defendants' Memorandum of Law In Support Of Defendants' Motion for Summary Judgment, Defendants' Local Rule 56.1 Statement of Undisputed Material Facts, and certain accompanying exhibits (the "December 9, 2022 Filing") (filed herewith) and setting forth the bases for the confidential treatment of redacted and/or sealed portions of Defendants' December 9, 2022 Filing.

Defendants have redacted and/or sealed portions of the December 9, 2022 Filing that quote or summarize portions of discovery materials that have been designated Confidential, Highly Confidential, or Attorneys' Eyes Only under the operative protective order in this action (ECF No. 51) (the "Protective Order").  Specifically, the redacted and sealed portions of the December 9, 2022 Filing concern:  (i) the Grand Jury materials produced by the Department of Justice ("DOJ") pursuant to Judge Aaron's October 8, 2021 Order under Federal Rule of Criminal Procedure 6(e) (ECF No. 44) and which the DOJ designated Attorneys' Eyes Only (Defs. Ex. 23); (ii) portions of the deposition testimony of the DOJ (Defs. Ex. 3) and the notes produced by the DOJ in this matter (Defs. Exs. 12-16 and 18), both of which the DOJ designated Highly Confidential; (iii) a stipulation between Plaintiff and the Office of the Comptroller of Currency ("OCC") that is subject to a protective order entered in Plaintiff's OCC proceedings (Defs. Ex. 17); (iv) the deposition testimony of Plaintiff, which Plaintiff designated Confidential (Defs. Ex. 6); (v) documents produced by Plaintiff's criminal trial counsel, Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale"), which WilmerHale designated as Confidential (Defs. Exs. 8, 20-22 and 28-30); and (vi) portions of the deposition testimony of former Citi employees, James Forese and Jeffrey Feig, which Citi designated as Highly Confidential (Defs. Exs. 10 and 31).

Defendants submit confidential treatment of these materials is consistent with the standards governing sealed filings and redactions in the Second Circuit.  Notably, the Grand Jury materials are subject to Judge Aaron's October 8, 2021 Order pursuant to Rule 6(e) (ECF No. 44).  The Grand Jury materials and the DOJ's deposition testimony regarding the details of the Grand Jury's indictment of Plaintiff are subject to secrecy (*see, e.g.*, *United States v. Haller*, 837 F.2d 84, 88 (2d Cir. 1988) (permitting sealing of portion of plea agreement in "preservation of grand jury secrecy")).



The governing Protective Order further stipulates that no one (other than the producing party) "shall disclose" documents designated Confidential or "shall disclose, summarize, describe, characterize, or otherwise communicate or make available" documents designated Highly Confidential or Attorneys' Eyes Only, as the documents at issue here have been designated. ECF 51 ¶¶ 10, 12, 14. Under the governing Protective Order, the remaining portions of the DOJ's deposition testimony referenced in the December 9, 2022 Filing were designated Highly Confidential by the DOJ. The deposition testimony of Plaintiff and the documents produced by his trial counsel, WilmerHale, were both designated Confidential by Plaintiff and WilmerHale, respectively. Citi designated as Highly Confidential portions of the deposition testimony of its former employees, James Forese and Jeffrey Feig, which discussed Citi's privileged internal investigation into potential foreign exchange misconduct and/or documents designated Highly Confidential. The OCC Stipulation is subject to a separate protective order entered in Plaintiff's OCC action. Courts can consider the parties' protective order as one factor when assessing the sealing of documents. *See In re Term Commodities Cotton Futures Litig.*, No. 12-CV-5126 (ALC), 2020 WL 5849142, at *1 (S.D.N.Y. Sept. 30, 2020) (considering that "[t]he documents the Parties' wish to seal reference documents and deposition transcripts that have been designated as 'Confidential' or 'Highly Confidential' by the producing party pursuant to the Protec[t]ive Order entered in this case").

Accordingly, Defendants respectfully submit that the redacted and sealed confidential portions of the December 9, 2022 should remain sealed. The parties have conferred and Plaintiff does not anticipate objecting to the proposed redaction and sealing of portions of the December 9, 2022 Filing, but reserves his rights to do so.

Respectfully submitted,

/s/ Marshall H. Fishman

Marshall H. Fishman

cc: David R. Lurie, Esq. (via ECF)
Gary H. Greenberg, Esq. (via ECF)



Request GRANTED. Defendants' request to redact and seal confidential portions of its December 9, 2022 Filing is granted.

SO ORDERED.

12/13/2022
DATE

Victor Marrero, U.S.D.J.